UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN DEARDEUFF, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DAKOTA PLAINS HOLDINGS, INC., CRAIG M. MCKENZIE, TIMOTHY R. BRADY, GABRIEL G. CLAYPOOL, RYAN GILBERTSON, and MICHAEL L. REGER,<br><br>    Defendants. | **No. 16-cv-09727-WHP** |

**MEMORANDUM IN SUPPORT OF MOTION OF JOHN D. GRUBER FOR:
(1) APPOINTMENT AS LEAD PLAINTIFF; AND
(2) APPROVAL OF SELECTION OF LEAD COUNSEL FOR THE CLASS**

**TABLE OF CONTENTS**

**Page(s)**

I. PRELIMINARY STATEMENT ....................................................................................... 1
II. FACTUAL AND PROCEDURAL BACKGROUND......................................................... 2
III. ARGUMENT ...................................................................................................................... 5
    A. Gruber Should Be Appointed Lead Plaintiff ............................................................ 5
        1. Gruber Has Satisfied the PSLRA's Procedural Requirements ................... 5
        2. Gruber Believes He Has The Largest Financial Interest ............................ 6
        3. Gruber Otherwise Satisfies the Requirements of Rule 23 .......................... 7
    B. The Court Should Approve Gruber's Choice of Lead Counsel............................. 10
IV. CONCLUSION.................................................................................................................. 11

# **TABLE OF AUTHORITIES**

Cases

*Bo Young Cha v. Kinross Gold Corp.*,
 No. 12 CIV. 1203 PAE, 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............................. 8

*Chao Lu v. Jumei Int'l Holding Ltd.*,
 No. 14CV9826, 2015 WL 4104570 (S.D.N.Y. June 22, 2015) ......................................... 5

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
 269 F.R.D. 291 (S.D.N.Y. 2010) ........................................................................................ 5

*Glauser v. EVCI Ctr. Colleges Holding Corp.*,
 236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................................................ 8

*In re eSpeed, Inc. Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................. 5, 6, 8

*In re Initial Pub. Offering Sec. Litig.*,
 214 F.R.D. 117 (S.D.N.Y. 2002) .................................................................................. 8, 9

*In re KIT Digital, Inc. Sec. Litig.*,
 293 F.R.D. 441 (S.D.N.Y. 2013) ........................................................................................ 9

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y.) ............................................................................................ 8

*In re Rent-Way Sec. Litig.*,
 305 F. Supp. 2d 491 (W.D. Pa. 2003) ............................................................................. 10

*In re Tronox, Inc. Sec. Litig.*,
 262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................... 10

*In re WorldCom, Inc. Sec. Litig.*,
 219 F.R.D. 267 (S.D.N.Y. 2003) ........................................................................................ 9

*Karvaly v. eBay, Inc.*,
 245 F.R.D. 71 (E.D.N.Y. 2007) ......................................................................................... 8

*Phuong Ho v. NQ Mobile, Inc.*,
 No. 13 CIV. 8125 WHP, 2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) ......................... 5, 6

*Sgalambo v. McKenzie*,
 268 F.R.D. 170 (S.D.N.Y. 2010) ........................................................................................ 8

Statutes

15 U.S.C. § 77k, 77l(a)(2) ........................................................................................................ 2
15 U.S.C. § 77(o) ...................................................................................................................... 2
15 U.S.C. § 78j(b) .................................................................................................................... 1
15 U.S.C. 78t(a) ........................................................................................................................ 1
15 U.S.C. § 78u- 4(a)(3)(B)(iii) ................................................................................................ 6
15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................. 1, 5
15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................ 10

# TABLE OF AUTHORITIES

Rules

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................................. 2, 7, 8

Regulations

17 C.F.R. § 240.10b-5............................................................................................................... 1

Jon D. Gruber, individually on behalf of the Jon D. Gruber Rollover IRA and as trustee of the Jon D. & Linda W. Gruber Trust ("Gruber") or "Proposed Lead Plaintiff", respectfully submits this memorandum in support of his motion for: (1) the appointment of Jon D. Gruber as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(3)(B)) (the "PSLRA"); and (2) approval of his selection of the law firm Cera LLP as Lead Counsel for the Class.

## I.     PRELIMINARY STATEMENT

Presently pending before this Court is a class action lawsuit brought on behalf of all purchasers of defendant Dakota Plains Holding Inc.'s ("Dakota Plains" or the "Company") common stock between and including March 23, 2012 and August 15, 2016 (the "Class Period"). The first filed action, *Deardeuff v. Dakota Plains Holdings Inc. et al.* No. 16-cv-09727-WHP alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Throughout the Class Period, Defendants are alleged to have issued false and misleading statements of material fact and omitted to disclose material adverse information. Specifically: (1) Dakota Plains failed to disclose that certain individual defendants, Michael Reger and Ryan Gilbertson, had actual control of Dakota Plains' business and operations; (2) Dakota Plains and its management colluded with those individual defendants in a stock manipulation scheme to misappropriate Dakota Plains' assets for Defendants' personal gains at the expense of Dakota Plains investors; and (3) Dakota Plains lacked effective and adequate internal controls.

In addition to the Section 10(b) and 20(a) claims made in the first filed class action complaint, lead plaintiff movant Gruber also has potential claims under Sections 11, 12(a)(2),

and 15 (15 U.S.C. § 77k, 77l(a)(2) and 77(o) as amended by the PSLRA) of the Securities Act of 1933 against certain of the named Defendants as well as against other third-party signatories yet to be named as defendants in connection with the issuance and signing of false and misleading registration statements and prospectuses pursuant to which Jon D. Gruber purchased shares of Dakota Plains during the Class Period.

At this time, the Court is directed by the PSLRA to appoint a Lead Plaintiff and Lead Counsel. As shown herein, Gruber is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of investors harmed by the alleged fraud. Gruber believes he, individually as the owner of the Jon D. Gruber Rollover IRA, and as trustee of the Jon D. and Linda W. Gruber Trust, has the largest financial interest in this litigation. Gruber also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because his clams are typical of those of the other Class members and he will adequately represent the Class. Gruber is a sophisticated professional investor who invests on behalf of himself, various trusts, foundations and other institutions, he has a very large stake in the outcome of this litigation and is therefore the type of Lead Plaintiff desired by Congress when it enacted the PSLRA. Accordingly Gruber should be appointed Lead Plaintiff and his chosen counsel, Cera LLP, should be approved as lead counsel. Cera LLP will be assisted in prosecuting the litigation by the New York based firm of Abraham, Fruchter & Twersky, LLP.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant Dakota Plains is an energy company that was engaged in operating crude oil and oil sands storage, logistics and rail transportation in Mountrail County, North Dakota. The Company was created after a "reverse merger" on March 22, 2012 when its predecessor, Dakota Plains Inc. ("Predecessor Company") merged into an already publicly traded company, MCT

Holding Corporation. Dakota Plains stock initially traded OTC, but began trading on the NYSE on June 17, 2014. On July 11, 2016, the Company's common stock was removed from listing on the NYSE and went back to trading OTC.

On October 31, 2016, the Securities and Exchange Commission ("SEC") filed a civil enforcement action against Defendant Ryan Gilbertson and others, asserting that they siphoned millions of dollars from the Predecessor Company and Dakota Plains shareholders.[1] Gilbertson and Reger co-founded the Predecessor Company in 2008. They installed their own fathers to be the Company's executive officers, who as a practical matter had no real involvement with Dakota Plains, but behind the scenes, according to the SEC, Gilbertson and Reger wielded total control. They used that control to enrich themselves to the shareholders' detriment, including having the Company pay Gilbertson and Reger dividends, interest at a favorable rate, and hundreds of thousands of dollars in payments for "consulting." Further, Gilbertson had the Company issue millions of shares and warrants to himself and Reger – including $9 million in promissory notes with lucrative "bonus" payments tied to the Company's stock price in the first 20 days of public trading after the reverse merger.

Gilbertson caused the Company to borrow money from him and Reger and others on terms generous to them. Then Gilbertson caused the Company to use a significant portion of the loan proceeds to fund the issuance of dividends to the Company's shareholders, Reger and Gilbertson being the largest at the time, including $445,500 to himself and his ex-wife. Gilbertson then orchestrated sales and purchases of Dakota Plains, artificially inflating the stock price and increasing the size of the bonus payments. Upon commencement of trading in March 2012, Gilbertson's manipulation caused the price of the Company's stock to skyrocket to

---

[1] *See* https://www.sec.gov/litigation/complaints/2016/comp-pr2016-231.pdf

between $11 and $12, where it stayed for almost exactly 20 days. Under the additional payments mechanism conceived by Gilbertson, that inflated stock price obligated Dakota Plains to pay Gilbertson and the other noteholders bonus payments exceeding $32 million.

After sustaining the stock price for the initial 20 days of public trading after the reverse merger, the stock price began a sustained and substantial decline. The shares ended 2012 trading at between three and four dollars per shares. By the end of 2013, the Company's stock was trading between two and three dollars, and by mid-2015, it was trading for less than a dollar and was delisted from the NYSE trading platform. The stock currently trades for around one cent per share.

When the SEC issued a press release on December 15, 2016 revealing it had been investigating the Company since November 2014, the price of the stock was already reflecting the fraudulent nature of the Company, trading at just 26 cents per share, and proceeded to lose another 4% that day.

The class action allegations in the first-filed complaint, *Deardeuff v. Dakota Plains Holdings Inc. et al.*, allege only violations of Sections 10 and 20(a) of the Exchange Act against the Company and certain of its controlling persons for making false and misleading statements to the public and omitting to disclose material information regarding the scheme alleged and Gilbertson's and Reger's true control over the Company. However, during the Class Period, the Company also filed a false and misleading registration statement and prospectus on September 27, 2013 (effective October 10, 2013), and a prospectus supplement filed December 11, 2013 pursuant to which lead plaintiff movant Gruber purchased 340,000 shares of the Company for $2.15 each on December 11, 2013, giving rise to additional claims under Sections 11, 12 and 15 of the Securities Act. Gruber is able to, and intends to pursue these Securities Act claims in

addition to the Exchange Act claims, confirming that he is the most adequate plaintiff to represent Class members.

## III. ARGUMENT

### A. Gruber Should Be Appointed Lead Plaintiff

Jon D. Gruber respectfully submits that he should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B); *see also Chao Lu v. Jumei Int'l Holding Ltd.*, No. 14CV9826, 2015 WL 4104570, at *1 (S.D.N.Y. June 22, 2015); *Phuong Ho v. NQ Mobile, Inc.*, No. 13 CIV. 8125 WHP, 2014 WL 1389636, at *1 (S.D.N.Y. Apr. 9, 2014); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005). Applying these standards, Gruber should be appointed Lead Plaintiff.

#### 1. Gruber Has Satisfied the PSLRA's Procedural Requirements

Gruber filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice regarding the pendency of this case was published on Business Wire, a widely-circulated, national news reporting wire service, on December 16, 2016. See Declaration of Solomon B. Cera ("Cera Decl."), Exhibit A, filed herewith. Thus, pursuant to the PSLRA, any member of the proposed class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, that is, February 14, 2017. Gruber files this motion within the required time frame. *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010).

### 2.     <u>Gruber Believes He Has The Largest Financial Interest</u>

Gruber should be appointed Lead Plaintiff because he believes he has the largest financial interest among those seeking appointment as Lead Plaintiff. 15 U.S.C. § 78u- 4(a)(3)(B)(iii). Courts generally consider four factors to determine which movant has the largest financial interest in the litigation: (1) the gross number of securities purchased during the Class Period; (2) the net number of securities purchased during the Class Period; (3) the net funds paid for the security during the Class Period; and (4) the approximate loss suffered. *See, e.g., Phuong Ho* 2014 WL 1389636, at *1 (citing *Baydale v. Am. Express Co.*, 09 Civ. 3016(WHP)); *In re eSpeed*, 232 F.R.D. at 100. Based on these factors, Gruber believes he has the largest financial interest in the outcome of this lawsuit.

As Gruber's Certificate of Plaintiff indicates, annexed as Exhibit B to the Cera Decl., he purchased 562,040 shares of the Company in his Rollover IRA account, and 584,982 shares as Trustee of the Jon D. & Linda W. Gruber Trust for a total of 1,147,022 gross shares purchased during the Class Period.  Gruber sold a small number of shares in each of his relevant accounts during the Class Period and made numerous additional purchases after those small sales. Gruber purchased and held 505,070 net shares of the Company in his Rollover IRA during and through the Class Period, and 522,122 net shares in the Jon D. & Linda W. Gruber Trust, for a total of 1,027,192 net shares of the Company purchased and held During the Class Period. Gruber's net expenditure on those net shares of Dakota Plains in his Rollover IRA account was $1,346,839.32 and was $1,401,990.79 in the Jon D. & Linda W. Gruber Trust for a total net expenditure of

more than $2,748,830, of which $2,718,014[2] is Gruber's approximate loss based on a 3 cent 90-day average price of the stock he held after the end of the Class Period.

Gruber's financial interest in this litigation can be summarized as follows:

| FACTOR | SIZE |
|---|---|
| TOTAL PURCHASES | 1,147,022 |
| NET PURCHASES | 1,027,192 |
| NET EXPENDITURES | $2,748,830 |
| APPROXIMATE LOSS | $2,718,014 |

Based on these numbers, Gruber believes he has the largest financial interest of any movant seeking appointment as Lead Plaintiff and should therefore be appointed.

In addition, on December 11, 2013, Gruber purchased 160,000 shares of Dakota Plains in his Rollover IRA and 180,000 shares in the Jon D. & Linda W. Gruber Trust at $2.15 per share, pursuant to and traceable to the Company's Registration Statement filed on Form S-3 on September 27, 2013 (effective October 10, 2013) and the Company's amended Prospectus Supplement filed December 11, 2013. These purchases represent $731,000 of actionable losses under Sections 11, 12 and 15 of the Securities Act of 1933.

### 3. Gruber Otherwise Satisfies the Requirements of Rule 23

Gruber should be appointed Lead Plaintiff because he also satisfies the requirements of Fed. R. Civ. P. 23. A Lead Plaintiff movant "need only make a preliminary showing that it

---

[2] Gruber's stock purchases and sales were tracked by specific lot number, so net expenditures and associated losses can be determined directly without needing to use FIFO or LIFO accounting methods.

7

satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23." *Glauser v. EVCI Ctr. Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (*quoting In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y.); *see also Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (same). Gruber unquestionably satisfies both requirements in this case. In fact, Gruber is especially qualified to serve as Lead Plaintiff as he possesses claims typical of Plaintiffs who have both Section 11 and Section 10(b) claims.

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Bo Young Cha v. Kinross Gold Corp.*, No. 12 CIV. 1203 PAE, 2012 WL 2025850, at *6 (S.D.N.Y. May 31, 2012) (citing *Sgalambo*, 268 F.R.D. at 173–74); *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) ("Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be factually identical. *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 82 (E.D.N.Y. 2007).

Gruber purchased his Dakota Plains shares during the Class Period and his claims arise from the same course of misconduct as the claims of the other Class members *i.e.*, the artificial inflation and consequent market correction of Dakota Plains shares caused by defendants' false representations and omissions. *Glauser*, 236 F.R.D. at 188–89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby*"); In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical

8

where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

The adequacy requirement is satisfied where "the class members' interests are not antagonistic to one another," "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation." *In re Initial Public Offering*, 214 F.R.D. at 121; *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013). Gruber satisfies each of these elements of the adequacy requirement. Both Gruber and the Class seek to recover losses caused by Defendants' alleged violations of the federal securities laws. His interests are aligned with those of the other Class members, whether they have Section 10(b) claims, Section 11 claims or both, and are not antagonistic in any way. There are no facts suggesting that any actual or potential conflict of interest exists between Gruber and other Class members. Gruber is not subject to impediments or unique defenses and there is no evidence that he seeks anything other than the largest possible recovery for the class.

Gruber has also submitted a Certification affirming his understanding of the duties owed to Class members through his commitment to oversee the prosecution of this class action. See Cera Decl., Exhibit B. Through that Certification, Gruber has accepted the fiduciary obligations undertaken by a Lead Plaintiff. In addition, Gruber is an investment professional and hedge fund executive who invests on behalf of himself, trusts, foundations, estates and other individual and institutional entities – the very type of lead plaintiff envisioned by the PSLRA. *See, e.g., In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 284 (S.D.N.Y. 2003). Gruber has further demonstrated his adequacy through his selection of Cera LLP as Lead Counsel to represent the Class. Cera LLP is a highly qualified law firm with a nationwide practice and has repeatedly

demonstrated its ability to effectively litigate securities class action cases. *See, e.g., In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 345 (S.D.N.Y. 2009).

### B. The Court Should Approve Gruber's Choice of Lead Counsel

The Court should approve Gruber's choice of Cera LLP to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. For more than 30 years, Cera LLP, formerly known as Gold Bennett Cera & Sidener LLP, has played a leading role in significant securities cases, and has recovered more than $2 billion for its clients in such complex class action litigation. A copy of the firm's resume is annexed to the Cera Decl. as Exhibit C. Cera LLP has the requisite experience and resources to obtain an excellent result for the Class. See Cera Decl., Exhibit C. E.g., *In re Tronox,* 262 F.R.D. at 345 (approving Cera LLP as lead counsel in a PSLRA class action). As the court in *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 515 (W.D. Pa. 2003), a securities fraud class action prosecuted by Cera LLP, stated:

> Having thus initially expressed our confidence in [Cera LLP's] abilities, the Court has not since been disappointed. On the contrary, [Cera LLP] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

Accordingly, the Court should approve Gruber's selection of Cera LLP as Lead Counsel for the Class.[3]

---

[3] Cera LLP will be assisted by Abraham, Fruchter & Twersky, LLP("AF&T") which will act as local counsel. *See* Cera Decl., Exhibit D. Cera LLP and AF&T have previously worked together as co-lead counsel in *In re Pergrine Systems, Inc. Sec. Litig.*, 02-cv-00870 (S.D. Cal.), in which they recovered $117.5 million on behalf of the plaintiff class. In addition, AF&T has served as lead or co-lead counsel in numerous securities fraud class actions including *In re Warner Chilcott Ltd. Sec. Litig.*, 06-CV-11515 (WHP) (S.D.N.Y.).

## IV. CONCLUSION

For the foregoing reasons, Jon D. Gruber respectfully requests that the Court: (1) appoint Jon D. Gruber as Lead Plaintiff pursuant to the PSLRA; and (2) approve Gruber's selection of the law firm of Cera LLP as Lead Counsel for the Class.

Dated: February 14, 2017                     Respectfully submitted,

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

By: /s/ Jeffrey S. Abraham
Jeffrey S. Abraham
One Penn Plaza. Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655
Email: JAbraham@aftlaw.com

Local Counsel for Movant

**CERA LLP**
Solomon B. Cera (scera@cerallp.com)
(*Pro Hac Vice* forthcoming)
Thomas C. Bright (tbright@cerallp.com)
(*Pro Hac Vice* forthcoming)
Louis A. Kessler (lakessler@cerallp.com)
(*Pro Hac Vice* forthcoming)
595 Market Street, Suite 2300
San Francisco, California 94105
Tel: ( 415) 777-2230
Fax: (415) 777-5189

Proposed Lead Counsel for the Class