# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JON D. GRUBER, Individually And On Behalf Of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> v.<br><br>RYAN R. GILBERTSON, MICHAEL L. REGER, GABRIEL G. CLAYPOOL, CRAIG M. MCKENZIE, TIMOTHY R. BRADY, TERRY H. RUST, PAUL M. COWNIE, DAVID J. FELLON, GARY L. ALVORD, and JAMES L. THORNTON,<br><br>     Defendants. | Case No. 16-cv-09727-WHP<br><br>**ANSWER AND DEFENSES OF GABRIEL G. CLAYPOOL TO PLAINTIFF'S THIRD AMENDED CLASS ACTION COMPLAINT** |

Defendant Gabriel G. Claypool ("Claypool"), by and through his attorneys, Morgan, Lewis & Bockius LLP, hereby respectfully submits his answer and defenses ("Answer") to the allegations in Plaintiff's Third Amended Class Action Complaint for Violation of the Federal Securities Laws and the Racketeer Influenced and Corrupt Organizations Act ("TAC"), dated March 8, 2019, Docket Entry No. ("Dkt No.") 175.

Each paragraph of this Answer responds to the same numbered paragraph of Plaintiff's TAC. Except as otherwise expressly stated herein, Claypool expressly denies each and every allegation contained in the TAC, including without limitation any allegations contained in the preamble, unnumbered paragraphs, headings, subheadings, and footnotes of the TAC.

## I.  INTRODUCTION

1.  Admits Plaintiff filed this class action alleging federal securities fraud on behalf of a purported class consisting of all persons and entities who purchased or otherwise acquired

Dakota Plains securities between March 23, 2012 and August 16, 2016.  Denies the allegations asserted therein and denies liability to Plaintiff.

2.      Admits that the Company wrote a confidential letter to the SEC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.  Denies the remaining allegations contained in paragraph 2 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

3.      Admits that in 2018 Gilbertson and Hoskins were convicted of wire fraud, securities fraud, and conspiracy to commit securities fraud in connection with Dakota Plains stock.  Denies the remaining allegations contained in paragraph 3 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

4.      The criminal indictment and SEC Action speak for themselves. Denies the remaining allegations contained in paragraph 4 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

5.      Admits that Dakota Plains Holdings, Inc. ("Dakota Plains") declared Chapter 11 bankruptcy and is not a defendant in this case. Denies the remaining allegations contained in paragraph 5 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

6.      Admits that Gilbertson and Reger co-founded Dakota Plains' predecessor, Dakota Plains Transport Inc. in 2008, which ultimately became Dakota Plains Holdings, Inc.  Further admits that the Company wrote a confidential letter to the SEC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents Denies the remaining allegations contained in paragraph 6 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

7.      Admits that for a time Claypool served as Chief Executive Officer of Dakota Plains, and Timothy Brady served as Chief Financial Officer of Dakota Plains.  Denies the remaining allegations contained in paragraph 7 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

8.      Admits that in January 2011 the Company issued Senior Notes and in April 2011 issued Junior Notes.  Denies the remaining allegations contained in paragraph 8 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

9.      Denies the allegations contained in paragraph 9 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

10.      Admits that Dakota Plains' stock began publicly trading on March 23, 2012, following a "reverse merger."  Lacks knowledge or information sufficient to form a belief as to

3

the truth of the remaining allegations of paragraph 10 and, therefore, denies them , except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

11.     Denies the allegations contained in paragraph 11 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

12.     Denies the allegations contained in paragraph 12 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

13.     Denies the allegations contained in paragraph 13 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

14.     Admits the Company did not have available cash to immediately pay the additional payment.  Denies the remaining allegations contained in paragraph 14 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

15.     Admits the Company attempted to raise capital, unsuccessfully, that it received a threat of litigation from a shareholder, and that the Company renegotiated the additional payment.  Denies the remaining allegations contained in paragraph 15 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

16.     States that the Amended Election, Exchange and Loan Agreement speaks for itself, and denies any allegations inconsistent with that document. Denies the remaining allegations contained in paragraph 16 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

17.     States the Amended Election, Exchange and Loan Agreement and the indemnification agreement with Dakota Plains speak for themselves, and denies any allegations inconsistent with those documents. Denies the remaining allegations contained in paragraph 17 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

18.     Admits Dakota Plains hired professionals to analyze trading activity in 2013. Further admits John Whitaker ran Agency Trading and is Claypool's friend. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the TAC , except to the extent that they are directed to parties other than Claypool, as to which no response is required.

19.     Admits that Claypool no longer served as Chief Executive Officer of Dakota Plains in February 2013 and that Dakota Plains retained outside counsel to analyze the trading activity that occurred immediately after the reverse merger, and those results were not disclosed to the investing public. Denies the remaining allegations contained in paragraph 19 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

20.     Denies the allegations contained in paragraph 20 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

21.     States that the Adjustment, Extension and Loan Agreement speaks for itself, and denies any allegations inconsistent with that document. Denies the remaining allegations contained in paragraph 21 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

22.     Denies the allegations contained in paragraph 22 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

23.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 and, therefore, denies them , except to the extent that they are directed to parties other than Claypool, as to which no response is required.

24.     Admits that the stock was delisted from the NYSE MKT in July 2016, and that Dakota Plains declared Chapter 11 bankruptcy on or about December 16, 2016.  Denies the remaining allegations contained in paragraph 24 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

25.     Denies the allegations contained in paragraph 25 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

26.     Admits that Dakota Plains' counsel sent a letter to the SEC on or about February 20, 2015, but denies the remaining allegations contained in paragraph 26 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

27.     Lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, denies them, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

28.     Admits that the SEC filed an action in the United States District Court for the District of Minnesota to enforce compliance with subpoenas for document production and testimony.  Denies the remaining allegations contained in paragraph 28 of the TAC, except to the

extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

29.     Admits that the SEC filed the referenced action, the allegations of which speak for themselves.  Lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 and, therefore, denies them, and except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

30.     Admits that an initial indictment and superseding indictment were filed, and denies any allegations inconsistent with those documents. Denies the remaining allegations contained in paragraph 30 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

31.     Admits that in 2018 Gilbertson was convicted of wire fraud, securities fraud, and conspiracy to commit securities fraud in connection with Dakota Plains stock.  Denies the remaining allegations contained in paragraph 31 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents.

32.     Denies the allegations contained in paragraph 32 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

33.     Denies the allegations contained in paragraph 33 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

## II.     JURISDICTION AND VENUE

34.     Denies the allegations contained in paragraph 34 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

35.     Denies the allegations contained in paragraph 35 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

36.     Denies the allegations contained in paragraph 36 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

37.     Denies the allegations contained in paragraph 37 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## III.     PARTIES

**A.     Lead Plaintiff**

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**B.     Unnamed Defendant Dakota Plains Holdings, Inc.**

39.     Denies the allegations contained in paragraph 39 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

40.     Admits John Whitaker is Claypool's friend and further admits that there were suspicions surrounding the marketing arrangement, but subsequent analysis proved inconclusive. Denies the remaining allegations contained in paragraph 40 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

41.     Denies the allegations contained in paragraph 41 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

42.     Denies the allegations contained in paragraph 42 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

**C.      Ryan R. Gilbertson**

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the TAC.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the TAC.

**D.     Weldon Gilbertson**

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**E.     Kellie Tasto**

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**F.     Jessica Gilbertson**

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the TAC.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**G.     Total Depth Foundation**

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the TAC.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the TAC.

**H.     Michael L. Reger**

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the TAC, except to the extent that they purport to state a

legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the TAC.

**I.     James Randall Reger**

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the TAC.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**J.     Joseph C. Reger**

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the TAC.

81.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the TAC.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the TAC.

**K.     Gabriel G. Claypool**

88.     Admits that for a time Claypool served as Chief Executive Officer and a Director of Dakota Plains. Denies the remaining allegations contained in paragraph 88 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

89.     Admits that Claypool testified to the SEC and at trial and denies any allegations inconsistent with that testimony. Further admits that John Whitaker is Claypool's friend. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 89 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

90.     Denies the allegations contained in paragraph 90 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents,

91.     Denies the allegations contained in paragraph 91 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

92.     Admits that Claypool served as Chief Executive Officer, Chief Operating Officer, and/or a Director of Dakota Plains at various points in time. Denies the remaining allegations contained in paragraph 92 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

## L.     Craig M. McKenzie

93.     Admits that Craig McKenzie served as Chief Executive Officer and Chairman of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**M.     Timothy R. Brady**

96.     Admits that Timothy Brady served as CFO and Treasurer of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**N.     Paul M. Cownie**

97.     Admits that Paul Cownie served as a Director of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 97 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents..

**O.     Terry H. Rust**

100.    Admits that Terry Rust served as a Director of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 100 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

102.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**P.     David J. Fellon**

103.    Admits that David Fellon served as a Director of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 103 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents..

**Q.     Gary L. Alvord**

105.     Admits that Gary Alvord served as a Director of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 105 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**R.     James L. Thornton**

106.     Admits that James Thornton served as General Counsel of Dakota Plains. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 106 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

107.     Denies the allegations contained in paragraph 107 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

108.     Denies the allegations contained in paragraph 108 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

109.     Denies the allegations contained in paragraph 109 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

110.     Denies the allegations contained in paragraph 110 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

111.     Denies the allegations contained in paragraph 111 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

112.     Denies the allegations contained in paragraph 112 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

## IV.     FACTUAL BACKGROUND AND TIMELINE OF EVENTS

**A.     Gilbertson and Reger Establish the Company but Hide Their Ownership and Control**

113.     Denies the allegations contained in paragraph 113 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

114.     Denies the allegations contained in paragraph 114 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents.

115.     Denies the allegations contained in paragraph 115 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

116.     Denies the allegations contained in paragraph 116 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

117.     Denies the allegations contained in paragraph 117 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

118.     Denies the allegations contained in paragraph 118 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents,

119.     Admits that Claypool testified before the SEC and at trial and denies any allegations inconsistent with that testimony. Denies the remaining allegations contained in paragraph 119 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents

120.     Denies the allegations contained in paragraph 120 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

121.     Denies the allegations contained in paragraph 121 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

122.    Admits that Claypool testified before the SEC and at trial and denies any allegations inconsistent with that testimony. Denies the remaining allegations contained in paragraph 122 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents

123.    Denies the allegations contained in paragraph 123 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**B.    Gilbertson and Reger Cause the Company to Issue Notes with an "Additional Payment" Provision, and Purchase 70% of the Notes Themselves**

124.    Denies the allegations contained in paragraph 124 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

125.    Denies the allegations contained in paragraph 125 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

126.    Denies the allegations contained in paragraph 126 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

127.    Denies the allegations contained in paragraph 127 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

128.    Admits that for a time Claypool served as Chief Executive Officer of Dakota Plains. Denies the remaining allegations contained in paragraph 128 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

129.    Denies the allegations contained in paragraph 129 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

130.    Denies the allegations contained in paragraph 130 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

131.    Denies the allegations contained in paragraph 131 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

132.    Denies the allegations contained in paragraph 132 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents.

133.    Denies the allegations contained in paragraph 133 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

134.    Denies the allegations contained in paragraph 134 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required,

and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

135.    Denies the allegations contained in paragraph 135 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**C.    Gilbertson Takes the Company Public via a Reverse Merger**

136.    Denies the allegations contained in paragraph 136 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

137.    Denies the allegations contained in paragraph 137 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

138.    Denies the allegations contained in paragraph 138 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

139.    Denies the allegations contained in paragraph 139 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**D.    Gilbertson Directs the Manipulation of Dakota Plains Stock Price in the First 20 Days**

140. Admits that Dakota Plains went public via reverse merger on March 22, 2012 and its stock started publicly trading the following day, Friday, March 23, 2012. Further admits that Claypool, along with many others, contributed to the drafting of the Super 8-K. Denies the remaining allegations contained in paragraph 140 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

141. Denies the allegations contained in paragraph 141 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

142. Denies the allegations contained in paragraph 142 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

143. Denies the allegations contained in paragraph 143 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents.

144. Denies the allegations contained in paragraph 144 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

145. Denies the allegations contained in paragraph 145 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required,

and respectfully refers the Court to the document(s) and/or testimony referenced therein for a complete and accurate statement of its/their contents.

146.    Denies the allegations contained in paragraph 146 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

147.    Denies the allegations contained in paragraph 147 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

148.    Denies the allegations contained in paragraph 148 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

**E.    The Windfall "Additional Payment"**

149.    Denies the allegations contained in paragraph 149 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

150.    Denies the allegations contained in paragraph 150 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

151.    Denies the allegations contained in paragraph 151 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**F.    The Company Twice Renegotiates the "Additional Payment" with Gilbertson and Reger**

152.     Admits that Colin Smith, through his attorney, sent Dakota Plains a letter threatening litigation over the APP. Denies the remaining allegations contained in paragraph 152 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

153.     Admits that Claypool attended a meeting to discuss the threatened litigation and that an outcome of that meeting was Gilbertson proposing an amendment to the payment provision. Denies the remaining allegations contained in paragraph 153 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

154.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

155.     Denies the allegations contained in paragraph 155 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

156.     Denies the allegations contained in paragraph 156 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

157.    Admits that for a time Claypool served as a Director and Chief Operating Officer of Dakota Plains. Denies the remaining allegations contained in paragraph 157 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

158.    Denies the allegations contained in paragraph 158 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

159.    Denies the allegations contained in paragraph 159 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

160.    Denies the allegations contained in paragraph 160 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

161.    Admits that Dakota Plains, through its Special Committee, hired the law firm McKenna Long & Aldridge to conduct an analysis of the trading of Dakota Plains' stock. Denies the remaining allegations contained in paragraph 161 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to

the extent that they are directed to parties other than Claypool, as to which no response is required.

162.    Denies the allegations contained in paragraph 162 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

163.    Denies the allegations contained in paragraph 163 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

164.    Denies the allegations contained in paragraph 164 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

165.    Admits that David Brown of McKenna Long & Aldridge attended the June 18-19, 2013 Board Meeting, that he gave a presentation on the subject of his retention, and that the Board discussed the promissory notes.  Denies the remaining allegations contained in paragraph 165 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

166.    Denies the allegations contained in paragraph 166 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required,

and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

167.     Admits that Claypool attended the June 18-19, 2013 Board Meeting.  Denies the remaining allegations contained in paragraph 167 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

168.     Denies the allegations contained in paragraph 168 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

169.     Denies the allegations contained in paragraph 169 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

170.     Denies the allegations contained in paragraph 170 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

171.     Denies the allegations contained in paragraph 171 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

172.    Denies the allegations contained in paragraph 172 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

173.    Denies the allegations contained in paragraph 173 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

174.    Denies the allegations contained in paragraph 174 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

175.    Denies the allegations contained in paragraph 175 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

176.    Denies the allegations contained in paragraph 176 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

177.    Admits that Dakota Plains received a subpoena from the SEC concerning a non-public investigation.  Denies the remaining allegations contained in paragraph 177 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

178.    Admits that Dakota Plains received a communication from legal counsel for two shareholders in our about January 2015.   Denies the remaining allegations contained in

paragraph 178 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

179.    Admits that Claypool resigned as a Director of Dakota Plains in February 2015. Denies the remaining allegations contained in paragraph 179 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

180.    Denies the allegations contained in paragraph 180 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

181.    Denies the allegations contained in paragraph 181 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

182.    Denies the allegations contained in paragraph 182 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

## V.      LOSS CAUSATION AND MATERIALIZATION OF RISK

183.    Denies the allegations contained in paragraph 183 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and

except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

184.    Denies the allegations contained in paragraph 184 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

185.    Denies the allegations contained in paragraph 185 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

186.    Denies the allegations contained in paragraph 186 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

187.    Denies the allegations contained in paragraph 187 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

188.    Denies the allegations contained in paragraph 188 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required.

189.    Denies the allegations contained in paragraph 189 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response

is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

190.    Denies the allegations contained in paragraph 190 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

191.    Denies the allegations contained in paragraph 191 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

192.    Denies the allegations contained in paragraph 192 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

193.    Denies the allegations contained in paragraph 193 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

194.     Denies the allegations contained in paragraph 194 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

195.     Admits Gilbertson was indicted and denies any allegations inconsistent with that indictment. Denies the remaining allegations contained in paragraph 195 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

196.     Admits Gilbertson was convicted and denies any allegations inconsistent with that conviction. Denies the remaining allegations contained in paragraph 196 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

197.     Denies the allegations contained in paragraph 197 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents

198.     Denies the allegations contained in paragraph 198 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required,

and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

199.    Denies the allegations contained in paragraph 199 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required.

## VI.    MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

200.    Denies the allegations contained in paragraph 200 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

### A.    March 23, 2012 Form 8-K Announcing the Reverse Merger

201.    Denies the allegations contained in paragraph 201 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

202.    Denies the allegations contained in paragraph 202 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

203.    Denies the allegations contained in paragraph 203 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response

is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**B.      May 15, 2012 Form 10-Q for the Quarter Ended March 31, 2012**

204.     Denies the allegations contained in paragraph 204 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

205.     Denies the allegations contained in paragraph 205 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

206.     Denies the allegations contained in paragraph 206 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**C.      May 25, 2012 Form 8-K**

207.     Denies the allegations contained in paragraph 207 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

208.     Denies the allegations contained in paragraph 208 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**D.     August 14, 2012 Form 10-Q for the Quarter Ended June 30, 2012**

209.     Denies the allegations contained in paragraph 209 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

210.     Denies the allegations contained in paragraph 210 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**E.     November 6, 2012 Form 8-K**

211.     Denies the allegations contained in paragraph 211 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

212.     Denies the allegations contained in paragraph 212 of the TAC, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

213.    Denies the allegations contained in paragraph 213 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**F.    November 14, 2012 Form 10-Q for the Quarter Ended September 30, 2012**

214.    Denies the allegations contained in paragraph 214 of the TAC, except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

215.    Denies the allegations contained in paragraph 215 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**G.    March 14, 2013 Form 10-K for the Year Ended December 31, 2012**

216.    Denies the allegations contained in paragraph 216 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

217.    Denies the allegations contained in paragraph 217 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response

is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**H.      April 30, 2013 Form 8-K**

218.    Denies the allegations contained in paragraph 218 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

219.    Denies the allegations contained in paragraph 219 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

220.    Denies the allegations contained in paragraph 220 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**I.      May 8, 2013, Form 10-Q for the Quarter Ended March 31, 2013**

221.    Denies the allegations contained in paragraph 221 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

222.    Denies the allegations contained in paragraph 222 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**J.    August 8, 2013 Form 10-Q for the Quarter Ended June 30, 2013**

223.    Denies the allegations contained in paragraph 223 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**K.    September 27, 2013 Form S-3 Shelf Registration Statement and Prospectus**

224.    Denies the allegations contained in paragraph 224 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**L.    November 12, 2013 Form 10-Q for the Quarter Ended September 30, 2013**

225.    Denies the allegations contained in paragraph 225 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**M.      December 10, 2013 Form 8-K**

226.     Denies the allegations contained in paragraph 226 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

227.     Denies the allegations contained in paragraph 227 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**N.      March 14, 2014 Form 10-K for the Year Ended December 31, 2013**

228.     Denies the allegations contained in paragraph 228 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

229.     Denies the allegations contained in paragraph 229 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**O.**     **May 9, 2014 Form 10-Q for the Quarter Ended March 31, 2014**

230.     Denies the allegations contained in paragraph 230 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**P.**     **August 11, 2014 Form 10-Q for the Quarter Ended June 20, 2014**

231.     Denies the allegations contained in paragraph 231 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**Q.**     **March 23, 2015 Form 10-K for the Year Ended December 31, 2014**

232.     Denies the allegations contained in paragraph 232 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**R.**     **May 8, 2015 Form 10-Q for the Quarter Ended March 31, 2015**

233.     Denies the allegations contained in paragraph 233 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**S.**     **August 7, 2015 Form 10-Q for the Quarter Ended June 30, 2015**

234.     Denies the allegations contained in paragraph 234 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**T.**     **November 6, 2015 Form 10-Q for the Quarter Ended September 30, 2015**

235.     Denies the allegations contained in paragraph 235 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**U.**     **March 11, 2016 Form 10-K for the Year Ended December 31, 2015**

236.     Denies the allegations contained in paragraph 236 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

**V.**     **May 6, 2016 Form 10-Q for the Quarter Ended March 31, 2016**

237.     Denies the allegations contained in paragraph 237 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

45

**W.**      **August 9, 2016 Form 10-Q for the Quarter Ended June 30, 2016**

238.    Denies the allegations contained in paragraph 238 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required, and except to the extent that they are directed to parties other than Claypool, as to which no response is required, and respectfully refers the Court to the document(s) referenced therein for a complete and accurate statement of its/their contents.

## VII.    CLASS ACTION ALLEGATIONS

239.    Admits only that Plaintiff attempts to bring these claims on behalf of a putative class. Denies the remaining allegations contained in paragraph 239 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

240.    Denies the allegations contained in paragraph 240 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

241.    Denies the allegations contained in paragraph 241 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

242.    Denies the allegations contained in paragraph 242 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

243.    Denies the allegations contained in paragraph 243 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

244.    Denies the allegations contained in paragraph 244 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

245.    Denies the allegations contained in paragraph 245 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

246.    Denies the allegations contained in paragraph 246 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

247.     Denies the allegations contained in paragraph 247 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## VIII.   COUNT I

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5
### Against Gilbertson, Reger, Claypool, Brady,
### Cownie, Fellon, Rust, Alvord, McKenzie and Thornton

248.     With respect to the allegations contained in paragraph 248 of the TAC, repeats, realleges and incorporates herein his response to the allegations contained in paragraphs 1 through 173 of the TAC as though fully set forth herein.

249.     Denies the allegations contained in paragraph 249 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

250.     Denies the allegations contained in paragraph 250 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

251.     Denies the allegations contained in paragraph 251 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

252.     Denies the allegations contained in paragraph 252 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

253.     Denies the allegations contained in paragraph 253 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

254.     Denies the allegations contained in paragraph 254 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

255.     Denies the allegations contained in paragraph 255 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

256.     Denies the allegations contained in paragraph 256 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

257.     Denies the allegations contained in paragraph 257 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## IX.     COUNT II

### Violations of Section 20(a) of the Exchange Act
### Against Gilbertson, Reger, Claypool, Brady
### Cownie, Fellon, Rust, Alvord, McKenize and Thornton

258.     With respect to the allegations contained in paragraph 258 of the TAC, repeats, realleges and incorporates herein his response to the allegations contained in paragraphs 1 through 183 of the TAC as though fully set forth herein.

259.     Denies the allegations contained in paragraph 259 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

260.     Denies the allegations contained in paragraph 260 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

261.     Denies the allegations contained in paragraph 261 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

262.     Denies the allegations contained in paragraph 262 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

263.     Denies the allegations contained in paragraph 263 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required

264.     Denies the allegations contained in paragraph 264 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

265.     Denies the allegations contained in paragraph 265 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## X.      COUNT III

### Violations of Section 20A of the Exchange Act, 15 U.S.C. § 78t-1 Against Gilbertson, Reger, the Gilbertson Nominees and the Reger Nominees

266.     With respect to the allegations contained in paragraph 266 of the TAC, repeats, realleges and incorporates herein his response to the allegations contained in paragraphs 1 through 265 of the TAC as though fully set forth herein.

267.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 267 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

268.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 268 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

269.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 269 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

270.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 270 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

271.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 271 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

272.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 272 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## XI.   COUNT IV

## Violations of RICO 18 U.S.C. § 1962(c)
## Against Gilbertson

273.    With respect to the allegations contained in paragraph 273 of the TAC, repeats, realleges and incorporates herein his response to the allegations contained in paragraphs 1 through 272 of the TAC as though fully set forth herein.

274.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 274 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

275.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 275 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

276.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 276 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

277.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 277 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

278.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 278 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

279.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 279 of the TAC, except to the extent that they purport to state a legal conclusion, as to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any matter for which the burden rests upon Plaintiff, or waiving defenses not raised below that it need not plead at this time, Claypool asserts the following defenses with respect to the TAC:

### FIRST DEFENSE

1.      The TAC should be dismissed, in whole or in part, because it fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury in fact or damages as a consequence of Claypool's alleged actions or inactions. To the extent that Plaintiff has suffered any injuries at all, such injuries were caused by market forces, Plaintiff's own investment decisions, and/or the actions or omissions of others.

### THIRD DEFENSE

3.      Plaintiff's asserted damages, if any, were proximately caused by independent, superseding, or intervening acts of parties or entities other than Claypool.

### FOURTH DEFENSE

4.      Plaintiff's claims are barred, in whole or in part, because Claypool relied upon the advice of certain in-house and outside counsel.

### FIFTH DEFENSE

5.      The facts concerning and claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged class members Plaintiff purports to represent.

**SIXTH DEFENSE**

6.     Plaintiff's claims are barred, in whole or in part, because Claypool acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law.

**SEVENTH DEFENSE**

7.     Plaintiff's claims are barred, in whole or in part, because Claypool did not act with the requisite intent.

**EIGHTH DEFENSE**

8.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**NINTH DEFENSE**

9.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of repose.

**TENTH DEFENSE**

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**ELEVENTH DEFENSE**

11.     Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**TWELFTH DEFENSE**

12.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

**THIRTEENTH DEFENSE**

13.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## FOURTEENTH DEFENSE

14.     Plaintiff's claims and the claims over certain class members are barred based on a lack of personal jurisdiction

## FIFTEENTH DEFENSE

15.     Claypool adopts by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

## SIXTEENTH DEFENSE

16.     Claypool currently has insufficient knowledge and information upon which to form a belief as to whether he may have additional, and as yet unstated, separate and additional defenses available. As such, Claypool hereby reserves the right to assert additional defenses in the event discovery reveals facts that render such defenses appropriate.

## JURY TRIAL DEMANDED

Claypool hereby demands a trial by jury.

WHEREFORE, Claypool prays for judgment as follows: That Plaintiff take nothing by way of its TAC as against Claypool and that judgment be entered entirely in favor of Claypool, and for such other and further relief as the Court deems just and proper.

Dated: April 15, 2019                    MORGAN, LEWIS & BOCKIUS LLP

                                         By:   /s/ Kenneth M. Kliebard
                                         Kenneth M. Kliebard (admitted *pro hac vice*)
                                         kenneth.kliebard@morganlewis.com
                                         Jane E. Dudzinski (admitted *pro hac vice*)
                                         jane.dudzinski@morganlewis.com
                                         77 West Wacker Drive, Suite 500
                                         Chicago, Illinois 60601
                                         Telephone: (312) 324-1000
                                         Fax: (312) 324-1001

– and –

Victoria Peng
Victoria.peng@morganlewis.com
101 Park Avenue
New York, New York 10178
Telephone: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Defendant Gabriel G. Claypool*

## <u>CERTIFICATE OF SERVICE</u>

I, Kenneth M. Kliebard, hereby affirm that on April 15, 2019, I caused the foregoing

**Answer and Defenses of Gabriel G. Claypool to Plaintiff's Third Amended Class Action**

**Complaint** to be served via this Court's Electronic Case Filing system.

/s/ *Kenneth M. Kliebard*
Kenneth M. Kliebard
