UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jon D. Gruber, individually and on behalf of
all others similarly situated,

        Plaintiff,

  v.

Ryan R. Gilbertson; Michael L. Reger;
Gabriel G. Claypool; Craig M. McKenzie;
Timothy R. Brady; Terry H. Rust; Paul M.
Cownie; David J. Fellon; Gary L. Alvord;
James L. Thornton; James Randall Reger;
Joseph Clark Reger, Individually and as
Custodian for W. J. R. and J. M. R. (UTMA);
Weldon W. Gilbertson, Individually and as
Custodian for H.G. (UTMA), and as Trustee
of the Ryan Gilbertson 2012 Family
Irrevocable Trust; The Total Depth
Foundation; Jessica C. Gilbertson (a/k/a
Jessica Medlin); Kellie Tasto, as Custodian
for H.G. (UTMA),

        Defendants.

Case No. 1:16-cv-09727-WHP

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS THE THIRD
AMENDED CLASS ACTION
COMPLAINT BY DEFENDANT
JESSICA C. GILBERTSON N/K/A
JESSICA GILLIN**

## INTRODUCTION

Jessica Gilbertson, now known as Jessica Gillin ("Jessica") divorced Ryan Gilbertson

("Gilbertson") in 2009, years before the stock manipulation scheme that is the basis for this class

action. (*See* Compl. ¶ 8.) Yet ten years later, Plaintiff Jon Gruber sued Jessica as a "Gilbertson

Nominee" in connection with trades she never made. Indeed, the Third Amended Complaint

("Complaint") alleges that Jessica held an account with Dakota Plains shares in name only and

that Gilbertson was solely responsible for the relevant sales. Jessica had no involvement with

Dakota Plains, did not know about the material, nonpublic information in dispute, and did not

1

make the trades in question. The Complaint does not allege otherwise. This is plainly deficient to state a claim under Section 20A. Jessica joins the arguments made by the Nominee Defendants and moves to dismiss because the Complaint does not allege either a Section 10(b) claim against her or a factual basis giving rise to a strong inference of scienter. Because Plaintiff failed to plead an essential element of the Section 20A claim, the claim must be dismissed with prejudice.

## BACKGROUND

Plaintiff alleges that Gilbertson hid his "controlling ownership" in Dakota Plains "by dividing it among a number of nominee accounts in the names of [his] family and charitable foundations" and along with Michael Reger "secretly . . . liquidat[ed] nearly $30 million worth of Dakota Plains stock between the two of them." (Compl. ¶¶ 2-3, 6, 11, 33). "Gilbertson and Reger hid their involvement in the Company for the purpose of effectuating a complex stock manipulation scheme that netted each of them millions[,]" (*id*. ¶ 6), but rendered the Company's share price "essentially worthless." (*Id*. ¶ 22.) Plaintiff further alleges that "Gilbertson and Reger hid their beneficial ownership and control of the Company from its inception by spreading their holdings across a number of nominee accounts they *exclusively controlled*," and that "Gilbertson and Reger sold millions of shares of Dakota Plains worth $30 million from nominee accounts" in various names, including Jessica's. (*E.g., id*. ¶¶ 11, 19, 23) (emphasis added).

Only a few paragraphs in the 154-page Complaint relate to Jessica. Plaintiff alleges that "Gilbertson purposefully structured his holdings so that no one account held more than 5% of Dakota Plains' stock." (*Id*. ¶ 44.) As part of this plan:

> He also beneficially owned over 1.5 million shares in his ex-wife, defendant Jessica Gilbertson's, name, subject to a "pledge agreement," wherein *she was not allowed to sell those shares without Gilbertson's consent* and whereby *she was required to give Gilbertson all the proceeds of any sale of Dakota Plains stock*. [P]roceeds of sales of Dakota Plains stock from Jessica Gilbertson's accounts throughout the Class Period were wired directly to bank accounts in Ryan Gilbertson's name.

(*Id.*) (Emphasis added.) The Complaint also alleges that stock in Jessica's name was pledged to Gilbertson at his office address. (*Id.* ¶ 63.) Plaintiff alleges that Jessica received a tranche of shares from Gilbertson on December 1, 2009, and another tranche from a Gilbertson LLC the same day. (*Id.*) As Plaintiff alleges, Jessica "testified to the SEC that she paid no money for these shares and was unaware of these shares received in her name. Ryan Gilbertson kept the physical stock certificate in her name and when her account was set up with Agency Trading[,] Gilbertson's approval was required to remove the restrictive legend on those shares to allow them to be sold to the public." (*Id.*) Plaintiff asserts that Gilbertson used Jessica "as an intermediary to obscure the source of stock in certain sales[,]" transferring shares to her in 2010 and 2011, only to transfer those shares to other third parties shortly thereafter. (*Id.* ¶ 64.) Jessica testified to the SEC that "she was unaware of these transactions and that Ryan handled 'most of that.'" (*Id.*)

The Complaint further alleges that Jessica received a dividend on the shares "in her name pursuant to the January 2011 dividend Gilbertson caused the Company to declare." (*Id.* ¶ 65.) Some of that money "was used to purchase the Company's Senior Notes by which she received warrants to purchase another 25,000 shares. *Gilbertson exercised those warrants on Jessica's behalf* on March 29, 2011." (*Id.*) (Emphasis added.) Plaintiff further states that "Jessica testified to the SEC that she had no idea what this was, what a warrant is, or why the Company's stock ledger reflects her exercising a warrant." (*Id.*) Finally, Plaintiff alleges that as part of the pledge agreement with Ryan Gilbertson, Jessica opened a trading account in which proceeds from stock sales "were wired directly to Gilbertson's bank account, including $750,000 in January 2013. Jessica also transferred 250,000 shares back to Ryan in December of 2014." (*Id.* ¶ 66.)

**ARGUMENT**

The PSLRA and Rule 9(b) "require that fraud be pled with particularity." *In re Bear Stearns Cos., Inc. Sec. Derivative, & ERISA Litig.*, 763 F. Supp. 2d 423, 485 (S.D.N.Y. 2011). An insider trading claim under Section 20A of the Exchange Act has two elements: (1) plead a predicate insider trading violation of the Exchange Act, and (2) allege sufficient facts showing that the defendant traded the security at issue contemporaneously with the plaintiff. *See In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 309 (S.D.N.Y. 2008). Plaintiff does not allege that Jessica had any knowledge of material, nonpublic information underlying Plaintiff's claims. Plaintiff does not allege that Jessica had any insider role or personal involvement with Dakota Plains. Plaintiff does not even allege that Jessica made the trades in question. Rather, Plaintiff expressly alleges that Gilbertson sold the shares. (*E.g.* ¶ 67) ("Gilbertson liquidated 1,244,500 shares . . . in Jessica []'s name" and lists "Gilbertson's sales from the account in [her] name"). Plaintiff's bald assertion that Jessica had material, nonpublic information through her ex-husband "by extension" is nonsensical and legally insufficient. (Compl. ¶ 269.) Plaintiff's failure to allege that Jessica committed insider trading is fatal to his Section 20A claim.[1]

Moreover, Plaintiff does not allege any facts giving a strong inference of scienter. Instead, it appears that Plaintiff sued Jessica simply because Gilbertson held shares in his ex-wife's name. Plaintiff has failed to state a claim for which relief can be granted.

**CONCLUSION**

Jessica did not engage in insider trading. Plaintiff has not and cannot allege that she did. It is clear that from the Complaint Jessica had no knowledge of her ex-husband's actions. Therefore, Jessica respectfully requests that her motion be granted.

---

[1] Plaintiff joins the arguments made by the Nominee Defendants in their memorandum dated April 5, 2019 and incorporates pages 6-12 of their argument herein.

Respectfully Submitted,

Dated: April 22, 2019              **PARKER DANIELS KIBORT LLC**


/s/ Lori A. Johnson
Lori A. Johnson (0311443)
Parker Daniels Kibort LLC
888 Colwell Building
123 North Third Street
Minneapolis, MN 55401
Telephone: (612) 355-4100
johnson@parkerdk.com

*Attorney for Defendant Jessica Gillin*
*(pro hac vice motion pending)*