UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
JON D. GRUBER, Individually And On :
Behalf Of All Others Similarly Situated, :
  :
         Plaintiff, : No. 16-cv-09727-~~WHP~~ JSR
  :
v. :
  :
RYAN R. GILBERTSON, et al., :
  :
         Defendants. :
  :
---------------------------------- x

## [PROPOSED] ORDER APPROVING
## NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, by Order dated September 17, 2019, the Court certified the above-captioned action (the "Action") to proceed as a class action on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Dakota Plains Holdings, Inc.'s ("Dakota Plains") common stock during the period March 23, 2012 through August 16, 2016, inclusive (the "Class Period") (the "Class") and subclass consisting of all persons and entities who, during the Class Period, purchased Dakota Plains stock contemporaneously with sales of Dakota Plains stock by defendants Ryan R. Gilbertson and/or Michael L. Reger and/or any of their controlled custodians or nominees (the "Subclass"[1]);

WHEREAS, Defendants sought to immediately appeal the class certification order, and on February 12, 2020, the Second Circuit Court of Appeals denied Defendants' petition to appeal;

WHEREAS by its Order dated June 17, 2021, the Court denied defendants' motion for decertification;

---

[1] All members of the Subclass are also members of the Class.

WHEREAS, Plaintiff Jon D. Gruber ( the "Class Representative") has requested that the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, enter an Order approving the proposed form and content of notices to be disseminated to the Class, and approving the proposed method for dissemination of these notices;

WHEREAS, Defendants do not oppose entry of such an Order; and

WHEREAS, the Court has reviewed the proposed notices submitted by the Class Representative, and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Court modifies the definition of the certified Class to exclude from the Class and Subclass (i) any Defendant in this Action; (ii) the officers and directors of Dakota Plains at all relevant times; (iii) members of the immediate families of the Defendants in this Action; (iv) any entity in which Defendants have or had a controlling interest; and (v) the legal representatives, heirs, successors, or assigns of any such excluded party.

2. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary Notice" and together with the Notice, the "Notices") attached hereto as Ex. A and B, respectively.

3. The proposed form and content of the Notice meet the requirements of Rule 23(c)(2)(B), as the Notice clearly and concisely states in plain and easily understood language the nature of the Action, the definition of the Class certified, the Class's claims, and defenses asserted thereto, that a Class Member may enter an appearance through an attorney if the member so desires, Class Members' right to request exclusion from the Class, the time and manner for requesting exclusion, and the binding effect of a judgment on Class Members under Federal Rule

of Civil Procedure 23(c)(3). The Notices and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

4. The Court approves the retention of Angeion Group as the Administrator.

5. No later than ten (10) business days after entry of this Order, Plaintiff shall provide or cause to be provided to the Administrator, in electronic form (at no cost to Class Representative, Class Counsel, or the Administrator), Dakota Plains' shareholder records (consisting of the shareholder names and addresses) previously obtained in the bankruptcy proceeding and by subpoena to Dakota Plains' stock transfer agent, identifying all record holders of Dakota Plains' common stock at any time during the Class Period.

6. The Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit A, to be mailed, by first-class mail, postage prepaid, no later than thirty (30) days from entry of this Order (the "Notice Date"), to potential Class Members at the addresses set forth in the records provided by Plaintiff pursuant to paragraph 5 above, or who may otherwise be identified with reasonable effort. The Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities who purchased or otherwise acquired Dakota Plains' common stock during the Class Period. Such nominees shall either (i) within seven (7) calendar days of receipt of the Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator and the Administrator shall send the Notice promptly

to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners shall send a statement to the Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7. Contemporaneously with the mailing of the Notice, the Administrator shall cause a copy of the Notice to be posted on the website designated for the Action, www.dakotaplainssecuritieslitigation.com, from which Class Members may download copies of the Notice.

8. The Administrator shall cause a copy of the Summary Notice, substantially in the form attached hereto as Exhibit B, to be published in *The Wall Street Journal* and *Minneapolis Star Tribune*, no later than thirty (30) days after the Notice Date.

9. Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request exclusion from the Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make such a request shall mail the request in written form by first-class mail, postmarked no later than forty-five (45) days after the Notice Date (the "Exclusion Date"), to the address designated in the Notice. Such request for exclusion shall clearly state that the Class Member "request[s] exclusion from the Class in *Gruber v. Gilbertson, et al.*, Civil Action No. 1:16-cv-09727-~~WHP~~ JSR" and must: (i) state the name, address and telephone number of the person or entity requesting exclusion, and, in the case of entities, the name and telephone number of the appropriate contact person; (ii) state the number of shares of Dakota Plains' common stock that the person or entity requesting exclusion

4

purchased/acquired and/or sold during the Class Period (*i.e.*, between March 23, 2012 and August 16, 2016, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

10. Any Class Member who retains separate counsel in connection with this matter must enter an appearance pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, as set out in the Notice, no later than the Exclusion Date.

11. No later than fifteen (15) business days after the Exclusion Date, Class Counsel shall file an affidavit or declaration with the Court providing proof of mailing of the Notice and publication of the Summary Notice and setting forth a list of all persons and entities who have requested exclusion from the Class.

12. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

**SO ORDERED.**

_8/6_, 2021
New York, New York

_Jed S. Rakoff_
~~WILLIAM H. PAULEY III~~
U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x
JON D. GRUBER, Individually And On : Civil Action No. 1:16-cv-09727-~~WHP~~
Behalf Of All Others Similarly Situated, : JSR
:
Plaintiff, : Honorable ~~William H. Pauley III~~
: Jed S. Rakoff
v. :
:
RYAN R. GILBERTSON, et al., :
:
Defendants. :
:
---------------------------------- x

### NOTICE OF PENDENCY OF CLASS ACTION

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED DAKOTA PLAINS HOLDINGS, INC. COMMON STOCK DURING THE PERIOD MARCH 23, 2012 THROUGH AUGUST 16, 2016, INCLUSIVE (THE "CLASS")

*A federal court has authorized this notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
YOU MAY BE A MEMBER OF THE CLASS DESCRIBED HEREIN. AS SUCH, YOUR
RIGHTS MAY BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT.
THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION.**

**PLEASE DO NOT CALL OR WRITE THE COURT.
IF YOU HAVE ANY QUESTIONS AFTER READING THIS NOTICE, YOU
SHOULD CONTACT CLASS COUNSEL OR THE ADMINISTRATOR,
AS DISCUSSED FURTHER BELOW.**

This Notice is being sent pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court") to inform you of a class action lawsuit that is now pending in the Court under the above caption ("Action") against former officers, directors, and alleged controlling persons of Dakota Plains Holdings, Inc. ("Dakota Plains" or the "Company"). Dakota Plains is not a defendant in the Action because it filed for Chapter 11 bankruptcy protection on December 16, 2016 and from that date there has been an automatic stay of litigation against the Company. The assets of Dakota Plains have been sold and the Company no longer exists as an operating entity. The Defendants in the Action are: Ryan R. Gilbertson, Michael L. Reger, former CEOs Gabriel G. Claypool and Craig M. McKenzie, former CFO Timothy R. Brady, and former directors Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, and James L. Thornton (collectively, "Defendants"). The Action has been certified by the Court to proceed as a class action on behalf of the Class, as defined in ¶ 1 below. **This Notice is not a settlement notice and you are not being asked to submit a claim.**

   1.   By Memorandum Opinion and Order dated September 17, 2019, the Court certified the

1

following Class and Subclass with plaintiff John D. Gruber as the Class Representative:[1]

### Class

All persons and entities who purchased or otherwise acquired Dakota Plains Holdings, Inc.'s common stock during the period March 23, 2012 through August 16, 2016, inclusive (the "Class Period") (the "Class").

### Subclass

All persons and entities who, during the Class Period, purchased Dakota Plains stock contemporaneously with sales of Dakota Plains stock by defendants Ryan R. Gilbertson and/or Michael L. Reger and/or any of their controlled custodians or nominees (the "Subclass").

Excluded from the Class and Subclass by definition are: (i) any Defendant in this Action; (ii) the officers and directors of the Company at all relevant times; (iii) members of the immediate families of the Defendants in this Action; (iv) any entity in which Defendants have or had a controlling interest; (v) the legal representatives, heirs, successors, or assigns of any such excluded party.

2. This Notice is directed to you because you may be a member of the Class. If you are a member of the Class, your rights will be affected by this Action. If you do not fall within the Class definition, this Notice does not apply to you. If you are uncertain whether you are a member of the Class or Subclass, contact Class Counsel listed in ¶ 19 below, or your own attorney.

3. This Notice is not an admission by Defendants or an expression of any opinion by the Court as to the merits of the Action, or a finding by the Court that the claims asserted by the Class Representative in this Action are valid. This Notice is intended solely to inform you of the pendency of this Action and of your rights in connection with it, including the right to request exclusion from the Class. There is no judgment, settlement, or monetary recovery at this time. Defendants have denied Class Representative's claims. Defendants contend that they did not do anything wrong, and that they are not liable for any harm alleged by Class Representative on behalf of the Class.

4. The Class and Subclass definitions and certification decisions may be subject to change by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### DESCRIPTION AND STATUS OF THE LAWSUIT

5. This is a securities class action against Defendants for alleged violations of the federal securities laws during the Class Period. In summary, Class Representative alleges that Defendants omitted material information from various public statements regarding their roles at Dakota Plains and the status of the Company's business. More specifically, Class Representative alleges that Defendants Gilbertson and Reger omitted to disclose their reportable share ownership in Dakota Plains, and that the officer and director defendants knew or recklessly disregarded this alleged fact. Class Representative further alleges that defendants Gilbertson and Reger and nominees they controlled engaged in insider selling of their Dakota Plains shares based on material nonpublic information causing damage to Class and Subclass Members by driving down the price of Dakota Plains stock during the Class Period. Class Representative alleges that Dakota Plains' public statements during the Class

---

[1] All members of the Subclass are also members of the Class.

Period were materially false and misleading. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

6. In December 2016, the initial complaint was filed in this Court asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5.

7. By Order entered April 7, 2017, the Court appointed Jon D. Gruber, an investor in Dakota Plains, to serve as Lead Plaintiff in the Action, pursuant to the Private Securities Litigation Reform Act of 1995, and approved Lead Plaintiff's selection of Cera LLP as Lead Counsel.

8. On July 10, 2017, Lead Plaintiff filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"). Defendants moved to dismiss the SAC on August 15, 2017. Defendants' motions were fully briefed, and by Memorandum Opinion and Order dated March 20, 2018, the Court granted in part and denied in part Defendants' motions to dismiss. Thereafter, on March 8, 2019, Lead Plaintiff filed the Third Amended Class Action Complaint for Violations of the Federal Securities Laws ("TAC"), which Defendants moved to dismiss on April 5, 2019. By Memorandum Opinion and Order dated September 17, 2019, the Court dismissed certain newly added claims and Defendants reflected in the TAC. Lead Plaintiff filed a Fourth Amended Class Action Complaint for Violations of the Federal Securities Laws ("FAC") on November 11, 2019 to conform to the rulings of the Court. Defendants have since answered the FAC, denying all allegations therein and asserting certain defenses.

9. The parties have engaged in extensive fact and expert discovery, which is now concluded.

10. On January 29, 2019, Lead Plaintiff filed its motion for class certification, which Defendants opposed on May 13, 2019. Lead Plaintiff filed a reply in further support of his motion on June 24, 2019. By Memorandum Opinion and Order dated September 17, 2019, the Court granted Lead Plaintiff's motion, certifying the Class, appointing Lead Plaintiff Jon D. Gruber as Class Representative, and appointing Cera LLP as Class Counsel. The Defendants sought to immediately appeal the class certification order, and on February 12, 2020, the Second Circuit Court of Appeals denied Defendants' petition to appeal. The Court's Order certifying the Class does not guarantee Class members will receive money or benefits; that will be decided later in the lawsuit.

11. On June 17, 2021, the Court issued a Memorandum & Order denying Defendants' motions for summary judgment, denying Defendants' motion for decertification of the Class and Subclass, and granting in part and denying in part Defendants' motion to exclude certain expert evidence proffered by Lead Plaintiff.

12. No court has made a ruling on the merits of Class Representative's claims or Defendants' defenses. Please note that this Notice does not describe all claims and defenses asserted by the parties. The section entitled "Where You Can Find Additional Information" describes the process by which you can obtain additional information about the Action and the claims and defenses asserted.

## YOUR RIGHTS AS A CLASS MEMBER

13. A class action is a type of lawsuit in which one or several individuals or entities prosecute claims on behalf of all members of a group of similarly situated persons and entities to obtain monetary or other relief for the benefit of the entire group. Class actions avoid the necessity of each member of a class having to file his, her, or its own separate lawsuit to obtain relief. Class actions are used to decide legal and factual issues that are common to all members of a class.

14. If you purchased or otherwise acquired Dakota Plains common stock between March 23, 2012 and

August 16, 2016, inclusive, and you are not excluded by definition from the Class, you are a member of the Class. If you are a member of the Class, you have the right to decide whether to remain a member of the Class. If you are a member of the Class and wish to be excluded from the Class, you must request exclusion in accordance with the procedures set forth in ¶ 16 below. *If you want to remain a member of the Class, you do not need to do anything at this time and should retain any documentation reflecting your transactions in Dakota Plains common stock during the Class Period as discussed below in ¶ 15.* Your decision is important for the following reasons:

    a.    **If you choose to remain a member of the Class**, you will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable. If any money is awarded to the Class, either through a settlement with Defendants or a judgment of the Court after a trial, you may be eligible to receive a share of that award. However, if you remain a member of the Class, you may not pursue a lawsuit on your own behalf with regard to any of the issues in this Action. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, it is within the Court's discretion whether to allow a second opportunity to request exclusion from the Class if there is a settlement or judgment in the Action after a trial; accordingly, this may be the only opportunity to request exclusion from the Class. Please note that if you remain a member of the Class, you will not be personally responsible for Class Counsel's attorneys' fees or costs. Class Counsel has agreed to represent the Class on a contingent fee basis, which means that it will be awarded attorneys' fees and costs by the Court only if it succeeds in obtaining a recovery from one or more Defendants. Any attorneys' fees for Class Counsel will be awarded by the Court from the settlement or judgment, if any, obtained on behalf of the Class. As a member of the Class you will be represented by Class Counsel. Alternatively, you may remain a member of the Class and elect to be represented by counsel of your own choosing. If you do retain separate counsel, you will be responsible for that attorney's fees and costs and that attorney must enter an appearance on your behalf by filing a Notice of Appearance with the Clerk of the Court and mailing it to Class Counsel at the address set forth in ¶ 20 below **on or before [45 days from mailing of this Notice]**.

    b.    **If you choose to be excluded from the Class**, you will not be bound by any orders or judgments in this Action, nor will you be eligible to share in any recovery that might be obtained in this Action. If you exclude yourself from the Class, you will retain any right you have to individually pursue any legal rights that you may have against any Defendants with respect to the claims asserted in this Action. *Please note however, that you may be time-barred from asserting the claims covered by the Action by statutes of limitation or a statute of repose. Class Counsel offers no advice and no opinion on whether you will be able to maintain such claims.* Please refer to ¶¶ 16-19 below if you would like to request exclusion from the Class.

    15.    Members of the Class will be eligible to participate in any recovery that might be obtained in the Action. While this Notice is not intended to suggest any likelihood that Class Representative or members of the Class will obtain any recovery, should there be a recovery, members of the Class will be required to support their requests to participate in the distribution of the recovery by demonstrating their membership in the Class and documenting their purchases, acquisitions, and sales of Dakota Plains common stock, and their resulting damages. *For this reason, please keep all records of your transactions and holdings in this security. DO NOT mail them to Class Counsel or the Administrator at this time.*

## HOW TO BE EXCLUDED FROM THE CLASS

*JSR*

16. To exclude yourself from the Class, you must send a letter by first-class mail stating that you "request exclusion from the Class in *Gruber v. Gilbertson, et al.*, Civil Action No. 1:16-cv-09727-~~WHP~~." Your request must state your full name, address, and telephone number, and be signed. If you are signing on behalf of a Class member (such as an estate, corporation, or partnership), please indicate your full name and the basis of your authority to act on behalf of the Class Member. Your request for exclusion must also state the amount of Dakota Plains common stock purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and/or sale. You must mail your exclusion request, *postmarked no later than [45 days from mailing of this Notice]*, to:

**Dakota Plains Securities Litigation**
c/o Angeion Group
P.O. Box 58699
Philadelphia, PA 19102

17. You cannot exclude yourself from the Class by telephone, facsimile, text message, or email. Requests for exclusion that do not comply with the above requirements will be invalid, unless otherwise accepted by the Court, subject to any objections of the parties to be resolved by the Court.

18. Do not request exclusion if you wish to participate in this Action as a member of the Class.

19. If you properly request exclusion from the Class, you will not be bound by any orders or judgments in this Action, but you also will not be eligible to share in any recovery that might be obtained in this Action. If you properly request exclusion from the Class, you will be entitled to pursue any individual lawsuit, claim, or remedy, if available, which you may have, at your own expense. Please note, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of limitations or a statute of repose. *Class Counsel offers no advice and no opinion on whether you will be able to maintain such claims.*

## CLASS COUNSEL

20. The Court appointed the law firm of Cera LLP as Class Counsel. If you have any questions concerning the matters raised in this Notice, you may contact Class Counsel, as follows:

**CERA LLP**

Solomon B. Cera, Esq.
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 977-2230
Facsimile: (415) 777-5189

www.cerallp.com

21. As noted above, unless you elect to retain your own personal lawyer, if you remain in the Class you will not have any direct obligations to pay the costs of the litigation. If there is a recovery by the Class in this Action, all costs and expenses of the Action, including Class Counsel's attorneys' fees, will be paid from that recovery in an amount approved by the Court.

22. If you want to be represented by your own lawyer, you may hire one at your own expense. If you

do retain your own lawyer, such counsel must enter an appearance on your behalf by filing a Notice of Appearance with the Office of the Clerk of the Court at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for Civil Action No. 16-cv-09727-~~WPH~~(S.D.N.Y.), **on or before [45 days from mailing].** Your Notice of Appearance must also be mailed to Class Counsel at the address set forth in ¶ 20 above, **on or before [45 days from mailing].**

JSR

### **PLEASE KEEP YOUR ADDRESS CURRENT**

23.    To assist the Court and the parties in maintaining accurate lists of Class members, you are requested to mail notice of any changes in your address to:

**Dakota Plains Securities Litigation**
**c/o Angeion Group**
**P.O. Box 58699**
**Philadelphia, PA 19102**

24.    If this Notice was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately contact the Administrator, Angeion Group, at the address above or toll-free at [to be determined] and provide them with your correct address. If the Administrator does not have your correct address, you may not receive notice of important developments in this Action.

### **WHERE YOU CAN FIND ADDITIONAL INFORMATION**

25.    This Notice provides only a summary of the lawsuit, the claims asserted by Class Representative, and the defenses asserted by Defendants. For more detailed information regarding the Action, you may contact Class Counsel or visit www.DakotaPlainsSecuritiesLitigation.com.

26.    Complete copies of the pleadings, orders, and other documents filed in this Action are available at http://www.pacer.gov or Daniel Patrick Moynihan U.S. Courthouse, at the office of the Clerk of the Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007 under Civil Action No. 1:16-cv-09727 WHP.

**PLEASE DO NOT CALL OR WRITE THE COURT OR CLERK OF THE COURT.**

### **NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

27.    If, for the beneficial interest of any person or entity other than yourself, you purchased or otherwise acquired Dakota Plains common stock during the period March 23, 2012 through August 16, 2016, inclusive, you MUST EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of this Notice, request from the Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Administrator at *Dakota Plains Securities Litigation,* c/o Angeion Group, P.O. Box 58699, Philadelphia, PA 19102. If you choose the first option, YOU MUST send a statement to the Administrator confirming that the mailing was made and YOU MUST retain your mailing records for use in connection with any further notices that may be provided in the Action. If you choose the second option, the Administrator will send a copy of the Notice to the beneficial owners based on the names and addresses provided. Upon FULL AND TIMELY compliance with these directions, such brokers or nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Administrator with proper documentation supporting the expenses

for which reimbursement is sought.

DATED: _____, 2021                              BY ORDER OF THE COURT
                                                    UNITED STATES DISTRICT COURT
                                                    SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| JON D. GRUBER, Individually And On Behalf Of All Others Similarly Situated, | : : : | Civil Action No. 1:16-cv-09727-~~WHP~~ JSR |
| Plaintiff, | : : | Honorable ~~William H. Pauley III~~ Jed S. Rakoff |
| v. | : : | |
| RYAN R. GILBERTSON, et al., | : : | |
| Defendants. | : : | |

---

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

**To:** ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED DAKOTA PLAINS HOLDINGS, INC. COMMON STOCK DURING THE PERIOD MARCH 23, 2012 THROUGH AUGUST 16, 2016, INCLUSIVE

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court") that the above-captioned action (the "Action") has been certified to proceed as a class action ("Class Action") on behalf of a Class and a Subclass, as follows:

The Definition of the "Class" is: All persons and entities who purchased or otherwise acquired Dakota Plains Holdings, Inc. common stock during the period March 23, 2012 through August 16, 2016, inclusive (the "Class Period"), except for certain individuals and entities who are excluded from the Class by definition, as set forth in the full printed Notice of Pendency of Class Action (the "Notice").

The Definition of the "Subclass" is: All persons and entities who, during the Class Period, purchased Dakota Plains Holdings, Inc. common stock contemporaneously with sales of Dakota Plains Holdings, Inc. stock by Defendants Ryan R. Gilbertson and Michael L. Reger, and/or any of their controlled custodians and nominees.

The Plaintiff has alleged violations of §§ 10(b), 20(a), and 20A of the Securities Exchange Act of 1934. Defendants have denied the claims, disclaim liability, and have asserted certain defenses. Please note: The Court has made no determination as to the merits of the parties' claims or defenses. Also, at this time, there is no judgment, settlement, or monetary recovery in this case.

IF YOU ARE A MEMBER OF THE CLASS, SUBCLASS, OR BOTH, YOU WILL BE AFFECTED BY THIS ACTION. The Notice is currently being mailed to known potential members of the Class ("Class Members"). If you have not received the Notice, you may obtain a copy of it by visiting www.DakotaPlainsSecuritiesLitigation.com, by calling the Administrator toll-free phone at 1-855-340-7773, or by contacting the Administrator in writing at:

Dakota Plains Securities Litigation
c/o Angeion Group
P.O. Box 58699
Philadelphia, PA 19102

Inquiries, other than for requests for Notice, may be made to Class Counsel at:

Solomon B. Cera, Esq.
Cera LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
1-800-778-1822

If you are a Class Member, then you have the right to decide whether to remain a member of the Class or to exclude yourself from the Class.

**If you want to remain a member of the Class, you need not do anything at this time. Please retain your records reflecting your transactions and holdings of Dakota Plains Holdings, Inc. common stock, including information relating to transaction dates, share prices, share amounts, and dollar amounts.** If you are a Class Member and do not exclude yourself from the Class, then you will be bound by the proceedings in this Action, including all past, present, and future orders and judgments of the Court, whether favorable or unfavorable. If you move, have recently moved, or if the Notice was forwarded to you from an old or inaccurate address, please contact the Administrator, at the above address or phone number, and inform it immediately of your new address.

If you properly and timely request exclusion from the Class, then you will not be bound by any order or judgment in this Action. If you exclude yourself from the Class, you will not be eligible to receive any share of any money that might be awarded or recovered for the benefit of the Class, whether by judgment after trial or through settlement. **Please note, if you decide to exclude yourself from the Class, you may be time-barred from asserting a claim or claims covered by the Action by statutes of limitation or a statute of repose.** To exclude yourself from the Class, you must submit a written request for exclusion **postmarked no later than [forty-five (45) days from mailing of the Notice]**, in accordance with the procedures included in the Notice. Pursuant to Rule 23(e)(4) of the Federal Rules of Civil Procedure, the Court has discretion to offer a second opportunity to request exclusion from the Class in the event of a settlement or judgment in the Action.

For more information about the issues, claims, and defenses in this case, to access the Notice, or to see documents filed in this matter, please visit/contact www.DakotaPlainsSecuritiesLitigation.com, www.pacer.gov (for Civil Action No. 16-cv-09727-~~WHP~~ JSR (S.D.N.Y.)), the Administrator, or Class Counsel.

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS SUMMARY NOTICE.**

By Order of the Court:

United States District Court for the
Southern District of New York

2