UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JON D. GRUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  v.<br><br>RYAN R. GILBERTSON, et al.,<br><br>       Defendants. | No. 1:16-cv-09727-JSR<br><br>Hon. Jed S. Rakoff |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CLASS REPRESENTATIVE'S PERSONAL WEALTH

Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
(415) 777-2230

Steven F. Molo
Robert K. Kry
Mark W. Kelley
Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
(212) 607-8170
smolo@mololamken.com

*Attorneys for Plaintiff
and All Others Similarly Situated*

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

BACKGROUND .................................................................................................................. 1

ARGUMENT ....................................................................................................................... 2

CONCLUSION .................................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affiliated Ute Citizens of Utah v. United States*,
　406 U.S. 128 (1972) ................................................................................................................3

*Crigger v. Fahnestock & Co.*,
　443 F.3d 230 (2d Cir. 2006) ....................................................................................................3

*Gilliland v. Hergert*,
　No. 2:05-CV-01059, 2008 WL 2682587 (W.D. Pa. July 1, 2008) ......................................3, 4

*Kinsey v. Cendant Corp.*,
　588 F. Supp. 2d 516 (S.D.N.Y. 2008) .....................................................................................4

*L-3 Commc'ns Corp. v. OSI Sys., Inc.*,
　No. 02 CIV. 9144 (PAC), 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ..............................3, 4

*McBeth v. Porges*,
　No. 15-CV-2742 (JMF), 2018 WL 5997918 (S.D.N.Y. Nov. 15, 2018) .................................4

*Murray v. Town of Stratford*,
　No. 3:11 CV 629 JGM, 2014 WL 3700982 (D. Conn. July 25, 2014) ................................2, 3

*Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*,
　370 F.3d 314 (2d Cir. 2004) ....................................................................................................2

*TVT Recs. v. Island Def Jam Music Grp.*,
　257 F. Supp. 2d 737 (S.D.N.Y. 2003) .....................................................................................2

*Tyco Int'l Ltd. v. Walsh*,
　No. 02-CV-4633 (DLC), 2010 WL 3000179 (S.D.N.Y. July 30, 2010) .................................2

**Statutes**

15 U.S.C. § 78j ................................................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................................1

**Rules**

Fed. R. Evid. 401 ............................................................................................................................3

Fed. R. Evid. 401(b) .......................................................................................................................3

## INTRODUCTION

The Class Representative in this securities-fraud class action, Jon Gruber, is an investment professional who has run a successful investment fund for 25 years. Based on their conduct so far in this case, it appears that Defendants may attempt to introduce evidence of Mr. Gruber's personal wealth at trial. That evidence is entirely irrelevant to the facts at issue in this trial. Moreover, evidence of Mr. Gruber's personal finances would be highly prejudicial, since it would potentially trigger jurors' biases against wealthy individuals, discouraging them from finding Defendants liable and encouraging them to reduce any damages award should they find in the Class's favor.

## BACKGROUND

Class Representative Jon Gruber graduated from MIT in 1966, began working as a technology analyst in 1970, and started his own investment fund called Lagunitas Partners in 1987. Lagunitas Partners operated successfully for 25 years before Mr. Gruber and his business partner decided to shut it down. Mr. Gruber invested at least $2,748,830 in Dakota Plains stock on behalf of his IRA and his and his wife's trust. Dkt. No. 19 at 7. He was appointed as lead plaintiff in this case based on the PSLRA's presumption that the "most adequate plaintiff" is the qualified candidate with "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B).

Defendants apparently plan to question Mr. Gruber at trial about his personal wealth and to introduce evidence of his wealth before the jury. At Mr. Gruber's deposition, Defendants asked questions relating to investments made with Mr. Gruber's money and his "family's money" having a "fair amount of success," and noted that this success allowed him "the privilege of investing hundreds of millions of dollars" for himself and for his family. Kelley Decl. Ex. 1 at 148:18-22, 149:9-12. Defendants also asked Mr. Gruber to examine other investments in other companies held by his family and listed on a Form 13F – a document which the Defendants have listed as an

exhibit for trial. *Id.* at 192:23-196:10; Kelley Decl. Ex. 2. Defendants also discussed Mr. Gruber's business extensively, including details relating to unrelated and irrelevant entities that hold and invest his and his family's money. *See, e.g.*, Kelley Decl. Ex. 1 at 87:3-89:24. Finally, Defendants have listed tax forms from Mr. Gruber's family foundation as a trial exhibit with the likely intention of introducing them and cross-examining him about them to demonstrate his personal wealth. Kelley Decl. Ex. 3.

## ARGUMENT

Evidence of Mr. Gruber's wealth has no relevance to this case and would serve only to distract and prejudice the jury against him and the Class. To the extent Mr. Gruber's personal financial situation has any marginal probative value, there is far more probative and less prejudicial evidence Defendants may use to make the same point.

The Second Circuit has recognized that "[e]vidence of wealth . . . is generally inadmissible in trials not involving punitive damages." *Tesser v. Bd. of Educ. of City Sch. Dist. of City of New York*, 370 F.3d 314, 318 (2d Cir. 2004); *see also Tyco Int'l Ltd. v. Walsh*, No. 02-CV-4633 (DLC), 2010 WL 3000179, at *1 (S.D.N.Y. July 30, 2010) ("A defendant's net worth is only relevant if there is a finding that punitive damages should be awarded."). Even when punitive damages are at issue (unlike here), only the wealth of the defendant is relevant. *See, e.g.*, *Murray v. Town of Stratford*, No. 3:11 CV 629 JGM, 2014 WL 3700982, at *4 (D. Conn. July 25, 2014) (excluding wealth evidence from trial involving punitive damages because "what is at issue in this motion is the wealth of plaintiff and/or of her husband, not that of defendant"); *TVT Recs. v. Island Def Jam Music Grp.*, 257 F. Supp. 2d 737, 745 (S.D.N.Y. 2003) ("[E]vidence of a ***defendant's*** net worth is properly considered given the goals of punishment and deterrence served by punitive damages." (emphasis added)).

Defendants may argue that Mr. Gruber's wealth is relevant because it bears on his sophistication as an investor and the reliance element of the Section 10(b) claim. That is wrong. Mr. Gruber's sophistication is not "of consequence in determining the action," Fed. R. Evid. 401(b), because reliance is presumed in this omissions case. As Judge Pauley explained in certifying the Class and rejecting Defendants' challenge to Mr. Gruber's adequacy as Class Representative, "in cases 'involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery.'" Opinion & Order Granting Class Certification at 13 (Dkt. 253) (quoting *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153 (1972)). Because "this is a primary omissions case," "the *Affiliated Ute* presumption applies." *Id.* at 16. Introduction of Mr. Gruber's wealth would only prejudice him and the Class without making any relevant fact more or less probative. Defendants, moreover, can elicit testimony relating to Mr. Gruber's knowledge and experience in securities without referring to his personal financial circumstances.

Courts have excluded wealth evidence in similar cases. In *Gilliland v. Hergert*, No. 2:05-CV-01059, 2008 WL 2682587 (W.D. Pa. July 1, 2008), for example, the court recognized that the "personal wealth" of a plaintiff in a securities fraud case, including "the 'actual dollar figures' involved in earlier, unrelated transactions," were "not relevant to any of the issues . . . and therefore should be excluded pursuant to FRE 401." *Id.* at *1-2; *cf. L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 CIV. 9144 (PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (evidence of witness's wealth "clearly irrelevant").[1]

---

[1] On one occasion, the Second Circuit found that it was not reversible error to adduce a plaintiff's wealth in order to demonstrate his prior "experience with millions in investments." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 236 (2d Cir. 2006). But here, Defendants may demonstrate Mr. Gruber's experience investing millions of dollars by eliciting testimony relating to his extensive career as an investment analyst and operating a successful investment fund ***without*** prejudicially referring to Mr. Gruber's ***own*** personal wealth. Indeed, the only court applying *Crigger* to allow evidence of wealth refused to permit more evidence than necessary to demonstrate investment

3

Finally, whatever marginal probative value Mr. Gruber's personal wealth may have is substantially outweighed by the risk of prejudice and needless presentation of cumulative evidence. *See Gilliland*, 2008 WL 2682587, at *2 ("Any possible relevance is outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury and waste of time."). Evidence of Mr. Gruber's wealth is prejudicial because it will trigger biases jurors may have against wealthy individuals. *See Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518 (S.D.N.Y. 2008) ("The parties are not permitted to argue to the fact finder's potential economic sympathies or prejudices."); *see also L-3 Commc'ns Corp.*, 2006 WL 988143, at *6 (evidence of witness's wealth "unfairly prejudicial"). The evidence will discourage jurors from finding Defendants liable and encourage them to reduce any damages award should they find in favor of the Class. That risk is particularly acute in a class action such as this, where many class members are of much more modest means than Mr. Gruber and thus would be even more unfairly prejudiced by improper wealth evidence.

The evidence is also needlessly cumulative because Defendants can and undoubtedly will elicit other, more probative testimony relating to Mr. Gruber's sophistication and experience with securities. Indeed, Mr. Gruber has acknowledged that, at the time he purchased the relevant securities, he was "knowledgeable, sophisticated, and experienced in making, and qualified to make, decisions with regard to investments like what was being offered," Kelley Decl. Ex. 1 at 188:14-18, and that he had operated a successful investment fund for 25 years, *id.* at 105:15-22. Evidence of Mr. Gruber's wealth therefore would not tend to prove any genuinely disputed fact and instead would merely inflame the jury with extraneous matters.

---

experience, explaining that "the probative value of such evidence is substantially outweighed by the danger of unfair prejudice." *McBeth v. Porges*, No. 15-CV-2742 (JMF), 2018 WL 5997918, at *3 (S.D.N.Y. Nov. 15, 2018).

4

## CONCLUSION

For the foregoing reasons, the Court should exclude any evidence of Mr. Gruber's personal wealth or financial situation.

January 17, 2022                                                           Respectfully submitted,

                                                                           /s/ Steven F. Molo
Solomon B. Cera                                                            Steven F. Molo
Pamela A. Markert                                                          Robert K. Kry
Kenneth A. Frost                                                           Mark W. Kelley
CERA LLP                                                                   Alexandra C. Eynon
595 Market Street, Suite 1350                                              MOLOLAMKEN LLP
San Francisco, CA 94105                                                    430 Park Avenue, 6th Floor
(415) 777-2230                                                             New York, NY 10022
                                                                           (212) 607-8170
                                                                           smolo@mololamken.com

*Attorneys for Plaintiff*
*and All Others Similarly Situated*