UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JON D. GRUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>RYAN R. GILBERTSON, et al.,<br><br>      Defendants. | No. 1:16-cv-09727-JSR<br><br>Hon. Jed S. Rakoff |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO JOHN TORKELSEN

Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
(415) 777-2230

Steven F. Molo
Robert K. Kry
Mark W. Kelley
Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
(212) 607-8170
smolo@mololamken.com

*Attorneys for Plaintiff
and All Others Similarly Situated*

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

CONCLUSION ...................................................................................................................... 3

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*United States v. Polasek*,
    162 F.3d 878 (5th Cir. 1998) ................................................................................................2

**Rules**

Fed. R. Evid. 401 ............................................................................................................................2

Fed. R. Evid. 403 ............................................................................................................................2

## INTRODUCTION

Plaintiff in this securities fraud class action has engaged a financial valuation and economics expert, Bjorn I. Steinholt, CFA, to provide testimony about damages and loss causation. At Mr. Steinholt's deposition, Defendants questioned him about the criminal conviction of a former business colleague, John Torkelsen, years after Mr. Steinholt left the firm in 1998. Mr. Torkelsen's conduct is irrelevant and inflammatory. The Court should preclude Defendants from questioning Mr. Steinholt about those matters or otherwise referring to them at trial.

## BACKGROUND

Plaintiff has engaged Bjorn Steinholt to provide expert testimony on loss causation and damages resulting from Defendants' fraudulent concealment of Ryan Gilbertson and Michael Reger's ownership and control of Dakota Plains. Mr. Steinholt has worked in financial economic analysis and business valuation for over 30 years. Kelley Decl. Ex. 1. His first job out of business school was for a company called Princeton Venture Research, Inc., where he began work as a financial analyst in 1990. *Id.* Princeton Venture had over 50 employees. Kelley Decl. Ex. 2 at 14:24-15:1. The president of Princeton Venture at the time was John Torkelsen. Mr. Torkelsen worked out of the New Jersey office, while Mr. Steinholt worked in the San Diego office, and the two did not have daily interactions. *Id.* at 15:4-6. Mr. Steinholt left Princeton Venture in 1998 to go to a different firm. Kelley Decl. Ex. 1.

In 2008 – ten years after Mr. Steinholt left Princeton Venture – Mr. Torkelsen pled guilty to a single count of perjury in the Eastern District of Pennsylvania. U.S. Dep't of Justice, Press Release No. 08-020 (Feb. 28, 2008). The conviction related to false statements Mr. Torkelsen made representing that he was an "independent" expert when, in fact, he had been retained on a contingency basis. *Id.*

At Mr. Steinholt's deposition in this case, defense counsel questioned Mr. Steinholt about Mr. Torkelsen's indictment, sentence, and criminal conduct. Kelley Decl. Ex. 2 at 14:21-16:11. Defense counsel asked whether Mr. Steinholt knew about Mr. Torkelsen's conviction (he did), whether Mr. Steinholt was investigated in connection with the case (he was not), whether Mr. Steinholt had ever worked with any other colleagues who have been indicted (he has not), and how long it had been since Mr. Steinholt last spoke to Mr. Torkelsen (at least 20 years). *Id.*

## ARGUMENT

The Court should preclude Defendants from questioning Mr. Steinholt about Mr. Torkelsen's criminal conduct or otherwise referring to that matter at trial. Evidence of Mr. Torkelsen's conduct is plainly inadmissible under both Rule 401 and 403.

First, Mr. Torkelsen's criminal conviction is entirely irrelevant to this case. Fed. R. Evid. 401. Mr. Steinholt had nothing to do with Mr. Torkelsen's criminal conduct. He was not investigated in connection with that matter. He has not even worked at the same firm as Mr. Torkelsen for 24 years. Mr. Torkelsen's conduct cannot possibly reflect on the reliability of **Mr. Steinholt's** opinions, the accuracy of his methods, or the credibility of his testimony. This sort of "guilt by association" evidence is a clear violation of Rule 401. *See, e.g.*, *United States v. Polasek*, 162 F.3d 878, 884-85 & n.2 (5th Cir. 1998) (collecting cases for the point that "guilt by association evidence . . . is irrelevant under Federal Rule[] of Evidence 401").

The evidence is also inadmissible under Rule 403. Evidence is unfairly prejudicial under that rule when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee note. References to Mr. Torkelsen's actions would invite the jury to speculate that Mr. Steinholt, too, must have engaged in some sort of unethical conduct – even though Mr. Steinholt had no role

2

whatsoever in the conduct that led to Mr. Torkelsen's criminal conviction. The evidence is inflammatory and completely irrelevant. It should be excluded.

## CONCLUSION

For the foregoing reasons, the Court should preclude any questioning or other references to Mr. Torkelsen or his criminal conduct at trial.

January 17, 2022

Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
(415) 777-2230

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Robert K. Kry
Mark W. Kelley
Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
(212) 607-8170
smolo@mololamken.com

*Attorneys for Plaintiff
and All Others Similarly Situated*

3