UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------------ X

Jon D. Gruber, individually and on behalf of
all others similarly situated,

        Plaintiff,

   v.

Ryan R. Gilbertson, Michael L. Reger,
Gabriel G. Claypool, Craig M. McKenzie,
Timothy R. Brady, Terry H. Rust, Paul M.
Cownie, David J. Fellon, Gary L. Alvord, &
James L. Thornton,

        Defendants.

------------------------------------------------------------------------------------ X

Case No. 16-cv-9727-JSR

**DEFENDANT MICHAEL REGER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE THE CONSENT ORDER BETWEEN REGER
AND THE U.S. SECURITIES AND EXCHANGE COMMISSION**

## **TABLE OF CONTENTS**

BACKGROUND ...................................................................................................................................1

ARGUMENT.......................................................................................................................................2

I.  RULE 408 PRECLUDES ADMISSION OF THE CONSENT ORDER ............................2

II. PLAINTIFF CANNOT ESTABLISH THE CONSENT ORDER IS RELEVANT
    UNDER RULES 401 AND 402 ............................................................................................4

III. THE RISK OF UNDUE PREJUDICE AND JURY CONFUSION REQUIRE
     EXCLUSION UNDER RULE 403........................................................................................4

CONCLUSION....................................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Blech Sec. Litig.*,
  2003 U.S. Dist. LEXIS 4650, at *30 (S.D.N.Y. Mar. 26, 2003) ..............................................3

*Lipsky v. Commonwealth United Corp.*,
  551 F.2d 887, 893 (2d Cir. 1976) ........................................................................................3, 4

*Meyer v. Ward*,
  No. 13 C 3303, 2017 U.S. Dist. LEXIS 70431, at *4 (N.D. Ill. May 9, 2017) .........................3

*New York City Dep't of Fin. v. Twin Rivers, Inc.*,
  182 F.3d 900 (2d Cir. 1999) ......................................................................................................3

*SEC v. Citigroup Glob. Mkts. Inc.*,
  827 F. Supp. 2d 328, 333 (S.D.N.Y. 2011), *vacated on different grounds by*
  *SEC v. Citigroup Glob. Mkts.*, 752 F.3d 285 (2d Cir. 2014) ......................................................4

*SEC v. Jensen*,
  835 F.3d 1100, 1116-17 (9th Cir. 2016) ...................................................................................5

*United States v. Gilbert*,
  668 F.2d 94, 97 (2d Cir. 1981) ..................................................................................................3

*Wilson v. Parisi*,
  No. 3:CV-04-1737, 2009 U.S. Dist. LEXIS 3970, at *3-4 (M.D. Pa. Jan. 21,
  2009) ..........................................................................................................................................3

**Other Authorities**

Fed. R. Evid. 401 .............................................................................................................................4

Fed. R. Evid. 402 .............................................................................................................................4

Fed. R. Evid. 403 ........................................................................................................................4, 5

Fed. R. Evid. 408 ...........................................................................................................1, 2, 3, 4

Fed. R. Evid. 410 .............................................................................................................................3

Apparently hoping to taint Defendant Michael Reger in the eyes of the jury, Plaintiffs seek to admit the Securities and Exchange Commission's Order Instituting Cease-And-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-And-Desist Order, dated October 31, 2016 (the "Consent Order"), into evidence, and will presumably seek to elicit related testimony. Although Reger consented to entry of the Consent Order, he explicitly did not admit or deny any of the SEC's allegations therein. Consistent with Federal Rule of Evidence 408, and to avoid the unfair prejudice and confusion flowing from such evidence, Reger moves *in limine* to prevent Plaintiffs from introducing the Consent Order or eliciting testimony regarding any SEC "findings" referenced in it.

## BACKGROUND

In 2008, Reger and Defendant Ryan Gilbertson co-founded Gilbertson Dakota Plains Transport, Inc., the predecessor to Dakota Plains Holdings, Inc. ("Dakota Plains" or the "Company"). Dakota Plains sought to provide transloading facilities such that oil could be shipped by railcar to various coastal refineries rather than through a sole, over-crowded pipeline serving only one refinery. As a founder, Reger obtained a significant equity stake in Dakota Plains. A few years later, Reger transferred most of his shares to a family foundation and to his minor children, who owned them through custodial accounts.

In March 2012, the company became publicly traded. It operated for another four and one-half years before filing bankruptcy in late 2016, after the price of oil tumbled. In the interim, the SEC initiated an investigation focusing on trading during the Company's first month of being publicly listed. Ultimately, the SEC brought enforcement proceedings against several persons related to an alleged market manipulation scheme. It separately settled with Reger for alleged violations of Section 13(d), 16(a), and 17(a)(3) of the Exchange Act for negligently failing to

disclose his ownership and control of the Company. Reger agreed to the entry of the Consent Order, under which he disgorged $6.5 million (plus interest) and paid a civil penalty of $750,000. (*See* **Ex. 1** at 6.) The Consent Order explicitly recognized that:

> *Solely for the purpose of these proceedings* and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, *and without admitting or denying the findings herein*, except as to the Commission's jurisdiction over him and the subject matter of these proceedings, which are admitted, and except as provided herein in Section V, [Reger] consents to the entry of this Order Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("Order"), as set forth below.

(*Id.* at 1 (emphasis added).) The Consent Order then includes twenty-one (21) paragraphs of "findings," each of which Reger neither admitted nor denied. (*Id.* at 1-5.)

Plaintiff includes the Consent Order on his exhibit list (P-446) and will presumably seek to elicit testimony regarding the Consent Order as suggested by his proposed deposition designations.[1] The Court should exclude the Consent Order and testimony with respect to the SEC's "findings" referenced therein.

## ARGUMENT

**I.    RULE 408 PRECLUDES ADMISSION OF THE CONSENT ORDER**

Federal Rule of Evidence 408(a) generally prohibits the use of statements made in connection with a settlement "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." The Second Circuit has recognized that "a civil consent decree, as the settlement of a civil suit, is governed by Fed. R.

---

[1] Those designations include voluminous references to an SEC investigation and testimony taken by Commission staff apparently in support of that investigation.

2

Evid. 408." *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981).[2] Other courts—including within the Second Circuit and beyond—consistently apply Rule 408(a) to preclude reliance upon administrative consent orders to prove liability. *See, e.g.*, *New York City Dep't of Fin. v. Twin Rivers, Inc.*, 182 F.3d 900 (2d Cir. 1999) (affirming the district court's exclusion of a consent judgment because it was inadmissible to prove facts related to a settling party's liability); *In re Blech Sec. Litig.*, 2003 U.S. Dist. LEXIS 4650, at *30 (S.D.N.Y. Mar. 26, 2003) ("SEC judgments are inadmissible under Federal Rule of Evidence 408."); *Wilson v. Parisi*, No. 3:CV-04-1737, 2009 U.S. Dist. LEXIS 3970, at *3-4 (M.D. Pa. Jan. 21, 2009) ("[S]ince Plaintiffs are attempting to use the consent decrees entered into by the PK and Gibson Defendants, and the corresponding orders, to prove liability and not for some other purpose, the consent decrees and orders are precluded by Federal Rule of Evidence Rule 408."); *Meyer v. Ward*, No. 13 C 3303, 2017 U.S. Dist. LEXIS 70431, at *4 (N.D. Ill. May 9, 2017) ("The SEC Consent Decree . . . is not admissible evidence in this case.").

Here, the Consent Order falls cleanly within the scope of Rule 408(a)—as a document reflecting settlement statements exchanged between Reger and the SEC—and is therefore presumptively inadmissible. Nor can Plaintiff offer any non-liability purpose for admitting the Consent Order. To the contrary—the Consent Order was after the Class Period ended, and therefore cannot be used to show Reger's knowledge or intent. *See In re Blech Sec. Litig.*, 2003 U.S. Dist. LEXIS 4650, at *30 (rejecting argument that consent decree was offered for a non-liability purpose because "knowledge gained at the time of the proceedings [was] immaterial").

---

[2] The Second Circuit has also likened SEC consent judgments to pleas of nolo contendere, which are similarly inadmissible under Federal Rule of Evidence 410. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976).

3

The Court should therefore exclude the Consent Order and related testimony pursuant to Rule 408.

## II. PLAINTIFF CANNOT ESTABLISH THE CONSENT ORDER IS RELEVANT UNDER RULES 401 AND 402¶

Moreover, the Consent Order is irrelevant and therefore separately inadmissible pursuant to Federal Rules of Evidence 401 and 402. Under Rule 401, relevant evidence (a) "has any tendency to make a fact more or less probable than it would be without the evidence" and (b) "the fact is of consequence in determining the action."

The "findings" made by the SEC in connection with Reger's settlement have no bearing on any fact of consequence in this matter. This is particularly true because Reger neither admitted nor denied any of them. "As a matter of law, an allegation that is neither admitted nor denied is simply that, an allegation. It has no evidentiary value." *SEC v. Citigroup Glob. Mkts. Inc.*, 827 F. Supp. 2d 328, 333 (S.D.N.Y. 2011), *vacated on different grounds by SEC v. Citigroup Glob. Mkts.*, 752 F.3d 285 (2d Cir. 2014); *see also Lipsky*, 551 F.2d at 893 ("[A] consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues . . . cannot be used as evidence in subsequent litigation."). Because the Consent Order's allegations against Reger lack evidentiary value, the Court should rule that the Consent Order is inadmissible under Rule 402 and preclude all testimony related to the SEC's "findings" therein.

## III. THE RISK OF UNDUE PREJUDICE AND JURY CONFUSION REQUIRE EXCLUSION UNDER RULE 403¶

In any event, Rule 403 permits the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Courts regularly use Rule 403 as a basis for excluding consent orders

4

where their inclusion would be unduly prejudicial, confusing to the jury, or a waste of trial time. For instance, the Ninth Circuit affirmed exclusion of an SEC consent decree as carrying a "clear risk of unfair prejudice," such that "admitting the settlement into evidence would run the risk of 'permitt[ing] the jurors to succumb to the simplistic reasoning that if the defendant was accused of the conduct, it probably or actually occurred.'" *SEC v. Jensen*, 835 F.3d 1100, 1116-17 (9th Cir. 2016) (citation omitted).

As in *Jensen*, Reger would be unduly prejudiced by allowing jurors to reach the mistaken conclusion that the SEC's settlement with Reger meant that Reger likely committed the alleged conduct set forth in the "findings," especially when the SEC's allegations were premised on negligence and Plaintiff's present case is based on scienter. (*See* Ex. 1 at 5-6.) Due to the negligible evidentiary value of the Consent Order and high risk of prejudice, confusion, and delay, the Court should exclude the Consent Order under Rule 403 and preclude all testimony related to the SEC's "findings" therein.

## CONCLUSION

For the foregoing reasons, the Court should grant Reger's motion *in limine* to exclude the Consent Order and all references to its "findings" at trial.

DATED: January 17, 2022                    **DORSEY & WHITNEY**

By: */s/ Michael Rowe*
James K. Langdon
Michael E. Rowe, III
Caitlin L.D. Hull
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel: (612) 640-2600
Email: langdon.jim.@dorsey.com

        Email: rowe.michael@dorsey.com
        Email: hull.caitlin@dorsey.com

*– and –*

Kaleb McNeely
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
Tel: (212) 415-9200
Email: mcneely.kaleb@dorsey.com

*Attorneys for Defendant Michael L. Reger*