UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Jon D. Gruber, individually and on behalf of all others similarly situated,

   Plaintiffs,

  v.

Ryan R. Gilbertson, Michael L. Reger, Gabriel G. Claypool, Craig M. McKenzie, Timothy R. Brady, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, & James L. Thornton,

   Defendants.

---

Case No. 16-cv-09727-JSR

## **DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF INSURANCE**

  Defendants move to exclude any evidence or argument, whatsoever, precluding Plaintiff from seeking to introduce evidence or questioning witnesses about whether a party had D&O insurance against liability pursuant to Fed. R. Evid. 401, 403 and 411. Evidence of D&O insurance is irrelevant to the claims in this action and should be excluded under Rule 401; its probative value is substantially outweighed by the danger of unfair prejudice to Defendants and should be excluded under Rule 403; and because it would be offered on the issue of whether a person acted negligently or otherwise wrongfully, it is inadmissible under Rule 411.

**I.** **BACKGROUND**

  As the Court is aware, the focus of the lawsuit asserts claims against the founders of Dakota Plains as well as the former directors and officers of Dakota Plains. As was disclosed to Plaintiff's counsel, there is limited insurance available to the D&O defendants under an eroding policy.

II.    **ARGUMENT**

Courts in this district have established that "[u]nder Rule 411, evidence of whether a party was insured against liability is inadmissible only on the issue of whether the person acted negligently or otherwise wrongfully." *Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04CIV.10250(PKL), 2009 WL 691066, at *2 (S.D.N.Y. Mar. 17, 2009); *In re Veeco Instruments, Inc. Sec. Litig.*, No. 05-MD-01695 CM GAY, 2007 WL 7630569, at *2 (S.D.N.Y. June 28, 2007), *abrogated on other grounds by Acticon AG v. China N. E. Petroleum Holdings Ltd.*, 692 F.3d 34 (2d Cir. 2012) ("Evidence of liability insurance is generally not admissible when a party is accused of acting wrongfully 'because of the likelihood of spillover between insurance and inference of fault.'")  No exception applies.

Here, the only purpose that Plaintiff would introduce evidence of D&O insurance would be to establish negligence, culpability, or otherwise wrongful behavior, which is prohibited by Rule 411.  There is no other admissible purpose for offering the evidence.  Further, Defendants have not opened the door to the issue of liability insurance and plaintiffs have not put into issue any party's ability to pay damages.  *See Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 414 (S.D.N.Y. 2003) (stating that "should the nature of defendant's proofs be such that the jury might infer defendant's inability to pay a judgment, evidence that defendant has liability insurance may become admissible").  Therefore, no exception to Rule 411 applies for evidence of D&O insurance to become admissible.  On the other hand, there is a high likelihood of spillover between the existence of a party's D&O insurance and inference of that party's fault.

Additionally, evidence of D&O insurance should be excluded under Rule 401.  It is not probative of Plaintiff's burden on damages, and is therefore, irrelevant to the determination of this action.  Under New York law, a plaintiff need only show that damages are "reasonably certain," without need to prove the *amount* of damages with certainty.  *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110 (2d Cir.2007).  Because evidence of D&O insurance will not tend to make the existence of damages more or less probable, it is plainly not

relevant to the determination of this action.

Finally, evidence of D&O insurance should be excluded under Rule 403. *United States v. Mangan*, 575 F.2d 32, 45 (2d Cir. 1978) (evidence excluded even if relevant and probative where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Such evidence reflects only the fact that a party has D&O insurance against liability, which of course may result in a jury concluding (incorrectly) that an adverse verdict would have no effect on the former D&O Defendants. This alone requires its exclusion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exclude any evidence and prevent Plaintiff from attempting to elicit testimony concerning whether Dakota Plains or any party has D&O insurance against liability for the claims brought by Plaintiff in this action.

Dated: January 17, 2022

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Kenneth M. Kliebard*
    Kenneth M. Kliebard

Kenneth M. Kliebard (admitted *pro hac vice*)
kenneth.kliebard@morganlewis.com
Elizabeth K. Philipp (admitted *pro hac vice*)
elizabeth.philipp@morganlewis.com
110 North Wacker Drive,
Chicago, Illinois 60606
Telephone: (312) 324-1000

– and –

Victoria Peng-Rue
victoria.pengrue@morganlewis.com
101 Park Avenue

New York, New York 10178
Telephone: (212) 309-6000

***Attorneys for Defendant Gabriel G. Claypool***

**KUTAK ROCK LLP**

By: *s/K. Jon Breyer*
    K. Jon Breyer (302259)

K. Jon Breyer (admitted *pro hac vice*)
Diane Peterson (admitted *pro hac vice*)
jon.breyer@kutakrock.com
diane.peterson@kutakrock.com
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-2274
Telephone: (612) 334-5057

– and –

**BALLARD SPAHR LLP**

Majorie J. Peerce
peercem@ballardspahr.com
1675 Broadway, 19th Floor
New York, NY 10019
Telephone: (212) 223-0200

***Attorneys for Defendants Craig McKenzie, James Thornton, David Fellon, Gary Alvord, Terry Rust, and Paul Cownie***

**FOX ROTHSCHILD LLP**

By: *s/ Ranelle Leier*
    Ranelle Leier

Ranelle Leier (admitted *pro hac vice*)
rleier@foxrothschild.com
2000 Campbell Mithun Tower
222 South Ninth Street
Minneapolis, MN 55402-3339
Telephone: (612) 607-7000

– and –

John A. Wait
jwait@foxrothschild.com
101 Park Avenue, 17th Floor
New York, NY 10178
Telephone: (212) 878-7900

***Attorneys for Defendant Timothy R. Brady***

**DORSEY & WHITNEY LLP**

*s/ James K. Langdon*
James K. Langdon (admitted *pro hac vice*)
Michael E. Rowe, III (admitted *pro hac vice*)
Langdon.jim@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-8759

Kaleb McNeely
mcneely.kaleb@dorsey.com
51 West 52nd Street
New York, NY 10019
Telephone:  (212) 415-9200

***Attorneys for Defendant Michael Reger***

**BEST & FLANAGAN LLP**

By: *s/ Amy S. Conners*

Amy S. Conners (SBN 4226148)
John A. Sullivan (admitted *pro hac vice*)
aconners@bestlaw.com
jsullivan@bestlaw.com
60 South Sixth Street, Suite 2700
Minneapolis, Minnesota 55402
Telephone:  (612) 339-7121

***Attorneys for Defendant Ryan Gilbertson***