UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JON D. GRUBER, Individually And On Behalf Of All Others Similarly Situated,

Plaintiff,

v.

RYAN R. GILBERTSON, et al.,

Defendants.

No. 16-cv-09727-JSR

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION IN LIMINE TO EXCLUDE TDI REPORTS**

**TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ........................................................................................................................ 2
     A.   The documents should be excluded under Rules 802, 805, and 602 ..................... 2
     B.   The documents should be excluded under 402, 403, and 404 ............................... 4
     C.   The documents should be excluded under 701 and 703 ........................................ 6

III. CONCLUSION ..................................................................................................................... 6

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*DeMarco v. West Hills Montessori*,
  350 Fed. Appx. 592 (2nd Cir. 2009) ................................................................................5

*U.S. Football League v. National Football League*,
  1986 WL 5803 (S.D.N.Y. May 16, 1986) ........................................................................3

### **RULES**

Fed. R. Evid. 401 .............................................................................................................................5

Fed. R. Evid. 402 ....................................................................................................................2, 4, 5

Fed. R. Evid. 403 ....................................................................................................................2, 4, 5

Fed. R. Evid. 404 ....................................................................................................................2, 4, 5

Fed. R. Evid. 602 .............................................................................................................................2

Fed. R. Evid. 701 ........................................................................................................................2, 6

Fed. R. Evid. 702 ........................................................................................................................2, 6

Fed. R. Evid. 703 .............................................................................................................................2

Fed. R. Evid. 801(d)(2)(B) ..............................................................................................................4

Fed. R. Evid. 802 ........................................................................................................................2, 3

Fed. R. Evid. 805 ........................................................................................................................2, 3

## I. INTRODUCTION

This suit involves shareholder claims against persons formerly associated with Dakota Plains Holdings, Inc. ("Dakota Plains" or the "Company"), including Defendants Craig M. McKenzie, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Timothy R. Brady, Gabriel G. Claypool and James L. Thornton (collectively, the "Directors & Officers" or "Ds&Os"). Defendants Michael Reger and Ryan Gilbertson, the Company's founders, are accused of manipulating the stock price and failing to make disclosures regarding their stock ownership. The Ds&Os are accused of failing to disclose information regarding Reger and Gilbertson – namely, a beneficial ownership of more than 5% in the Company, and Reger and Gilbertson's alleged "control" of the Company. Lead Plaintiff represents a class of investors who purchased shares from March 23, 2012 through August 16, 2016 and allegedly suffered damage as a result.

This is an inherently complicated case – with 10 Defendants (each of whom was involved with the Company at different times and in different roles) – and a lot of "hindsight" resulting from an SEC investigation and criminal trial of Gilbertson and another of his associates. As the parties approach trial, the Ds&Os move to exclude certain evidence in an effort to keep this from becoming a trial of scattershot allegations involving extraneous (non-party) individuals.

Specifically, the Ds&Os move to exclude two separate reports from an investigative firm known as TD International or "TDI." TDI was retained by the Company to assist in an internal investigation into the irregularities in the trading of the Company's stock during its first 20 days as a publicly traded company. *See* Ex. 1 (PX 183), Ex. 2 (PX 637), attached hereto.[1] Notably, the investigation did not result in uncovering/confirming the identity of those who traded in the

---

[1] Exhibits cited herein are exhibits to the Declaration of K. Jon Breyer filed in support of this motion. Copies of the two reports are listed on Plaintiffs' trial exhibit list as (at least) PX 183, 190, 191, 637, and 220.

4872-5161-6523.1

Company's stock or even whether the stock had been manipulated. These reports do not address Reger or Gilbertson, nor do they or provide any insights into the truth or falsity of any of the allegations in this case. Indeed, they never once mention Reger, Gilbertson, any of the D&O Defendants, or any other party to this litigation. Instead, they present a litany of allegations and suspicions regarding various persons loosely associated with the company – none of them parties to this litigation. The reports present no findings or evidence, but rather present an unsupported theory that the stock might have been affected through naked short selling, which has nothing to do with the core of this lawsuit.

The TDI reports are not only irrelevant; they would unnecessarily complicate the trial and confuse the jury. They also involve multiple layers of hearsay, improper lay opinion testimony, improper expert testimony, and improper character evidence and lack foundation as to the "facts" and opinions reported. Moreover, no one from TDI, including the author of the report, was ever deposed and no one from TDI is scheduled to appear at trial to give testimony regarding the two reports. Accordingly, under Federal Rules of Evidence 402, 403, 802, 805, 701, 702, 703, 602, and 404, the reports should be excluded. While the Ds&Os seek to exclude the actual reports from being offered into evidence, the Ds&Os are not seeking to limit testimony regarding TDI's investigation.

**II.   ARGUMENT**

    **A.   The documents should be excluded under Rules 802, 805, and 602**

On their face, the TDI reports are hearsay. They are classic out-of-court statements replete with additional layers of hearsay – information reportedly obtained from news articles, online stories and online profiles, other "media and internet" sources, undisclosed and "confidential" human sources and analyses, etc. The final report, for example, makes statements such as the following – each including at least two layers of hearsay:

- "Sources involved in the investigation of manipulative stock fraud indicate that Agency Trading is thought to be part of a syndicate of short-sellers and stock manipulators. The principals … were formerly employed with a brokerage called Navillus Securities, which has multiple well-documented relationships with two brokerages known to have been involved in various types of stock fraud[.]" Ex. 2 (PX 637) at 2.

and

- "Although JBOH's relationships with the boiler-room brokerages made regulators 'uncomfortable,' they never attempted to bring charges against the firm. Confidential source inquiries indicate that securities regulators were nevertheless increasingly interested in the company's activities and reportedly viewed it and any associated companies as 'very bad apples.'" *Id.* at 15.

Sources for the information provided in the TDI reports are largely unknown. TDI repeatedly describes its sources as "confidential" and its research methods as "proprietary." *See, e.g.*, Ex. 2 (PX 637) at 2, 11 ("Confidential source reporting indicates that …"); *id.* at 12 ("According to confidential source inquiries…"); *id.* at 12 ("Confidential reporting from sources involved in the investigation of manipulative stock fraud indicates …"); *id.* at 15 ("Confidential source inquiries indicate that …"); *id.* at 2 (referring to "proprietary research methodologies"). None of its "human" sources are identified; it combines the unknown "human" sources, inquiries, and analyses with media and internet sources. No one from TDI is scheduled to appear at trial to present testimony regarding the reports or the sources of the purported information contained in the reports.

The law precludes admission of this type of evidence. Under Federal Rules of Evidence 802 and 805, the documents should be excluded. *See, e.g., U.S. Football League v. National Football League*, 1986 WL 5803, *1, 3 (S.D.N.Y. May 16, 1986) (excluding newspaper articles with statements of belief by unknown declarants).

To the extent that Plaintiffs argue for a hearsay exception, there is none. The reports were never "adopted" by Ds&Os or the Company such that they would meet a business-records or adopted-admissions exception to the hearsay rule. *See* Fed. R. Evid. 801(d)(2)(B) (requiring that the party manifested that it adopted or believed the statement to be true).

As to foundation, there are no trial witnesses (or other persons disclosed in this case) who purport to have knowledge of TDI's self-described "proprietary research methodologies" or to testify regarding the report itself, and there are no TDI witnesses with knowledge regarding the "facts" reported by the underlying articles, media and/or internet sources, human inquiries, human analyses, or other confidential sources. Indeed, much of the content amounts to little more than business gossip and rank speculation. Given the hearsay and lack of a witness with proper foundation to testify, the evidence should be excluded.

**B.   The documents should be excluded under 402, 403, and 404**

A separate basis for exclusion of the TDI reports is the irrelevant, confusing, and unduly prejudicial nature of the documents and the waste of time that they would create in an already complicated and challenging trial. The TDI reports do not reveal or disclose *anything* about Reger, Gilbertson, their ownership or trading activities, and/or anything disclosed or not disclosed to Dakota Plains' shareholders about these issues. Instead, the final report simply speculates about "several [former, non-party] DAKP directors and shareholders who reportedly have a history of microcap manipulative trading and/or stock fraud, *i.e.*, 'pump-and-dump' schemes and targeted short-sale attacks, usually via naked short sales." Ex. 2 (PX 637) at 2. Indeed, it identifies several individuals by name and discusses their current and past business affiliations, relationships, and activities, but does *not* say that any of these individuals was involved in any wrongdoing with respect to Dakota Plains. *To be clear, nothing in the reports appear to have anything to do with*

4

*Ryan Gilbertson, Mike Reger, and/or any of the D&O defendants or other parties in this litigation. None of those individuals is ever mentioned*.

In other words, the reports offer nothing that properly bears on any allegation in this case or make any relevant fact more or less probable. As such, they should be excluded under Federal Rules of Evidence 401 and 402. *See* Fed. R. Evid. 401 (limiting relevant evidence to that which has a tendency to make a fact more or less probable than it would be without the evidence); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

To the extent that Plaintiff aims to simply sweep evidence into the trial to somehow reflect badly on the Company or suggest some sort of general atmosphere of market manipulation, that would be precisely the type of confusing, unnecessary/wasteful, and unduly prejudicial evidence that Rule 403 seeks to eliminate. The risk of harm is compounded because there is no witness with knowledge to testify to either the reports or the various details provided in the reports. *See* Fed. R. Evid. 403 (explaining that even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence); *DeMarco v. West Hills Montessori*, 350 Fed. Appx. 592 (2nd Cir. 2009) (excluding certain hearsay testimony under Rule 403, explaining "Allowing DeMarco to testify to hearsay statements that detail events she herself did not witness presents a significant risk of undue prejudice.").

Lastly, the documents' specific statements about the alleged misconduct and speculative associations of various individuals and entities – used here to imply similar conduct in this case – is improper character evidence under Rule 404. *See* Fed. R. Evid. 404 ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted

5

in accordance with the character or trait.") Again, none of the persons or entities identified in the reports are parties to this case, nor do they have any relevance to the claims and issues in this case.

The reports should be excluded from trial. They have no bearing on Plaintiffs' allegations or Defendants' defenses in this case.

### C.  The documents should be excluded under 701 and 703

The TDI reports purport to offer specialized knowledge and opinion regarding stock market manipulation and other trading irregularities. *See, e.g.*, Ex. 2 at 17 (describing human source inquiries and analyses driving the determination of "suspicious" trading activity"); *id.* at 2 ("According to sources with knowledge of these matters, the presence of a significant number of FTDs often indicates naked short-selling activity"). This is improper lay opinion testimony that is neither rationally based on a witness's perception nor helpful to clearly understanding a witness's testimony or determining a fact in issue. Moreover, because it is based on specialized knowledge, it is inadmissible under Federal Rule of Evidence 701.

The evidence is also inadmissible under almost every aspect of Rule 702: (1) there is no testifying witness who is qualified as an expert by knowledge, skill, experience, training, or education to testify; (2) the reports/evidence will not help the trier of fact to understand the evidence or determine a fact in issue; (3) the evidence and the information it offers is not the product of reliable principles and methods; and (4) there is no disclosed expert who has reliably applied the principles and methods to the facts of the case. Accordingly, it is improper expert opinion and inadmissible under these rules.

### III.  CONCLUSION

Based on the foregoing, Defendant Ds&Os respectfully request an order excluding the two reports and the information identified herein, as it pertains to opening/closing statements, during the presentation of the case by Plaintiffs, and in any jury instructions.

Dated: January 17, 2022                                 Respectfully submitted,

**KUTAK ROCK LLP**

By:  */s/ K. Jon Breyer*

K. Jon Breyer (Admitted *pro hac vice*)
Diane L. Peterson (Admitted *pro hac vice*)
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Email:   Jon.Breyer@kutakrock.com
             Diane.Peterson@kutakrock.com

–   *and* –

Marjorie J. Peerce
BALLARD SPAHR LLP
919 Third Avenue, 37th Floor
New York, NY 10022-3915
Tel: (646) 346-8039
PeerceM@ballardspahr.com

*Attorneys for Defendants Craig M. McKenzie, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, James L. Thornton*

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Kenneth Kliebard*
Kenneth M. Kliebard (Admitted *pro hac vice*)
110 North Wacker Drive
Chicago, Illinois 60606
Tel: (312) 324-1000
Email: kenneth.kliebard@morganlewis.com

–   *and* –

Victoria Peng
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Email: victoria.peng@morganlewis.com

*Attorneys for Defendant Gabriel G. Claypool*

7

**FOX ROTHSCHILD LLP**

By: *s/ Ranelle Leier*_____
Ranelle A. Leier (Admitted *pro hac vice*)
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3339
Tel: (612) 607-7000
Email: rleier@foxrothschild.com

– *and* –

John A. Wait
FOX ROTHSCHILD LLP
101 Park Ave., 17th Floor
New York, NY 10178
Tel: (212) 878-7900
Email: JWait@foxrothschild.com

*Attorneys for Defendant
Timothy R. Brady*