UNITED STATES DISTRICT COURT                                   **EXHIBIT A-2**
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
JON D. GRUBER, Individually And On                   :
Behalf Of All Others Similarly Situated,             :
                                                     :
                        Plaintiff,                   :   No. 16-cv-09727-JSR
                                                     :
        v.                                           :
                                                     :   Hon. Jed S. Rakoff
RYAN R. GILBERTSON, et al.,                          :
                                                     :
                        Defendants.                  :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## PROOF OF CLAIM AND RELEASE

### GENERAL INSTRUCTIONS

1.      To recover as a member of the Class based on your claims in the action entitled *Gruber v. Gilbertson, et al.*, No. 16-cv-09727-JSR (the "Action"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim"). If you fail to file a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlements of the Action.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of settlement in the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____ __, 2022, ADDRESSED AS FOLLOWS:

*Dakota Plains Securities Litigation*
c/o Angeion Group
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
1-_____

If you are NOT a Class Member, as defined in the Notice of Proposed Partial Settlements, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), DO NOT submit a Proof of Claim.

4.      If you are a Class Member and you do not request exclusion from the Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanies this Proof of Claim, and the Plan of Allocation set out in the Notice.  The Notice and the Plan of Allocation describe the proposed Settlements; how the Class Members are affected by the Settlements, and the manner in which the Net

Settlement Fund will be distributed, if the Court approves the Settlements and the Plan of Allocation.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein.

## CLAIMANT IDENTIFICATION

6.      If you purchased or acquired Dakota Plains common stock ("Dakota Plains Common Stock") and held the certificate(s) in your name, you are the beneficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

7.      Use Part I of this form entitled "Claimant Identification" to identify the beneficial owner(s) of the Dakota Plains Common Stock that form the basis of this claim, as well as the record holder ("nominee"), if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S), OF SUCH DAKOTA PLAINS COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

8.      All joint owners (or a person authorized to act on the owner's behalf) must sign this claim. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this claim on behalf of persons or entities represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## CLAIM FORM

9.      Use Part II of this form entitled "Schedule of Transactions in Dakota Plains Common Stock" to supply all required details of your transaction(s) in Dakota Plains Common Stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10.     On the schedules, provide all of the requested information with respect to all of your holdings, purchases and acquisitions, and all of your sales of Dakota Plains Common Stock for the periods specified, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

11.     List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

12.     The date of covering a "short sale" is deemed to be the date of purchase of Dakota Plains common stock. The date of a "short sale" is deemed to be the date of the sale of Dakota Plains common stock.

13.     You are required to submit genuine and sufficient documentation for all your transaction(s) in and holdings of Dakota Plains Common Stock as set forth in the Schedule of Transactions in Part II. Documentation may consist of copies of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator.  The Parties and the Claims Administrator do not independently have information about your investments in Dakota Plains Common Stock.  If such documents are not in your possession, please obtain copies or equivalent contemporaneous documents from your broker.  **Failure to supply this documentation could delay verification of your claim**

2

**or could result in rejection of your claim.  Do not send original documents.**  Please do not highlight any portion of the Claim Form or any supporting documents and please keep a copy of all documents that you send to the Claims Administrator.

14.     The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your claim.  In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

15.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim form whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-_____ or visit their website at www.angeiongroup.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

<table>
<tr><td>**Your claim must be postmarked by:**<br>_____</td><td>*Dakota Plains Securities Litigation*<br>c/o Claims Administrator<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103<br>1-855-340-7773<br>www.DakotaPlainsSecuritiesLitigation.com</td><td>**DPL**</td></tr>
</table>

### PROOF OF CLAIM AND RELEASE FORM

**Part I.  CLAIMANT INFORMATION**

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|------|-------|----------|

Foreign Country (only if not USA)

| Telephone Number (home) | Telephone Number (work) |
|---|---|

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded):

4

Claimant Account Type (check appropriate box):

| | | | |
|---|---|---|---|
| ☐ IRA | ☐ JOINT TENANCY | ☐ CORPORATION | ☐ TRUST |
| ☐ EMPLOYEE | ☐ INDIVIDUAL | ☐ OTHER_____ | |

## PART II – SCHEDULE OF TRANSACTIONS IN DAKOTA PLAINS COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Dakota Plains common stock during the period from March 23, 2012 through August 16, 2016, inclusive.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 13, above.  Do not include information in this section regarding securities other than Dakota Plains common stock.

**1.  BEGINNING HOLDINGS** – State the total number of shares of Dakota Plains common stock held as of the opening of trading on March 23, 2012.  (Must be documented.)  If none, write "zero" or "0."  _____

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase/acquisition (including free receipts) of Dakota Plains common stock from after the opening of trading on March 23, 2012, through and including the close of trading on August 16, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |
| /   / | | $ | $ | ☐ |

**4.  SALES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every sale/disposition (including free deliveries) of Dakota Plains common stock from after the opening of trading on March 23, 2012, through and including the close of trading on August 16, 2016. (Must be documented.) **IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /   / | | $ | |
| /   / | | $ | |
| /   / | | $ | |
| /   / | | $ | |

| | | | |
|---|---|---|---|
| /     / | | $ | |
| /     / | | $ | |
| **5. HOLDINGS AS OF August 16, 2016** – State the total number of shares of Bristow common stock held as of the close of trading on August 16, 2016.  (Must be documented).  If none, write "zero" or "0." _____ | | | |

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST
PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**

### III. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulations and Agreement of Settlements, dated May 23, 2022 ("Stipulations"), described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to Class Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Dakota Plains Common Stock during the Class Period and know of no other person or entity having done so on my (our) behalf.

### IV. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Settled Claims against each and all of the Officer and Director Defendants and defendant Ryan R. Gilbertson, and their "Related Parties" as to the Officer and Director Defendants, and the Immediate Family of defendant Ryan R. Gilbertson.

2.      "Settled Claims" means any and all claims, causes of action and rights of every nature and description, including Unknown Claims (as defined below), whether direct, derivative, individual, or representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, to the fullest extent that the law permits their release in this Action, that the Class Representative or any other member of the Class has against the Officer and Director Defendants and defendant Ryan R. Gilbertson, and that have been (a) asserted in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this Action, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Fourth Amended Complaint (including without limitation all claims arising out of or relating to any disclosures, public filings, registration statements, or other statements by Dakota Plains or any of the Officer and Director Defendants referred to or set forth in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this Action), or any other pleadings or briefs filed by the Class Representative in this Action and that arise out of or are in any way related to the purchase of Dakota Plains common stock during the Class Period. Notwithstanding the foregoing, "Settled Claims" expressly do not include, release, bar, waive, impair, prejudice, or otherwise impact (i) the rights of the Class Representative and the Class against non-settling defendant Michael L Reger; (ii) claims relating to enforcement of the terms of the Stipulations or the Settlements.

3.      "Officer and Director Defendants" means Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, and James M. Thornton.

4.      "Related Parties" means each and all of the Officer and Director Defendants' and Dakota Plains' (i) past and/or present directors, officers, employees, predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliates, and the respective members of their Immediate Families, their respective heirs, executors, estates, administrators, and agents, each in their capacity as such; (ii) their insurers, co-insurers, reinsurers, attorneys, accountants or auditors, personal or legal representatives, each in their capacity as such; and (iii) as to the Officer and Director Defendants, the respective members of their Immediate Families, their respective heirs, executors, estates, administrators, and agents, each in their capacity as such. For avoidance of doubt, "Related Parties" specifically excludes defendant Michael L. Reger.

5.      "Unknown Claims" means any Settled Claim which the Class Representative or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Claims Against Plaintiffs which any Officer and Director Defendant or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Settled Claims and Released Claims Against Plaintiffs, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Officer and Director Defendants shall expressly waive, and each other Class Member and each other Released Party shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived the provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law, or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Officer and Director Defendants and defendant Ryan R. Gilbertson, and each other Class Member and each other Released Party may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Released Claims Against Plaintiffs, but Plaintiffs and the Officer and Director Defendants and defendant Ryan R. Gilbertson, and each other Class Member and each other Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims and Released Claims Against Plaintiffs, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representative  and the Officer and Director Defendants and defendant Ryan R. Gilbertson acknowledge, and each other Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Claims as used herein was separately bargained for and was a key element of the Settlement of which this release is a part.

6.      This release shall be of no force or effect unless and until the Court approves the Stipulations and it becomes effective on the Effective Date.

7.      I (We) hereby warrant and represent that I (we) have read the Notice, the Plan of Allocation and the Claim Form, including the releases provided for in the Settlement.

8.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9.      I (We) hereby warrant and represent that I (we) have included the information about all of my (our) holdings and transactions in Dakota Plains Common Stock requested in Part II of the Claim Form.

10.     I (We) hereby warrant and represent that I am (we are) a member of the Class, am (are) not excluded from the Class, as defined in the Notice, and have not requested exclusion from the Class.

I (WE) DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT ALL OF THE FOREGOING INFORMATION SUPPLIED ON THIS PROOF OF CLAIM AND RELEASE FORM BY THE UNDERSIGNED IS TRUE AND CORRECT AND THE DOCUMENTS SUBMITTED ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Executed this\_\_\_\_ day of _____ in _____
                        (Month/Year)       (City/State/Country)

_____        _____
(Sign your name here)                      (Joint Claimant, Sign your name here)

_____        _____
(Type or print your name here)            (Joint Claimant, Type or print your name here)

_____        _____
(Capacity of person(s) signing, e.g.,        (Capacity of person(s) signing, e.g.,
Beneficial Purchaser or Acquirer, Executor or    Beneficial Purchaser or Acquirer, Executor or
Administrator)                          Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.
2. Remember to attach supporting documentation, if available.
3. Do not send original documentation.
4. Keep a copy of your claim form and all supporting documentation for your records.
5. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
6. If you move, please send the Claims Administrator your new address.