# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JON D. GRUBER, Individually And On          :
Behalf Of All Others Similarly Situated,    :
                                            :
                          Plaintiff,        :     No. 16-cv-09727-JSR
                                            :
      v.                                    :
                                            :     Hon. Jed S. Rakoff
RYAN R. GILBERTSON, et al.,                 :
                                            :
                          Defendants.       :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## STIPULATION AND AGREEMENT OF SETTLEMENT

### (Officer and Director Defendants)

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted in the above-captioned action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the Southern District of New York (the "Court"), this Stipulation is entered into between and among Lead Plaintiff and Class Representative Jon D. Gruber ("Class Representative"), on behalf of himself and the Class (as defined below), and Defendants Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Terry H. Rust, and James L. Thornton (the "Officer and Director Defendants"), by and through their respective counsel, in the above-captioned class action (the "Action, " as defined below).

The foregoing parties are referred to collectively as the "Parties."  This Stipulation is intended by the Parties to fully, finally and forever settle and release all claims against the Officer and Director Defendants, upon and subject to the terms and conditions hereof (the "Settlement").

1

**WHEREAS:**

This Agreement is made with reference to and in contemplation of the following facts and circumstances:

A.      On December 20, 2016, Dakota Plains Holdings, Inc. ("Dakota Plains") and its affiliated companies filed a voluntary petition under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Minnesota. Pursuant to Section 362(a) of the Bankruptcy Code, all actions are automatically stayed against a debtor who files a voluntary petition under the Bankruptcy Code. Accordingly, Dakota Plains is not named as a defendant in the Action.

B.      On December 16, 2016, this shareholder class action was filed in this Court against, *inter alia*, Michael L. Reger and Ryan R. Gilbertson, who are alleged to have employed a scheme to defraud investors, and certain of the Officer and Director Defendants for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder based on allegedly false and misleading statements issued by Dakota Plains in the period from March 23, 2012 through August 15, 2016.  On February 14, 2017, Jon D. Gruber moved to be appointed lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq*. On April 17, 2017, the Court appointed Jon D. Gruber as Lead Plaintiff and the law firm of Cera LLP was appointed Lead Counsel.  ECF No. 35.

C.      On May 5, 2017, the Class Representative filed the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint asserted claims on behalf of investors who purchased Dakota Plains common stock during the period March 23, 2012 through and including August 16, 2016 (the "Class Period").  It alleged that the Officer and Director Defendants issued materially false and misleading statements

by omission regarding the identity of controlling and greater than 5% shareholders of the Company. It also alleged that Ryan Gilbertson and Michael Reger employed a fraudulent scheme by which the Company was taken public, and alleged they committed insider selling of the Company's common stock, in violation of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The Complaint alleged that information concerning such facts was not disclosed until August 16, 2016, when a Wells notice against Defendant Michael L. Reger, which had been issued by the SEC, became known to the public.  A Second Amended Complaint ("SAC") was filed on July 10, 2017.   On March 20, 2018, the Court entered its order on Defendants' motions to dismiss, upholding the core allegations of the SAC.  ECF No. 119.  On March 8, 2019, a Third Amended Complaint was filed.  ECF No. 175.  Defendants' motions to dismiss the Third Amended Complaint were resolved by an order dated September 17, 2019.  ECF No. 252.  The Class Representative filed a Fourth Amended Complaint on November 11, 2019, to conform the pleading to the orders of the Court.  The Officer and Director Defendants answered the Fourth Amended Complaint on December 2, 2019 (McKenzie, Rust, Cownie, Fellon, Alvord, and Thornton), December 3, 2019 (Brady) and January 15, 2020 (Claypool). ECF Nos. 274, 275 and 282.

D.     In November 2018, the Parties voluntarily engaged in a full-day mediation session with a retired federal judge and professional mediator to explore a potential resolution of the Action. However, the Parties were unable to reach a settlement at that time and the litigation continued to be aggressively prosecuted by the Class Representative.

E.     On January 29, 2019, the Class Representative moved for class certification (the "Class Certification Motion"). The Officer and Director Defendants opposed the Class Certification Motion on numerous grounds.  Following full briefing and oral argument, the Court,

on September 17, 2019, granted the Class Certification Motion and certified a plaintiff class consisting of all those who purchased or otherwise acquired the common stock of Dakota Plains in the period from March 23, 2012, through August 16, 2016.  ECF No. 253.  The Court also by its order appointed Jon D. Gruber as the Class Representative and Cera LLP as Class Counsel.  On October 1, 2019, Defendants thereafter sought to immediately appeal the Class Certification Order to the United States Court of Appeals for the Second Circuit, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. The Petition was denied by the Second Circuit on February 12, 2020. On September 21, 2020, Defendants moved to decertify the Class on various grounds.  That motion was denied by order dated June 17, 2021.  ECF No. 387.

F.      On August 6, 2021, the Court authorized a Notice of Pendency of Class Action to be mailed to all Class members.  ECF No. 396.  Such Notice, which included an opt-out right, was mailed to Class members on September 9, 2021.  There were no requests to opt out of the Action received in response to the Notice.

G.      The Defendants moved for summary judgment on various grounds on September 21, 2020.  ECF No. 325.  The summary judgment motion was denied by order dated June 17, 2021. ECF No. 387.

H.      Following the death of the Honorable United States District Judge William H. Pauley III, who had overseen proceedings in the Action from its inception, the Action was reassigned to the Honorable United States District Judge Jed S. Rakoff on July 28, 2021.  On December 6, 2021, the Court ordered trial of the Action to commence on February 4, 2022.  Due to unforeseen developments related to the COVID-19 pandemic, that trial date was vacated, and a new trial date of June 1, 2022, was ordered.  Subsequently, the trial date was continued to June 6, 2022.

I.      On April 27, 2022, the Parties participated in a voluntary mediation conducted by the Hon. Edward A. Infante (Ret.) of JAMS. The Parties submitted detailed mediation statements to Judge Infante and conducted extensive negotiations through him.  The Class Representative engaged in these discussions with a view to exploring the possibility of resolution of the issues in dispute consistent with achieving the best relief possible as against the Officer and Director Defendants in the interests of the Class. Thereafter, the Parties reached an agreement in principle to settle on April 28, 2022.

J.      Class Counsel, together with other counsel retained to assist in the prosecution of the Action, including MoloLamken LLP, and Abraham, Fruchter & Twersky LLP, have conducted an extensive investigation of the facts, successfully opposed Defendants' motions to dismiss, successfully obtained class certification, successfully opposed decertification, successfully opposed summary judgment, engaged in significant discovery, and retained and consulted with experts. They have also researched the applicable law with respect to the claims of the Class Representative and the other Class Members (as defined herein) against the Officer and Director Defendants and the potential defenses thereto.

K.      Based upon their knowledge of the case acquired through years of discovery and litigation to date, as set forth above, Class Counsel have concluded that the terms and conditions of this Settlement are fair, reasonable and adequate to the Class Representative and the other Class Members and in their best interests, and have agreed to settle the claims raised in the Action as against the Officer and Director Defendants pursuant to the terms and provisions of this Stipulation, after considering: (1) the substantial benefits that the Class Representative and other Class Members will receive from settlement of the claims against the Officer and Director Defendants; (2) the attendant risks of litigation and trial; (3) the delays inherent in any such

litigation and any subsequent appeal; and (4) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

L.      This Agreement is non-collusive, and resulted from and is the product of extensive, good-faith arm's-length negotiations.  The Parties to this Stipulation recognize that the Action has been filed by the Class Representative and defended by the Officer and Director Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure; that the claims against the Officer and Director Defendants are being voluntarily settled on advice of counsel; and that the terms of the Settlement are fair, adequate and reasonable.

M.      The Officer and Director Defendants deny any wrongdoing or liability whatsoever; and this Stipulation shall in no event be construed as or deemed to be evidence of or an admission or concession on the part of any them with respect to any claim, or of any fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that the Officer and Director Defendants have asserted or could assert, if the Action were to proceed. Nonetheless, the Officer and Director Defendants recognize that further litigation in the Action would be protracted and expensive, and that there is uncertainty and risk in any complex litigation such as the Action. The Officer and Director Defendants, have, therefore, determined that it is desirable and beneficial to them that the Action be fully and finally settled as to them in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW THEREFORE,** it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to the preliminary and final approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties from the Settlement, that this Action and all Settled Claims (as defined below) as against the Released Parties (as defined below) and all Released Claims

Against Plaintiffs (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

a.      **"Action"** means *Gruber v. Gilbertson, et al.,* No. 16-cv-09727- JSR.

b.      **"Authorized Claimant"** means a Class Member who submits a Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

c.      **"Claim"** means a claim for payment from the Net Settlement Fund.

d.      **"Claim Form"** or **"Proof of Claim Form"** means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete should that Claimant seek to share in a distribution of the Net Settlement Fund.

e.      **"Claimant"** means a person or entity that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Net Settlement Fund.

f.      **"Claims Administrator"** means the Angeion Group, which has been retained by the Class Representative and Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

g.      **"Class"** means, for purposes of this Settlement, the Class certified by the Court by its September 17, 2019, Order.  ECF No. 253.  The Class is defined to include all persons or entities who purchased or otherwise acquired Dakota Plains Holdings, Inc. common stock during the period from March 23, 2012, through and including August 16, 2016. Excluded from

the Class are the following persons or entities: (i) any named Defendant in the Action and Dakota Plains; (ii) the parents, successors, subsidiaries, affiliates and assigns of any named Defendant in the Action or of Dakota Plains; (iii) members of the Immediate Family of any named Defendant in the Action; (iv) any person who was an officer or director of Dakota Plains during the Class Period; and (v) any firm, trust, corporation, or other entity in which any of the named Defendants in the Action has a controlling interest or had a controlling interest during the Class Period.

        h.     **"Class Distribution Order"** means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to the Authorized Claimants.

        i.     **"Class Member"** means a person or entity that is a member of the Class and has not previously excluded himself, herself or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice previously mailed and published in the Action on or about September 9, 2021, pursuant to the Court's order for notice. ECF No. 396.

        j.     **"Class Period"** means the period from March 23, 2012, through and including August 16, 2016.

        k.     **"Complaint"** means the Fourth Amended Class Action Complaint for Violation of the Federal Securities Laws that was filed in the Court on November 11, 2019. ECF No. 271.

        l.     **"Court"** means the United States District Court for the Southern District of New York in which the Action is pending.

        m.     **"Class Counsel"** means Cera LLP. ECF No. 253.

        n.     **"Class Representative"** means Jon D. Gruber.

o.      **"Dakota Plains"** means Dakota Plains Holdings, Inc., and each of its subsidiaries and joint ventures.

p.      **"Defendants"** means Ryan R. Gilbertson, Michael L. Reger, and each of the Officer and Director Defendants.

q.      **"Defendants' Counsel"** means the law firms of Kutak Rock LLP (representing Defendants McKenzie, Rust, Cownie, Fellon, Alvord, and Thornton), Morgan, Lewis & Bockius LLP (representing Defendant Claypool), and Fox Rothchild LLP (representing Defendant Brady).

r.      **"Effective Date"** means the first date by which all of the events and conditions specified in ¶35 of this Stipulation have been met and have occurred.

s.      **"Escrow Account"** means an escrow account named "Dakota Plains Securities Litigation Settlement Fund" maintained at Heritage Bank, N.A., to hold the Total Settlement Fund, which account, subject to the Court's supervisory authority, shall be maintained by an independent escrow agent.

t.      **"Escrow Agent"** means Heritage Bank, N.A.

u.      **"Final"** means when the last of the following with respect to the Final Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall have occurred: (i) the expiration of the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal from entry of the Final Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend or for reconsideration is filed or if an appeal is taken, the determination of that motion or appeal in such a manner that affirms and leaves in place the Final Judgment without any material modification, substantially in

accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Stipulation or the Settlement herein, or request for en banc review or reconsideration, and all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses, any plan of allocation of the Total Settlement Fund, or the Court's findings and conclusions pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA.

     v.    **"Final Judgment"** means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

     w.    **"Fourth Amended Complaint"** means the Fourth Amended Class Action Complaint that was filed in the Court on November 11, 2019.  ECF No. 271.

     x.    **"Immediate Family"** means an individual's spouse, parents, siblings, children, grandparents, grandchildren; the spouses of his or her parents, siblings and children; and the parents and siblings of his or her spouse, and includes step and adoptive relationships. In this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic partnership or civil union.

     y.    **"Litigation Expenses"** means costs and expenses incurred by Plaintiffs' Counsel (defined below) in connection with commencing and prosecuting the Action for which Class Counsel intend to apply to the Court for reimbursement from the Total Settlement Fund.

     z.    **"Net Settlement Fund"** means the Total Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

aa.    **"Notice"** means the Notice of Proposed Partial Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be sent to Class Members.

bb.    **"Notice and Administration Costs"** means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with (i) providing notice to the Class; and (ii) administering the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

cc.    **"Officer and Director Defendants"** means Gabriel G. Claypool, Timothy R., Brady, Craig M. McKenzie, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, and James M. Thornton.

dd.    **"Plaintiffs"** means the Class Representative and all other Class Members.

ee.    **"Plaintiffs' Counsel"** means Class Counsel together with the firms of Molo Lamken LLP and Abraham, Fruchter & Twersky, LLP.

ff.    **"Plan of Allocation"** means the proposed plan or formula of allocation for distributing the Net Settlement Fund to Authorized Claimants set forth in the Notice.

gg.    **"Preliminary Approval Order"** means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice be provided to the Class.

hh.    **"Related Parties"** means each and all of the Officer and Director Defendants' and Dakota Plains' (i) past and/or present directors, officers, employees, predecessors, successors, assigns, parents, subsidiaries, divisions, and affiliates, and the respective members of their Immediate Families, their respective heirs, executors, estates, administrators, and agents, each in their capacity as such; (ii) their insurers, co-insurers, reinsurers, attorneys, accountants or

11

auditors, personal or legal representatives, each in their capacity as such; and (iii) as to the Officer and Director Defendants, the respective members of their Immediate Families, their respective heirs, executors, estates, administrators, and agents, each in their capacity as such. For avoidance of doubt, "Related Parties" specifically excludes Defendants Michael L. Reger and Ryan R. Gilbertson.

ii.     **"Released Parties"** means each and all of the Officer and Director Defendants and their Related Parties.

jj.     **"Released Claims Against Plaintiffs"** means any and all claims, causes of action and rights of every nature and description, including Unknown Claims (as defined below), whether direct, derivative, individual, representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, to the fullest extent that the law permits their release in this Action, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Officer and Director Defendants or the allegations, transactions, facts, matters or occurrences underlying such claims, except for claims relating to the enforcement of the terms of this Stipulation and the Settlement.

kk.     **"Settled Claims"** means any and all claims, causes of action and rights of every nature and description, including Unknown Claims (as defined below), whether direct, derivative, individual, or representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, to the fullest extent that the law permits their release in this Action, that the Class Representative or any other member of the Class has against the Officer and Director Defendants and that have been (a) asserted in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this Action, or (b) could have been asserted in any forum that arise out of or are based upon the

allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Fourth Amended Complaint (including without limitation all claims arising out of or relating to any disclosures, public filings, registration statements, or other statements by Dakota Plains or any of the Officer and Director Defendants referred to or set forth in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this Action), and that have been or could have been alleged in this Action, that relate to the purchase of Dakota Plains common stock during the Class Period. Notwithstanding the foregoing, "Settled Claims" expressly do not include, release, bar, waive, impair, prejudice, or otherwise impact (i) the rights of the Class Representative and the Class against non-settling defendants Ryan R. Gilbertson and Michael L Reger; or (ii) claims relating to enforcement of the terms of this Stipulation or the Settlement.

ll.     **"Settlement Amount"** means Thirteen Million Nine Hundred Fifty Thousand Dollars ($13,950,000) which the Officer and Director Defendants shall cause their insurance carriers to pay.

mm.     **"Settlement Hearing"** means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

nn.     **"Summary Notice"** means the Summary Notice of Pendency of Proposed Partial Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

oo.     **"Taxes"** means all federal, state and/or local taxes of any kind on any income earned by the Total Settlement Fund.

pp.     **"Unknown Claims"** means any Settled Claim which the Class

Representative or any other Class Member does not know or suspect to exist in his, her or its favor

at the time of the release of such claims, and any Released Claims Against Plaintiffs which any

Officer and Director Defendant or any other Released Party does not know or suspect to exist in

his, her or its favor at the time of the release of such claims, which if known by him, her or it might

have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all

Settled Claims and Released Claims Against Plaintiffs, the Parties stipulate and agree that, upon

the Effective Date, Plaintiffs and the Officer and Director Defendants shall expressly waive, and

each other Class Member and each other Released Party shall be deemed to have waived, and by

operation of the Final Judgment shall have expressly waived the provisions, rights and benefits

conferred by California Civil Code § 1542 or any law of any state or territory of the United States,

or principle of common law, or foreign law, which is similar, comparable, or equivalent to

California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of
> executing the release, which if known by him or her must have
> materially affected his or her settlement with the debtor.

Plaintiffs and the Officer and Director Defendants, and each other Class Member and each other

Released Party may hereafter discover facts in addition to or different from those which he, she or

it now knows or believes to be true with respect to the subject matter of the Settled Claims and

Released Claims Against Plaintiffs, but Plaintiffs and the Officer and Director Defendants, and

each other Class Member and each other Released Party, upon the Effective Date, shall be deemed

to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and

released any and all Settled Claims and Released Claims Against Plaintiffs, known or unknown,

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representative and the Officer and Director Defendants acknowledge, and each other Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Claims as used herein was separately bargained for and was a key element of the Settlement of which this release is a part.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      The Class Representative will file the Stipulation and move for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A. The motion shall be unopposed by the Officer and Director Defendants. The proposed Preliminary Approval Order that will be attached to the motion shall be in a form agreed upon by Class Counsel and Defendants' Counsel, and substantially in the form as is attached hereto as Exhibit A.  The motion for preliminary approval shall request that the Court: (1) approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (2) approve the manner and form of Notice; (3) stay the Action against the Director and Officer Defendants pending final approval of the Settlement; and (4) schedule a final approval hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendants' Counsel, and no earlier than 90 days after the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") notices are mailed, at which the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve Class Counsel's application for attorneys' fees, costs, and expenses.

## SETTLEMENT CONSIDERATION

### *The Settlement Amount and Cooperation*

3.      In consideration of the Settlement of claims asserted in this Action, and subject to the terms and conditions of this Stipulation, no later than thirty (30) calendar days after the later to occur of (i) entry of the Preliminary Approval Order or (ii) receipt of complete payment information for paying by wire transfer or check, including a W-9 for the Total Settlement Fund, the Officer and Director Defendants' insurance carriers shall deposit the Settlement Payment into the Escrow Account.

4.      In further consideration of the Settlement of claims asserted in this Action, the Officer and Director Defendants shall cooperate with Plaintiffs' Counsel.  Specifically, Plaintiffs' Counsel shall have the right to obtain the testimony of up to three (3) Officer and Director Defendants of their choosing at the trial of the Action scheduled for June 1, 2022, or any continued trial date.  Such cooperation shall include meeting with Plaintiffs' Counsel at mutually agreed times to prepare for presentation of testimony of any such Officer and Director Defendants at the trial.  This provision of the settlement consideration was specifically bargained for by Plaintiffs' Counsel and is a material part of the settlement consideration for the benefit of the Class.

### *The Escrow Agent*

5.      Class Counsel shall open an Escrow Account maintained by an independent Escrow Agent into which the Settlement Amount is to be deposited.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances of less than $100,000 may be invested in money market mutual funds comprised exclusively of investments secured by the full faith and credit of the United States. In

the event that the yield on United States Treasury bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing account that is fully insured by the FDIC. No risk related to the investment of the Total Settlement Fund in the Escrow Account shall be borne by any of the Officer and Director Defendants.

6.      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and the funds and the Escrow Agent shall remain subject to the jurisdiction of the Court, until such time as such funds shall have been distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

7.      No portion of the Total Settlement Fund shall be disbursed except as provided in this Stipulation, as provided by an order of the Court, or with the written agreement of the Officer and Director Defendants' Counsel.

## RELEASE OF CLAIMS

8.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against the Officer and Director Defendants, and shall fully and finally release any and all Settled Claims as against all Released Parties and shall also release any and all Released Claims Against Plaintiffs as against Plaintiffs, all of their respective counsel and all other Class Members.  On the Effective Date, the Action shall be dismissed as against the Officer and Director Defendants only, with prejudice and without costs.

9.      Pursuant to the Final Judgment, upon the Effective Date, each of the Class Representative and all other Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, investors and agents in their capacity as such, will release and shall be deemed

by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties, whether or not the Plaintiffs execute and deliver a Proof of Claim Form to the Claims Administrator.

10.     Pursuant to the Final Judgment, upon the Effective Date, each of the Officer and Director Defendants and each of the other Released Parties, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Released Claim Against Plaintiffs as against (i) all Plaintiffs and their respective attorneys, and (ii) each of the foregoing individuals' and/or entities' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such.

## MUTUAL RELEASE AMONG THE DEFENDANTS

11.     Upon final judicial approval of the Settlement, each of the Officer and Director Defendants, and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, in their capacity as such, will release as against any of the other Officer and Director Defendants and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, in their capacity as such, all claims (including but not limited to claims for contribution and indemnity), and causes of action, whether known or unknown, whether direct, derivative, individual, representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation that arise out of or are in any way related to the allegations, transactions, facts, matters or occurrences underlying

18

the claims set forth or referred to in the Fourth Amended Complaint, except for claims relating to the enforcement of the Settlement. Nothing herein shall release, prejudice, waive, impact or impair the rights of the Class Representative and the Class Members against non-settling Defendants Ryan R. Gilbertson and Michael L. Reger.

## **USE OF SETTLEMENT FUNDS**

12.     The Total Settlement Fund shall be used to pay: (a) Taxes; (b) Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded to Plaintiffs' Counsel by the Court. The balance remaining in the Escrow Account after these payments are made (the "Net Settlement Fund") shall be distributed to Authorized Claimants as provided below.

13.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.

14.     This is not a claims-made settlement. Upon the occurrence of the Effective Date, neither the Officer or Director Defendants nor any person or entity who or which paid any portion of the Settlement Amount on their behalf shall have any right to the return of the Settlement Amount or any portion thereof irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     The Claims Administrator shall discharge its duties under Class Counsel's supervision and subject to the jurisdiction of the Court. Except as otherwise provided herein, neither the Officer and Director Defendants nor the other Released Parties shall have any responsibility for the administration of the Settlement and shall have no liability to any person, including, but not limited to, the Class Members, in connection with such administration. Class

Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Class at the address of each such person as set forth in the records of Dakota Plains or its transfer agent(s), or who otherwise may be identified through further reasonable effort. Class Counsel will cause to be published the Summary Notice pursuant to the terms of the Preliminary Approval Order or whatever other form or manner might be ordered by the Court. Class Counsel or the Claims Administrator shall be responsible for obtaining the list of security holders (consisting of security purchaser or holder names and addresses), to be provided to the Claims Administrator.

16.     Notwithstanding that the Effective Date has not yet occurred, Class Counsel, subject to entry of an order preliminarily approving the Settlement, may pay from the Total Settlement Fund, without further approval from the Officer and Director Defendants, all reasonable Notice and Administration Costs actually incurred, up to a maximum aggregate total of $100,000.00. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice and Proof of Claim Form, reimbursements to nominee owners for forwarding the Notice and Proof of Claim Form to the beneficial owners of Dakota Plains common stock, publication of the Summary Notice, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted Claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs reasonably paid or reasonably incurred, including any related fees, shall not be returned or repaid to the Officer and Director Defendants or to any person or entity who or which paid any portion of the Settlement Amount on their behalf.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Class Counsel will apply to the Court for (i) an award of attorneys' fees to Plaintiffs' Counsel and (ii) reimbursement of Litigation Expenses incurred in connection with the prosecution of this Action in amounts not to exceed those set forth in the Notice of such amounts to be paid from the Total Settlement Fund. None of the Officer and Director Defendants, nor any other Released Party, shall take any position with respect to such application for an award of attorneys' fees and/or Litigation Expenses.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiffs' Counsel from the Total Settlement Fund immediately upon their award after entry by the Court of the Final Judgment, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlement or any part thereof. In the event that the Effective Date does not occur, or the Final Judgment or the order granting the attorneys' fees and Litigation Expense award is reversed, vacated or modified, or this Stipulation is canceled or terminated for any other reason, and in the event that the attorneys' fees and Litigation Expense award has been paid to any extent to Plaintiffs' Counsel, then Plaintiffs' Counsel shall be obligated to refund to the Escrow Account such amounts of fees and expenses as are consistent with any reversal, vacatur or modification plus interest at the same net rate as earned on the Total Settlement Fund no later than ten (10) business days after receiving from the relevant Officer and Director Defendants' Counsel or a court of appropriate jurisdiction notice of such an event. Plaintiffs' Counsel, as a condition of receiving such fees and expenses, agrees that they are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

19.     An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation or a condition of this Stipulation, the Settlement or the releases provided herein.

The Class Representative and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Any appeal relating to an award of attorneys' fees or Litigation Expenses will not affect the finality of the Settlement, the Final Judgment or the releases provided herein.

20.     Class Counsel shall allocate the Court-awarded attorneys' fees. The Officer and Director Defendants and the other Released Parties shall have no responsibility for any payment of attorneys' fees and expenses to Class Counsel, or any other Plaintiffs' Counsel, over and above payment of their respective settlement payments as specified in Paragraph 3.  The Officer and Director Defendants and the other Released Parties shall have no responsibility for any payment or allocation of any other fees or expenses, in the event that any other person asserts a claim for fees or expenses.

## TAXES

21.     The Parties shall treat the Total Settlement Fund as a "Qualified Settlement Fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. Angeion, as administrator of the Total Settlement Fund within the meaning of Treasury Regulation §1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out Paragraphs 20-24 of this Stipulation including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. As administrator, Angeion shall be responsible for filing or causing to be filed all informational and other tax returns for the Total Settlement Fund (including, without limitation, the returns

described in Treas. Reg. §§1.468B-2(k)(1) and 1.468B-2(1)(2)) and paying from the Total Settlement Fund any Taxes owed thereon. Defendants' Counsel agree to provide promptly to Class Counsel the statement described in Treasury Regulation Section 1.468B-3(e). The Parties and their counsel shall jointly make such elections as are necessary or advisable to carry out the provisions of this Paragraph 21.

22.     All Taxes arising with respect to income earned by the Total Settlement Fund shall be paid out of the Total Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without prior order of the Court. Any tax returns prepared for the Total Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes (including any interest or penalties) on the income earned by the Total Settlement Fund shall be paid out of the Total Settlement Fund as provided herein.

23.     The Total Settlement Fund shall indemnify each of the Officer and Director Defendants and the other Released Parties for all Taxes imposed on the income earned by the Total Settlement Fund. Without limiting the foregoing, from the Total Settlement Fund, the Escrow Agent shall reimburse the Officer and Director Defendants within ten (10) days of written demand jointly submitted by Class Counsel and the Officer and Director Defendants' Counsel for any such Taxes to the extent they are imposed on the Officer and Director Defendants for a period during which the Total Settlement Fund does not qualify as a "qualified settlement fund." All amounts payable pursuant to Paragraphs 21-22 shall be paid from the Total Settlement Fund without prior order of the Court.

24.     For purposes of Paragraphs 21-23,_ references to the Total Settlement Fund shall include any income or interest earned on the Settlement Amount.

25.     The Officer and Director Defendants shall have no responsibility for or involvement in maintaining or investing the Settlement Amount or the Total Settlement Fund or for the establishment or maintenance of the Escrow Account, for the payment of Taxes, or for the distribution of the Total Settlement Fund or the administration of the Settlement. The Officer and Director Defendants take no position with respect to the provisions of this Stipulation governing those issues. The Officer and Director Defendants shall have no further or other liability or obligations to the Class Representative, Class Counsel, Plaintiffs' Counsel or any other Class Member with respect to the Total Settlement Fund except for making the payments of the Settlement Amount in the manner and at the times expressly stated in this Stipulation.

## CLAIMS ADMINISTRATOR

26.     The Claims Administrator shall administer the process of receiving, reviewing and approving or denying Claims under Class Counsel's supervision and subject to the jurisdiction of the Court.  None of the Officer and Director Defendants or other Released Parties shall have any responsibility whatsoever for the administration of the Settlement or the claims process and shall have no liability whatsoever to any person, including, but not limited to, the Class Representative, any other Class Members, Class Counsel or Plaintiffs' Counsel in connection with such administration.

27.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or in part; and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's loss amount (as set forth in the Plan of Allocation to be submitted by Class Counsel to the Court for approval, or in such other plan of allocation as the Court approves).

28.     The Plan of Allocation to be proposed by Class Counsel (which is set forth in the Notice attached hereto as Exhibit 1 to Exhibit A) is not a necessary term of this Stipulation, and it is not a condition of this Stipulation, the Settlement, or the releases provided herein that any particular plan of allocation be approved by the Court.   The Class Representative and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in this Action. No Officer and Director Defendant or any other Released Party shall object to, or have any responsibility or liability whatsoever for, allocation of the Net Settlement Fund. Any appeal relating to the allocation of the Net Settlement Fund, the administration of the Settlement or the claims process will not affect the finality of the Settlement, the Final Judgment, or the releases provided herein.

29.     Any Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Settled Claim.

30.     Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund. No Officer and Director Defendant or any other Released Party shall have any liability, obligation or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund. No Officer and Director Defendant or any other Released Party shall be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Class Counsel with respect to

accepting or rejecting any Claim Form or Claim for payment by a Class Member. Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

31.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the transactions and holdings claimed and the claimed incurred losses, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable.

b.     All Claim Forms must be submitted by the date that will be set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court. Any Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Final Judgment and the releases provided for herein, and will be barred and enjoined from bringing any action, claim or other proceeding of any kind against any Officer and Director Defendant or other Released Party concerning any Settled Claim.  A Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

c.     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine in accordance with this Stipulation and the Court-approved plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below.

d.     Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under the supervision of Class Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below.

e.     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

f.     The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

32.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be  limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claim Forms.

33.     All Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Final Judgment to be entered in the Action and the releases provided for therein, and will be barred and enjoined from bringing any action against any and all of the Officer and Director Defendants or other Released Parties concerning any and all of the Settled Claims.

34.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## THE EFFECTIVE DATE AND RELATED CONDITIONS

35.     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events: (a) the Court has entered the Preliminary Approval Order; (b) the Court has entered the Final Judgment; and (c) the Final Judgment has become Final, as defined in Paragraph 1u. hereof.

36.     Upon the occurrence of all of the events referenced in Paragraph 35, any and all remaining interest or right of the Officer and Director Defendants in or to the Total Settlement Fund, if any, shall be absolutely and forever extinguished.

## TERMINATION OF SETTLEMENT

37.     In the event that this Stipulation is not approved by the Court or the order approving this Stipulation and entering the Final Judgment does not become Final, or this Stipulation is terminated, canceled, or the Effective Date fails to occur for any reason, all settlement payments made on behalf of the Officer and Director Defendants, together with any interest earned thereon, less any Taxes paid or due with respect to such income and less any Notice and Administration Costs actually incurred or paid or payable, shall be refunded directly to the Officer and Director Defendants or to the persons or entities that contributed to the Settlement Amount, per written instructions from the Officer and Director Defendants' Counsel within ten (10) business days of the termination of the Settlement.

38.     In the event of a termination as provided therein, this Agreement shall be considered null and void; all of the Officer and Director  Defendants' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement.  In addition, in the event of such a termination, all of the Parties' respective pre-settlement claims and defenses will be preserved.

39.     In the event the Settlement is terminated in accordance with the provisions herein, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

40.     Any decision with respect to an application for attorneys' fees or Litigation Expenses, or with respect to any plan of allocation, shall not be considered material to this Stipulation and Settlement and shall not be grounds for termination.

## RELEASES AND BAR ORDER

41.     Upon the Effective Date hereof, the Class Representative and each of the other Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims against each and all of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release or is an Authorized Claimant.

42.     The Proof of Claim and Release to be executed by Class Members who seek payment from the Net Settlement Fund shall release all Settled Claims against the Released Parties and shall be substantially in the form contained in Exhibit 2 to Exhibit A attached hereto.

43.     Notwithstanding anything to the contrary above, the Settled Claims do not include claims (i) against non-settling Defendants Michael L. Reger and Ryan R. Gilbertson; or (ii) to enforce the Final Judgment, this Stipulation or the Settlement set forth herein, and any or all of their terms, including but not limited to the releases provided for herein and in the Final Judgment.

44.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and the Officer and Director Defendants' Counsel shall jointly request that the Court enter a Final Judgment which shall be substantially in the form attached hereto as Exhibit B. The proposed Final Judgment shall contain, *inter alia*, the releases described in Paragraphs 8-11 of this Stipulation.

45.     The Final Judgment to be entered in this Action shall also provide, in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA"), as codified at 15 U.S.C.

§ 78u- 4(f)(7)(A), that any and all claims for contribution arising out of any Settled Claims (i) by any person or entity against any of the Released Parties, and (ii) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (i) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (ii) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity, any such claim for contribution.   In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Settled Claim for which such person or entity and any Released Parties are found to be jointly liable shall be reduced by the greater of (i) an amount that corresponds to the percentage of responsibility of any such Released Party for common damages or (ii) the amount paid to the Class by or on behalf of each such Released Party for common damages, unless any such person is found to have knowingly violated the securities laws, in which case such judgment reduction provisions shall not apply.  15 U.S.C. §78u-4(f)(2)(A).

## NO ADMISSION OF WRONGDOING

46.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.    shall not be offered or received against any of the Officer and Director Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Officer and Director Defendants with respect to the truth of any fact alleged by the Class Representative or the validity of any claim that was or could have

been asserted against any of the Officer and Director Defendants in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Officer and Director Defendants; shall not be offered or received against any of the Officer and Director Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Officer and Director Defendants, or against any of the Class Representative or any other Class Members as evidence of any infirmity in the claims or amount of damages of the Class Representative or the other Class Members;

    b.  shall not be offered or received against any of the Defendants or against any of the Class Representative or any other Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, wrongdoing, or amount of damages, or in any way referred to for any other reason as against any of the Officer and Director Defendants, or against any of the Class Representative or any other Class Members, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Officer and Director Defendants, the Class Representative and any other Class Member may refer to it to effectuate the protection from liability granted them hereunder or otherwise to enforce the terms of the Settlement;

    c.  shall not be construed against any Officer and Director Defendant, the Class Representative, or any other Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

d.      shall not be construed as or received in evidence as an admission, concession or presumption against the Class Representative or any other Class Member that any of their claims are without merit or that damages recoverable under the Fourth Amended Complaint would not have exceeded the Settlement Amount.

## MISCELLANEOUS PROVISIONS

47.      All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

48.      Each Officer and Director Defendant or their respective designees contributing to the Total Settlement Fund warrant that, as to the payments made by or on behalf of it, at the time of such payment that the Officer and Director Defendant or their respective designees made or caused to be made pursuant to paragraph 3 above, such Officer and Director Defendant or their respective designees were not insolvent, nor will the payment required to be made by or on behalf of such Officer and Director Defendant or their respective designees render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.

49.      The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Representative, any other Class Members and their attorneys against the Released Parties with respect to all Settled Claims. Accordingly, the Class Representative and the Officer and Director Defendants agree not to assert in any forum that this Action was brought by the Class Representative, or defended by the Officer and Director Defendants, in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of this Action. The parties to this Stipulation agree that

the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties, including mediations conducted under the auspices of a professional mediator, and reflect settlements that were reached voluntarily after consultation with experienced legal counsel.

50.     While retaining the right to deny that the claims asserted in this Action were meritorious, the Officer and Director Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, the Class Representative and the Officer and Director Defendants shall refrain from any accusations of wrongful or actionable conduct by either party concerning the prosecution and resolution of this Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

51.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except in writing signed by or on behalf of the Parties or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation.  The Court shall be the exclusive forum for

any dispute arising out of or relating to the Stipulation, unless the Court lacks jurisdiction, in which case the proceeding shall be brought in any court of competent jurisdiction in the State of New York, County of New York.  The Parties consent to personal jurisdiction and venue in any such proceeding and shall not assert that the court is an inconvenient forum.  The Parties agree that service of process may be effected by notice pursuant to paragraph 64 below.

54.      The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  If any provision of this Stipulation or the application thereof is held to be unenforceable, the Stipulation shall remain enforceable in all other respects.

55.      This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning this Settlement, and no representations, warranties or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

56.      This Stipulation may be executed in one or more original and/or faxed or emailed counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

57.      This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto.

58.      The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

59.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other persons executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

61.     Class Counsel and the Officer and Director Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, this Stipulation and the Settlement, and to promptly agree upon and execute all such other documents as may be reasonably required to obtain final approval by the Court of the Settlement.

62.     All agreements made and orders entered during the course of this Action relating to confidentiality of information shall survive this Stipulation.

63.     Except as otherwise provided herein, each party shall bear its own costs.

64.     If any party is required to give notice to the other parties under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or e-mail or facsimile transmission with confirmation of receipt. Notice shall be provided as follows:

If to Attorneys for Lead Plaintiff:

Cera LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Attn: Solomon B. Cera, Esq.
Attn: Pamela A. Markert, Esq.
Attn: Kenneth A. Frost, Esq.
Email: scera@cerallp.com
Email: pmarkert@cerallp.com
Email: kfrost@cerallp.com

MoloLamken LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel: (212) 607-8160
Attn: Steven Molo, Esq.
Attn: Robert K. Kry, Esq.
Attn: Alex Eynon, Esq.
Attn: Mark Kelley, Esq.
Email: smolo@mololamken.com
Email: rkry@mololamken.com
Email: aeynon@mololamken.com
Email: mkelley@mololamken.com

If to Attorneys for Defendants Craig M. McKenzie, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, James L. Thornton:

Kutak Rock LLP
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Attn: K. Jon Breyer, Esq
Email: Jon.Breyer@kutakrock.com

If to Attorneys for Defendant Gabriel G. Claypool:

Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Attn: Kenneth M. Kliebard, Esq.
Email: kkliebard@morganlewis.com

If to Attorneys for Defendant Timothy R. Brady:

Fox Rothschild LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Attn: Ranelle A. Leier, Esq.
Email: rleier@foxrothschild.com

Dated: May 23, 2022

**CERA LLP**

By:_____

Solomon B. Cera
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Email: scera@cerallp.com

*Class Counsel*


**MOLOLAMKEN LLP**

Steven F. Molo
Robert K. Kry
430 Park Avenue, 6th Floor
New York, NY 10022
Tel: (212) 607-8160
Email: smolo@mololamken.com
Email: rkry@mololamken.com


**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Jeffrey S. Abraham
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Email: JAbraham@aftlaw.com
Email: llevit@aftlaw.com

*Attorneys for Plaintiff*


**KUTAK ROCK LLP**

By:_____

K. Jon Breyer
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Email: Jon.Breyer@kutakrock.com

*Attorneys for Defendants*
*Craig M. McKenzie, Terry H. Rust, Paul M.*
*Cownie, David J. Fellon, Gary L. Alvord,*
*James L. Thornton*


**MORGAN, LEWIS & BOCKIUS LLP**

By:_____

Kenneth M. Kliebard
110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Email: kkliebard@morganlewis.com

*Attorneys for Defendant*
*Gabriel G. Claypool*


**FOX ROTHSCHILD LLP**

By:_____

Ranelle A. Leier
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Email: rleier@foxrothschild.com

*Attorneys for Defendant*
*Timothy R. Brady*

Dated: May 23, 2022

**CERA LLP**

By:_____
Solomon B. Cera
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Email: scera@cerallp.com

*Class Counsel*

**KUTAK ROCK LLP**

By:_____
K. Jon Breyer
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Email: Jon.Breyer@kutakrock.com

*Attorneys for Defendants*
*Craig M. McKenzie, Terry H. Rust, Paul M.*
*Cownie, David J. Fellon, Gary L. Alvord,*
*James L. Thornton*

**MOLOLAMKEN LLP**
Steven F. Molo
Robert K. Kry
430 Park Avenue, 6th Floor
New York, NY 10022
Tel: (212) 607-8160
Email: smolo@mololamken.com
Email: rkry@mololamken.com

**MORGAN, LEWIS, & BOCKIUS LLP**

By:_____
Kenneth M. Kliebard
110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Email: kkliebard@morganlewis.com

*Attorneys for Defendant*
*Gabriel G. Claypool*

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Email: JAbraham@aftlaw.com
Email: llevit@aftlaw.com

*Attorneys for Plaintiff*

**FOX ROTHSCHILD LLP**

By:_____
Ranelle A. Leier
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Email: rleier@foxrothschild.com

*Attorneys for Defendant*
*Timothy R. Brady*

Dated: May 23, 2022

**CERA LLP**

By:_____
Solomon B. Cera
595 Market Street, Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230
Email: scera@cerallp.com

*Class Counsel*

**MOLOLAMKEN LLP**

Steven F. Molo
Robert K. Kry
430 Park Avenue, 6th Floor
New York, NY 10022
Tel: (212) 607-8160
Email: smolo@mololamken.com
Email: rkry@mololamken.com

**ABRAHAM, FRUCHTER & TWERSKY, LLP**

Jeffrey S. Abraham
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Email: JAbraham@aftlaw.com
Email: llevit@aftlaw.com

*Attorneys for Plaintiff*

**KUTAK ROCK LLP**

By:_____
K. Jon Breyer
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Email: Jon.Breyer@kutakrock.com

*Attorneys for Defendants
Craig M. McKenzie, Terry H. Rust, Paul M.
Cownie, David J. Fellon, Gary L. Alvord,
James L. Thornton*

**MORGAN, LEWIS & BOCKIUS LLP**

By:_____
Kenneth M. Kliebard
110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Email: kkliebard@morganlewis.com

*Attorneys for Defendant
Gabriel G. Claypool*

**FOX ROTHSCHILD LLP**

By: _____
Ranelle A. Leier
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Email: rleier@foxrothschild.com

*Attorneys for Defendant
Timothy R. Brady*

38