UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JON D. GRUBER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>RYAN R. GILBERTSON, et al.,<br><br>　　　　　　　　　Defendants. | No. 1:16-cv-09727-JSR<br><br>Hon. Jed S. Rakoff |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S SETTLEMENTS

Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
(415) 777-2230

Steven F. Molo
Robert K. Kry
Mark W. Kelley
Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY  10022
(212) 607-8170
smolo@mololamken.com

*Attorneys for Plaintiff
and All Others Similarly Situated*

## **TABLE OF CONTENTS**

                                                                                                      **Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.      Evidence Relating to the Settlement Is Inadmissible To Prove or Disprove the
           Validity or Amount of Plaintiff's Claims ........................................................................... 2

    II.     Evidence of the Settlement Amounts Should Be Excluded for All Purposes ..................... 4

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alpex Computer Corp. v. Nintendo Co.*,
   770 F. Supp. 161 (S.D.N.Y. 1991) ................................................................................2

*Citibank, N.A. v. Citytrust*,
   No. CV-84-3786, 1988 WL 88437 (E.D.N.Y. Aug. 23, 1988) ......................................3

*Crigger v. Fahnestock & Co.*,
   No. 01 Civ. 781, 2005 WL 857368 (S.D.N.Y. Apr. 14, 2005) ............................2, 4, 5

*Kennon v. Slipstreamer, Inc.*,
   794 F.2d 1067 (5th Cir. 1986) .......................................................................................5

*MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*,
   232 F. Supp. 3d 558 (S.D.N.Y. 2017) ...........................................................................5

*Pierce v. F.R. Tripler & Co.*,
   955 F.2d 820 (2d Cir. 1992) ..........................................................................................2

*SEC v. Treadway*,
   438 F. Supp. 2d 218 (S.D.N.Y. 2006) ...........................................................................5

*United States v. Weiss*,
   930 F.2d 185 (2d Cir. 1991) ..........................................................................................4

*Vincent v. Louis & Marx & Co.*,
   874 F.2d 36 (1st Cir. 1989) ...........................................................................................5

**Rules**

Fed. R. Evid. 402 ................................................................................................................4

Fed. R. Evid. 403 ................................................................................................................4

Fed. R. Evid. 408 ........................................................................................................ *passim*

Fed. R. Evid. 408(a) ...........................................................................................................2

Fed. R. Evid. 408(b) ...........................................................................................................4

**Other Authorities**

2 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* (4th ed.)..............................3

2 Kenneth S. Broun, et al, *McCormick on Evidence* (8th ed.)........................................................2

**INTRODUCTION**

While the proposed settlement with Gilbertson is subject to question, the settlement with the directors and officers is not. And plaintiff is going to trial only against Defendant Michael L. Reger at this time. Federal Rule of Evidence 408 proscribes the use of those settlements at trial to prove or disprove liability as to Plaintiff's remaining claims or the amount of damages. The claims against Reger arise out of the same events, and are asserted by the same party, as the claims resolved by the settlement. The policy considerations underlying Rule 408 thus apply with particular force.

Even if the fact of the settlements is deemed admissible for some other purpose, the Court should nonetheless exclude any reference at trial to their financial terms. Those terms would distract the jury and unfairly prejudice Plaintiff. They would invite a mini-trial on the circumstances of each settlement and the factors – such as insurance coverage and limited financial resources – that were critical considerations for those settlements but which are irrelevant to the claims against Reger. The Court should therefore exclude from introduction into evidence at trial all details of the financial terms of the settlements.

**BACKGROUND**

On May 2, 2022, Plaintiff advised the Court that he had reached an agreement in principle, subject to Court approval, to settle the Class claims against eight of the ten Defendants – former Dakota Plains officers and directors Craig M. McKenzie, Timothy R. Brady, Gabriel G. Claypool, Terry H. Rust, Paul M. Cownie, David J. Fellon, James L. Thornton, and Gary L. Alvord. That settlement followed a lengthy mediation before a retired federal judge. Plaintiff has also executed a settlement agreement with Defendant Ryan R. Gilbertson, although the status of that settlement is subject to dispute.

## ARGUMENT

I. **Evidence Relating to the Settlement Is Inadmissible To Prove or Disprove the Validity or Amount of Plaintiff's Claims**

Federal Rule of Evidence 408 is clear. Consideration furnished, promised, offered, or accepted to compromise a claim "is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Such evidence is inadmissible not only because a settlement "may be motivated by a desire for peace rather than from any concession of weakness of position," but also in order to promote "the public policy favoring the compromise and settlement of disputes." *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 827 (2d Cir. 1992); *see also* Fed. R. Evid. 408 advisory committee notes (1972).

Evidence relating to Plaintiff's settlements with Defendants is therefore plainly inadmissible to prove or disprove liability, or the value of any claim against Defendant Michael L. Reger. That evidence reflects amounts offered and accepted to resolve the Class's claims against the officers and directors and Gilbertson. And those claims are still "dispute[d]" for purposes of Rule 408. *See Alpex Computer Corp. v. Nintendo Co.*, 770 F. Supp. 161, 163 (S.D.N.Y. 1991) ("All that is needed for Rule 408 to apply is an actual dispute, or at least an apparent difference of opinion between the parties as to the validity of a claim.").

That Reger himself was not a party to the settlements is irrelevant. All that matters is that **Plaintiff** was a party. Rule 408 "applies with equal force whether the settlement involves the litigants or a litigant and a third party." *Crigger v. Fahnestock & Co.*, No. 01 Civ. 781, 2005 WL 857368, at *1 (S.D.N.Y. Apr. 14, 2005); *see also* 2 Kenneth S. Broun, et al, *McCormick on Evidence* (8th ed.) ("[T]he principle should protect one who made the offer and is a party to the suit in which the evidence is offered.").

2

Rule 408's policy considerations are critical here.  The settlement with the officers and directors and the proposed settlement with Gilbertson resolve claims arising out of the same facts as the claims against Reger.  *See Citibank, N.A. v. Citytrust*, No. CV-84-3786, 1988 WL 88437, at *2 (E.D.N.Y. Aug. 23, 1988) (admission of settlement of related claims "exemplifies the very evil Rule 408 helps avoid").  *See also* 2 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:59 (4th ed.) ("The terms of Rule 408 leave no doubt that . . . . a defendant cannot prove the invalidity or amount of the claim by proving that the plaintiff[ ] settle[d] with a third person . . . .").  Parties would be less willing to settle claims in a multi-defendant case if remaining defendants could use the terms of the settlement against them.

Moreover, a party's decision to settle with some, but not all, defendants may reflect considerations unique to those settling defendants that have nothing to do with the strength of the claims which remain to be tried.  Here, for example, the settlement terms with the officers and directors were driven heavily by the amount of insurance coverage remaining and the prospect that, absent a settlement, coverage could be substantially dissipated to pay legal fees instead of compensating the Class.  The proposed settlement terms with Gilbertson were driven heavily by the fact that Gilbertson has insufficient assets to satisfy a judgment after he paid very large sums to the U.S. government following his criminal conviction.  There were a host of other complex factors that went into deciding the terms, and specifically, the financial terms, that ended up in the settlement agreement documents.  Admitting those settlements to prove or disprove the validity or amount of Plaintiff's claims against Reger would leave the jury with a fundamentally distorted view of the case.

## II.     Evidence of the Settlement Amounts Should Be Excluded for All Purposes

With respect to the *amounts* of the settlements, the Court should go further and preclude their admission at trial for *any* purpose. That evidence is irrelevant and poses a severe risk of unfair prejudice and jury confusion.

Rule 408 allows the introduction of evidence relating to a settlement for "another purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b). As always, however, such evidence must satisfy the general restrictions on irrelevant or unfairly prejudicial evidence under Rules 402 and 403. Even if the Court permits Reger to inquire into the existence of cooperation agreements as a potential source of bias, admitting the particular amounts of the settlement payments goes far beyond what is necessary to achieve that purpose.

As the Second Circuit has explained, "[w]hen the main circumstances from which bias proceeds have been proven, the trial judge has discretion to determine how far the details, whether on cross-examination or by other witness, may be allowed to be brought out." *United States v. Weiss*, 930 F.2d 185, 197 (2d Cir. 1991). Applying those standards, courts have repeatedly refused to allow parties to inquire into the details of settlement agreements, even where the bare fact of a settlement was potentially relevant to a witness's bias.

In *Crigger v. Fahnestock & Co.*, No. 01 Civ. 781, 2005 WL 857368 (S.D.N.Y. Apr. 14, 2005), for example, a defendant sought to admit evidence of the plaintiff's settlement with former defendants to prove bias and to rebut any assumption by the jury that the settlement terms were favorable to the plaintiff. *Id.* at *1. Judge Keenan allowed the fact of settlement into evidence, but excluded evidence relating to the settlement amount, explaining:

> Once the jury learns of the settlement, disclosure of its amount serves no purpose and could result in additional speculation. If the amount is high, the jury might infer that the settling defendant bears more responsibility for the plaintiff's injury than the nonsettling defendant; if the amount is low, the jury might infer the

4

>  opposite.  Either inference is potentially prejudicial and best avoided by keeping
>  the settlement amount from the jury, regardless of who seeks to offer the evidence.

*Id.* at *2.

Similarly, in *Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067 (5th Cir. 1986), the plaintiff settled with three of the four defendants at the start of trial.  *Id.* at 1069.  The judge informed the jury that the defendants had left the case because they had settled for a nominal amount, $10.  *Id.*  The Fifth Circuit reversed.  It held that the district court could properly disclose the **fact** of a settlement, but that disclosure of the **amount** was erroneous.  *Id.* at 1070.  That error prejudiced the defendant in a number of ways:  "[D]isclosure of the 'nominal' ten dollar settlement in this case suggests to the jury that [the remaining defendant] alone was liable.  Furthermore, the willingness of the plaintiff to settle for a pittance with the other defendants could be taken by the jury as a reflection of the strength of the plaintiffs' case . . . ."  *Id.*; *see also Vincent v. Louis & Marx & Co.*, 874 F.2d 36, 42 (1st Cir. 1989) (affirming exclusion of settlement amount); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 568 (S.D.N.Y. 2017) (admitting cooperation agreements to prove bias but excluding "[t]he terms of the settlements themselves"); *SEC v. Treadway*, 438 F. Supp. 2d 218, 221 (S.D.N.Y. 2006) (similar).

This case is no different.  Just as in *Crigger* and *Kennon*, admission of the settlement amounts would unfairly prejudice Plaintiff by distorting the jury's perception of Plaintiff's case and the value of the claims against Reger.  Admitting those details of the settlement agreement documents at trial would cause jury confusion and unfairly prejudice Plaintiff by inviting the jury to speculate as to the strength of Plaintiff's claims against Reger based on the terms of the settlements.  It would encourage a mini-trial over whether the claims against the other defendants are a relevant benchmark.  And it would invite the jury to use the evidence for the very purposes Rule 408 prohibits.  Evidence of the financial terms should accordingly be excluded.

## CONCLUSION

The Court should preclude Defendants from offering evidence of the settlements to prove or disprove liability or the value of Plaintiff's remaining claims and exclude evidence of the settlement amounts for any purpose.

May 31, 2022

Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
CERA LLP
595 Market Street, Suite 1350
San Francisco, CA 94105
(415) 777-2230

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo
Robert K. Kry
Mark W. Kelley
Alexandra C. Eynon
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
(212) 607-8170
smolo@mololamken.com

*Attorneys for Plaintiff
and All Others Similarly Situated*