UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------- x
JON D. GRUBER, Individually And On  :
Behalf Of All Others Similarly Situated,  :
:
Plaintiff,  :   No. 16-cv-09727-JSR
:
v.  :
:   Hon. Jed S. Rakoff
RYAN R. GILBERTSON, et al.,  :
:
Defendants.  :
:
------------------------------- x

## [PROPOSED] ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENTS AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Gruber v. Gilbertson, et al.* No. 16-cv-09727-JSR (the "Action"); and

WHEREAS, Class Representative Jon D. Gruber (the "Class Representative"), on behalf of himself and the Class (defined below) has entered into separate classwide settlement agreements, subject to Court approval, as follows: (1) with Defendants Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Terry H. Rust, and James L. Thornton (collectively referred to as the "Officer and Director Defendants;" and (2) with defendant Ryan R. Gilbertson. Collectively the Class Representative, the Officer and Director Defendants and defendant Ryan R. Gilbertson are sometimes referred to herein as the "Parties").

WHEREAS the Parties have determined to settle all claims asserted against the Officer and Director Defendants and defendant Gilbertson in this Action with prejudice on the terms and

1

conditions set forth in the Stipulations and Agreements of Settlements dated May 23, 2022 (the "Stipulations") subject to approval of this Court (the "Settlements"); and

WHEREAS, the Class Representative has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the Stipulations, and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Fourth Amended Class Action Complaint for Violations of the Federal Securities Laws, filed in this Action on November 11, 2019 (ECF No. 271); (b) the Class Representative's motion for preliminary approval of the Settlements, and the papers filed and arguments made in connection therewith; and (c) the Stipulations and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulations;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlements** – The Court hereby preliminarily approves the Settlements, as embodied in the Stipulations, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on 10/4, 2022 at 4:00 p.m. in Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for the following purposes: (a) to separately determine as to each Settlement whether the proposed Settlements on the terms and conditions provided for in the Stipulations are fair, reasonable, adequate and should be approved

by the Court; (b) to determine whether Final Judgments substantially in the forms attached as Exhibit B to the Stipulations should be entered dismissing the Action with prejudice against the Officer and Director Defendants and defendant Gilbertson; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Officer and Director Defendants' Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlements. Notice of the Settlements and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

3. The Court may adjourn the Settlement Hearing and approve the proposed Settlements with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Notice** – Class Counsel is hereby authorized to retain the Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Class Counsel as follows:

(a) Class Counsel or the Claims Administrator shall be responsible for obtaining the list of Dakota Plains Holdings, Inc.'s security holders (consisting of security purchaser or holder names and addresses), to be provided to the Claims Administrator;

(b) not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be

mailed by first-class mail to Class Members at the addresses set forth in the records of Dakota Plains or its transfer agent(s), or who otherwise may be identified through further reasonable effort;

(c) not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in the *Wall Street Journal* and the *Minneapolis Star Tribune* and to be transmitted once over the *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on the Officer and Director Defendants' counsel and defendant Gilbertson's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

(e) not later than five (5) days after entry of this Order, the Stipulations, as well as the Notice Packet shall be posted to the web site www.dakotaplainssecuritieslitigation.com.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits A-1, A-2, and A-3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in Paragraph 4 of this Order (i) is the best notice practicable under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlements (including the releases contained therein) and of their right to object to the proposed Settlements and appear at the Settlement Hearing, or exclude themselves from the Class, (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements, and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable

law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or acquired Dakota Plains common stock during the period from March 23, 2012 through and including August 16, 2016, for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners, or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

7. **Participation in the Settlement** – Class Members who wish to participate in the Officer and Director Defendants' Settlement which involves a payment of cash and be eligible to receive a distribution from the Net Settlement Fund must complete and submit the Claim Form approved by this Order in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form, a person or

entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

8. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund, as defined in the Notice; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against each and all of the Released Parties, as more fully described in the Stipulation and Notice.

10. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel, Officer and Director Defendants' Counsel, and Gilbertson's counsel as set forth in paragraph 11 below such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

11. Any Class Member may file a written objection to either or both of the proposed Settlements, the proposed Plan of Allocation and/or the motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlements, the proposed Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on each of the following:

| **Class Counsel** | **Officer and Director Defendants' Counsel** |
|---|---|
| Cera LLP<br>595 Market Street, Suite 1350<br>San Francisco, CA 4105<br>Telephone: (415) 777-2230<br>Attn: Solomon B. Cera, Esq.<br>Attn: Pamela A. Markert, Esq.<br>Attn: Kenneth A. Frost, Esq. | Kutak Rock LLP<br>60 S. 6th Street, Suite 3400<br>Minneapolis, MN 55402-4018<br>Tel: (612) 334-5000<br>Attn: K. Jon Breyer, Esq<br>Email: Jon.Breyer@kutakrock.com<br><br>Morgan, Lewis & Bockius LLP |

Email: scera@cerallp.com
Email: pmarkert@cerallp.com
Email: kfrost@cerallp.com

110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Attn: Kenneth M. Kliebard, Esq.
Email: kkliebard@morganlewis.com

**Defendant Ryan R. Gilbertson's Counsel**

Best & Flanagan LLP
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 339-7121
Attn: Amy S. Conners
Attn: John A. Sullivan
Email: aconners@bestlaw.com
Email: johnsullivan@bestlaw.com

Fox Rothschild LLP
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Attn: Ranelle A. Leier, Esq.
Email: rleier@foxrothschild.com

13. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of his, her or its objection, as well as the specific reasons for each objection, including the legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the number of shares of Dakota Plains common stock purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.

14. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlements, the Plan of Allocation and the motion for attorneys' fees and reimbursement of Litigation Expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlements, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

15. **Stay** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action as against the Officer and Director Defendants and defendant Gilbertson only other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulations. Pending the Settlement Hearing, the Court enjoins the Class Representative and all other Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Settled Claims against each and all of the Released Parties. Such stay and injunction shall not operate to preclude any of the Settling Defendants from testifying at the trial of this Action in fulfillment of their cooperation obligations under the respective Stipulations of Settlement.

16. **Settlement Administration Fees and Expenses** – Prior to the Effective Date, Class Counsel may pay, without further approval of the Officer and Director Defendants and defendant Gilbertson or further order of the Court, all reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlements up to $100,000 as set forth in the Stipulations.

17. **Settlement Fund** – The contents of the Total Settlement Fund held by Heritage Bank of Commerce (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

18. **Taxes** – Class Counsel and/or the Claims Administrator are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Total Settlement Fund, to pay from the Total Settlement Fund any Taxes owed with respect to the Total Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings

in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. **Termination of Settlement** – If one or both of the Stipulations are terminated, the Settlements are not approved, or the Effective Date of one or both of the Stipulations does not occur, this Order shall become null and void as to any Settlement not approved and be without prejudice to the rights of the Class Representative, the Class Members and the Officer and Director Defendants and/or defendant Gilbertson as the case may be, and the Parties shall be deemed to have reverted to their respective positions in this Action as provided in the relevant Stipulations.

20. **Use of this Order** – This Order, the proposed Settlements, the Stipulations and any and all of their respective terms (and all negotiations, discussions and proceedings in connection therewith): (a) shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlements; (b) shall not be described as, construed as, interpreted as or offered or received against any of the Officer and Director Defendants and/or defendant Gilbertson as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Officer and Director Defendant and/or defendant Gilbertson as to any liability, negligence, fault, wrongdoing on his part or the validity of any claim by Class Representative or the merits of any of their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against the Class Representative, or any Class Member as evidence of any infirmity in the claims of the Class Representative, and the Class or that the damages recoverable from the Officer and Director Defendants and/or defendant Gilbertson would not have exceeded the Settlement Amount.

21. **Supporting Papers** – Class Counsel shall file and serve papers in support of the final approval of the proposed Settlements no later than twenty-eight (28) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlements.

SO ORDERED this 5th day of June, 2022.

_____
The Honorable Jed S. Rakoff
United States District Judge