UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
JON D. GRUBER, Individually
and On Behalf of All Others
Similarly Situated,                     16-cv-9727 (JSR)

          Plaintiff,                    ORDER

     -v-

RYAN R. GILBERTSON, et al.

          Defendants.
```

JED S. RAKOFF, U.S.D.J.:

Following a hearing held on May 31, 2022, the Court granted preliminary approval to the proposed settlements between the plaintiff class and defendant Ryan Gilbertson and the so-called Officer and Director Defendants (i.e., all defendants other than Gilbertson and Michael Reger). See ECF 474. One aspect of that order was the approval of a form for notifying members of the class about the settlements. Since that preliminary approval was granted, however, the Court and a jury heard a six-day trial against Reger, the sole non-settling defendant. That trial resulted in a verdict of "Liable" on two of three counts. See ECF 483.

Following trial, the Court granted plaintiff's counsel leave to propose revisions to the class notice, which has not yet been sent. The revision provides information about the trial's outcome and further proceedings arising therefrom. Pursuant to the schedule set by the Court, that revised notice was received, and no objections from any defendant were registered. The Court has subsequently reviewed the

1

proposed revision, which is attached hereto as Exhibit A, and found it satisfactory.

The revised class notice is therefore approved. All other aspects of the preliminary approval order remain intact.

SO ORDERED.

New York, NY
June 17, 2022

_____
JED S. RAKOFF, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JON D. GRUBER, Individually And On            :
Behalf Of All Others Similarly Situated,       :
                                               :
                    Plaintiff,                 :      No. 16-cv-09727-JSR
                                               :
        v.                                     :
                                               :      Hon. Jed S. Rakoff
RYAN R. GILBERTSON, et al.,                    :
                                               :
                    Defendants.                :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF PROPOSED PARTIAL SETTLEMENTS, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

PENDENCY OF THIS CLASS ACTION:  Please be advised that your rights may be affected by this class action lawsuit (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") concerning purchases of Dakota Plains Holdings, Inc. ("Dakota Plains") common stock during the period from March 23, 2012 through and including August 16, 2016, (the "Class Period").  A Notice of the Pendency of this Class Action was previously mailed on or about September 9, 2021.

NOTICE OF SETTLEMENTS:  Please also be advised that the Court-appointed Class Representative Jon D. Gruber (the "Class Representative"), on behalf of himself and the Class (as defined in ¶ 26 below), have reached an agreement to a partial settlement of the Action with the Officer and Director Defendants (defined in ¶ 1 below) for a total of $13.95 million in cash that, if approved, will resolve all claims in the Action (the "Officer and Director Defendants' Settlement") against the Officer and Director Defendants.[1]  The Class Representative has entered into a separate settlement with defendant Ryan R. Gilbertson for his cooperation at trial against non-settling defendant Michael L. Reger.  The two separate settlements are sometimes collectively referred to herein as the "Settlements."

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulations and Agreement of Settlements dated May 23, 2022 (the "Stipulation"), which are available on the website established for the Settlement at www.dakotaplainssecuritieslitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlements.  If you are a Class Member, your legal rights will be affected whether or not you act.**

      1.    **Description of the Action and Class:**  This Notice relates to proposed partial Settlements of claims in a pending class action lawsuit brought by investors alleging that the price of Dakota Plains common stock was artificially inflated as a result of allegedly material omissions by Defendants Michael L. Reger and Ryan R. Gilbertson and from statements issued by Dakota Plains regarding the Company, during the Class Period.  The Officer and Director Defendants are Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Terry H. Rust, and James L. Thornton.  On December 20, 2016, Dakota Plains and its affiliated companies filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota.  Pursuant to Section 362(a) of the Bankruptcy Code, Dakota Plains could not be sued in this litigation.  Accordingly, the Class Representative has not named Dakota Plains as a defendant in the Action.  The proposed partial Settlements, if approved by the Court, will settle claims of all persons and entities who purchased or otherwise acquired Dakota Plains common stock during the Class Period (i.e., from March 23, 2012 through and including August 16, 2016) (the "Class") as against the Officer and Director Defendants and defendant Ryan R. Gilbertson.  The Action is continuing against non-settling defendant Michael L. Reger (see ¶ 42 below).  The Class does not include certain persons and entities who are excluded from the Class by definition (see ¶ 26 below).

      2.    **Statement of Class's Recovery:**  Subject to Court approval, and as described more fully below, the Class Representative, on behalf of himself and the Class, has agreed to settle all claims based on the purchase or acquisition of Dakota Plains common stock during the Class Period that were or could have been asserted against the Officer and Director Defendants in the Action in exchange for a total settlement payment of $13,950,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund").

      The Net Settlement Fund (the Settlement Fund less Taxes, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __ - __ below.

      Subject to Court approval, and as described more fully below, the Class Representative, on behalf of himself and the Class, has agreed to settle all claims based on the purchase or acquisition of Dakota Plains common stock during the Class Period that were or could have been asserted against defendant Gilbertson in consideration of his cooperation at trial of the Action against defendant Michael L. Reger.

      3.    **Estimate of Average Amount of Recovery Per Share:**  The Class Representative's damages expert estimates that approximately 75 million shares of Dakota Plains common stock may have been affected by the conduct at issue in the Action.  If all Class Members elect to participate in the Settlements, the estimated average recovery per affected share of Dakota Plains common stock would be approximately $0.19, before deduction of Court-awarded attorneys' fees and expenses and the costs of providing notice and administering the Settlements.  Class Members should note, however, that this is only an estimate based on the overall number of

potentially affected common shares.  Some Class Members may recover more or less than the estimated amount per share.

4.     **Statement of Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Class Representative was to prevail in the Action.  The Officer and Director Defendants do not agree with the assertion that they engaged in any actionable conduct under the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.     **Statement of Attorneys' Fees and Expenses Sought:** The Court-appointed Class Counsel, Cera LLP, together with additional counsel, have been prosecuting the Action on a wholly contingent basis since its inception in 2016, and have not received any payment of attorneys' fees for their representation of the Class.  Class Counsel and MoloLamken LLP and Abraham Fruchter & Twersky LLP have advanced the funds to pay expenses necessarily incurred to prosecute the Action.  Class Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33⅓% of the Settlement Fund.  In addition, Class Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action, in an amount not to exceed $1,500,000.  If the Court approves Class Counsel's fee and expense application, the average cost per affected share of Dakota Plains common stock will be approximately $0.09.

6.     **Identification of Attorneys' Representative:**  The Class Representative and the Class are being represented by Solomon B. Cera, Esq., of Cera LLP, which was appointed by the Court as Class Counsel.  The law firms of MoloLamken LLP and Abraham Fruchter & Twersky LLP have also acted on behalf of the Class.  Allocation of any Court-awarded attorneys' fees in this Action will be based on each respective firms' lodestar, which refers to the hours worked on the case multiplied by the hourly rates of the attorneys who have worked on the case.  The lodestar incurred in the Action exceeds the requested attorneys' fees.  Any questions regarding the Settlements should be directed to Solomon B. Cera or Pamela A. Markert at Cera LLP, 595 Market Street, Suite 1350, San Francisco, CA 94105, (415) 777-2230, scera@cerallp.com, pmarkert@cerallp.com.

7.     **Reasons for the Settlement:** Class Representative's principal reason for entering into the Officer and Director Defendants' Settlement is the substantial cash benefit payable to the Class now, without further risk or delays inherent in further litigation.  The significant cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial and likely appeals, a process that could last several years into the future.  For the Officer and Director Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for entering into the Settlement is to eliminate the expense, risks, and uncertainty of further litigation.  Class Representative's principal reason for entering into the Settlement with defendant Ryan R. Gilbertson is based on his inability to fund a cash settlement based on his prior payments to the United States Government arising out of his criminal conviction for his activities relating to Dakota Plains.  However, Mr. Gilbertson has agreed to cooperate at trial against non-settling defendant Michael L. Reger.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2022** | This is the only way to be eligible to get a payment from the Officer and Director Defendants' Settlement.  If you are a Class Member, you will be bound by the Settlements as approved by the Court and you will give up any Settled Claims (as defined in ¶ 83 below) that you have against the Officer and Director Defendants and the other Released Parties (defined in ¶ 84 below), so, if you remain in the Class, it is in your interest to submit a Claim Form. |
| **OBJECT TO EITHER OR BOTH OF THE SETTLEMENTS BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | If you do not like the proposed settlements with the Officer and Director Defendants and/or defendant Gilbertson, the proposed Plan of Allocation or the request for attorneys' fees and reimbursement of expenses, you may write to the Court and explain why you do not like them. |
| **GO TO THE HEARING ON _____, 2022 AT __:__ .M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2022.** | Filing a written objection and notice of intention to appear by _____, 2022 allows you to speak in Court about the fairness of the proposed Settlements, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.  If you submit a written objection, you may (but do not have to) attend the hearing and speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a Claim Form by _____, 2022, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlements and you will be bound by any judgments or orders entered by the Court in the Action. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                    Page __
What Is This Case About?  What Has Happened So Far?                           Page __
How Do I Know If I Am Affected By The Settlements?                           Page __
What Are Class Representative's Reasons For The Settlements?                  Page __
What Might Happen If There Were No Settlements?                              Page __
How Much Will My Payment Be?                                                 Page __

4

Status of the Case Against Non-Settling  Defendant Michael L. Reger          Page __
What Rights Am I Giving Up By The Settlements?                               Page __
What Payment Are The Attorneys For The Class Seeking?
How Will The Lawyers Be Paid?                                               Page __
How Do I Participate In The Settlements?  What Do I Need To Do?             Page __
What If I Do Not Want To Participate In The Settlements?
How Do I Exclude Myself?                                                    Page __
When And Where Will The Court Decide Whether To Approve The Settlements?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Settlements?                                         Page __
What If I Bought Shares On Someone Else's Behalf?                           Page __
Can I See The Court File?  Whom Should I Contact If I Have Questions?       Page __

## WHY DID I GET THIS NOTICE?

8.      This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Dakota Plains common stock during the Class Period.  The Court has directed us to send you this Notice because, as a Class Member, you have a right to know about your options before the Court rules on the proposed settlements of this case.  Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlements, a claims administrator selected by the Class Representative and approved by the Court will make payments pursuant to the Settlements after any objections and appeals are resolved.

9.      In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members.  In this Action, the Court has appointed Jon D. Gruber to serve as "Class Representative" under a federal law governing lawsuits such as this one, and has approved Class Representative's selection of the law firm of Cera LLP to serve as Class Counsel in the Action.  A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency.   Upon certification of a class, which occurred in this case on September 17, 2019, the Court must resolve all issues on behalf of the class members, except for any persons who previously chose to exclude themselves from the class.

10.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *Gruber v. Gilbertson, et al.*, File No. 16-cv-09727-JSR.  The Judge presiding over this case is the Honorable Jed S. Rakoff, United States District Judge.  The people who are suing are called plaintiffs, and those who are being sued are called defendants.  In this case, the plaintiff is the Class Representative.  The Officer and Director Defendants are (1) Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Terry H. Rust, and James L. Thornton.  If the Settlement is approved as to the Officer and Director Defendants, it will resolve all claims in the Action by Class Members against the Officer and Director Defendants and will bring the Action to an end as to

them.  If the Settlement is approved as to defendant Ryan R. Gilbertson, it will resolve all claims in the Action by Class Members against Gilbertson and will bring the Action to an end as to him. The Action is continuing against non-settling defendant Michael L. Reger.

11.    This Notice explains the lawsuit, the Settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.  The purpose of this Notice is to inform you of this case, that it is a class action, and how you might be affected.  It also is being sent to inform you of the terms of the proposed Settlements, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlements, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

12.    The Settlement Hearing will be held on _____, 2022 at _:__ p.m., before the Honorable Jed S. Rakoff, in Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007 to determine:

(a)    whether the proposed Settlements are fair, reasonable, and adequate and should be approved by the Court;

(b)    whether the Settled Claims against the Officer and Director Defendants, defendant Gilbertson, and the Released Parties should be dismissed with prejudice as set forth in the Stipulations;

(c)    whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(d)    whether Class Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlements.  If the Court approves the Settlements, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing.  Please be patient.

---

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

14.    The Action is a class action alleging violations of federal securities law by Defendants Michael L. Reger and Ryan R. Gilbertson and the Officer and Director Defendants.

15.    On December 16, 2016, a shareholder class action was filed in the United States District Court for the Southern District of New York, entitled: *Steven Deardeuff v. Dakota Plains Holdings, Inc., et al.* No. 16-cv-09727 (WHP). This action alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder based on allegedly false and misleading statements issued by Dakota Plains in the period from March 23, 2012 through August 15, 2016.  In April 7, 2017, the Court appointed Jon D. Gruber as Lead Plaintiff for the Action and approved Lead Plaintiff's selection of Cera LLP as Lead Counsel.  On July 7, 2017, the Court ordered that this Action be recaptioned as *Gruber v. Gilbertson, et al.*, Case No. 16-cv-09727-WHP.

16.    Class Counsel conducted an investigation that included, among other things, a review of Dakota Plains' filings with the United States Securities and Exchange Commission,

analyst research reports, investor presentations, news articles concerning Dakota Plains and other public data; interviews of relevant fact witnesses; related pending legal proceedings; and legal analysis of the claims against the Officer and Director Defendants and their potential defenses.

17.     On May 1, 2017, the Class Representative filed the First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint asserted claims on behalf of investors who purchased Dakota Plains common stock during the Class Period.  It alleged that Defendants Michael L. Reger and Ryan R. Gilbertson employed a fraudulent scheme by which the Company was taken public, and alleged insider selling of the Company's common stock by them, in violation of Sections 10(b), 20(a), and 20A of the Exchange Act, and Rule 10b-5 promulgated thereunder. The Officer and Director Defendants were alleged to have issued materially false and misleading statements by omission regarding the identity of controlling and greater than 5% shareholders of the Company, and the alleged fraudulent scheme by the founding shareholders of the Company to take the Company public.  The Complaint alleged that information concerning such facts was not disclosed until August 16, 2016 when a Wells notice against defendant Michael L. Reger, which had been issued by the SEC, became known to the public.  A Second Amended Complaint ("SAC") was filed on July 10, 2017. On March 20, 2018, the Court entered its order on defendants' motions to dismiss, upholding the core allegations of the SAC.  ECF No. 119.  On March 8, 2019 a Third Amended Complaint was filed.  ECF No. 175.  The Defendants' motions to dismiss the Third Amended Complaint were resolved by an order dated September 17, 2019.  ECF No. 252.  The Class Representative filed a Fourth Amended Complaint on November 11, 2019, to conform the pleading to the orders of the Court.   The Officer and Director Defendants answered the Fourth Amended Complaint in December 2019 and January 2020.

18.     In November 2018, the Parties voluntarily engaged in a full day mediation session with a retired federal judge and professional mediator to explore a potential resolution of the Action. However, the Parties were unable to reach a settlement at that time and the litigation continued to be aggressively prosecuted by the Class Representative.

19.     On January 29, 2019, the Class Representative moved for class certification (the "Class Certification Motion"). The Defendants opposed the Class Certification Motion on numerous grounds.  Following full briefing and oral argument, the Court, on September 17, 2019, granted the Class Certification Motion and certified a plaintiff class consisting of all those who purchased or otherwise acquired the common stock of Dakota Plains in the period from March 23, 2012 through August 16, 2016.  ECF No. 253.  The Court also by its order appointed Jon D. Gruber as the Class Representative and Cera LLP as Class Counsel.  On October 1, 2019, the Defendants sought to immediately appeal the Class Certification Order to the United States Court of Appeals for the Second Circuit, pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. The Petition was denied by the Second Circuit on February 12, 2020.  On September 21, 2020, the Defendants moved to decertify the Class on various grounds.  That motion was denied by order dated June 17, 2021.  ECF No. 387.

20.     On August 6, 2021, the Court authorized a Notice of Pendency of Class Action to be mailed to all Class members.  ECF No.  396.  Such Notice, which included an opt-out right, was mailed to Class members on September 9, 2021.  There were no requests to opt out of the Action received in response to the Notice.

21.     The Defendants moved for summary judgment on various grounds on September 21, 2020. ECF No. 325. The summary judgment motion was denied by order dated June 17, 2021. ECF No. 387.

22.     Following the death of the Honorable United States District Judge William H. Pauley III, who had overseen proceedings in the Action from its inception, the Action was reassigned to the Honorable United States District Judge Jed S. Rakoff on July 28, 2021. On December 6, 2021, the Court ordered trial of the Action to commence on February 4, 2022. Due to unforeseen developments related to the Covid-19 pandemic, that trial date was vacated, and a new trial date of June 1, 2022 was ordered, which was subsequently changed to June 6, 2022.

23.     On April 27, 2022, the Class Representative and the Officer and Director Defendants participated in a voluntary mediation conducted by a retired federal judge. These parties submitted detailed mediation statements and conducted extensive negotiations through him. Thereafter, these parties reached an agreement in principle to settle on April 28, 2022.

24.     Class Counsel have drafted multiple complaints based on their intensive investigation of the alleged securities fraud, opposed Defendants' multiple motions to dismiss, motions for summary judgment, moved for class certification, engaged in significant discovery and document production, and retained and consulted with experts. They have also researched the applicable law with respect to the claims of the Class Representative against Defendants and the potential defenses thereto. Class Counsel has also received detailed information from Gilbertson and his counsel as to his financial condition and lack of assets. The foregoing has provided Class Counsel with a detailed basis upon which to assess the relative strengths and weaknesses of their position and that of the Officer and Director Defendants and defendant Ryan R. Gilbertson.

25.     On _____, 2022, the Court preliminarily approved the Settlements, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlements.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENTS? |
| --- |

26.     If you are a member of the Class, you are subject to the Settlements. The Class consists of:

> All persons or entities who purchased or otherwise acquired Dakota Plains Holdings, Inc. common stock during the period from March 23, 2012 through and including August 16, 2016. Excluded from the Class are the following persons or entities: (i) any named Defendant in the Action and Dakota Plains; (ii) the parents, successors, subsidiaries, affiliates and assigns of any named Defendant in the Action or of Dakota Plains; (iii) members of the Immediate Family of any named Defendant in the Action; (iv) any person who was an officer or director of Dakota Plains during the Class Period; and (v) any firm, trust, corporation, or other entity in which any of the named Defendants in the Action has a controlling interest or had a controlling interest during the Class Period.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE OFFICER AND DIRECTOR DEFENDANTS' SETTLEMENT.  IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENTS, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2022.**

| WHAT ARE CLASS REPRESENTATIVE'S REASONS FOR THE SETTLEMENTS? |
|---|

27.     The Class Representative and Class Counsel believe that the claims asserted against the Officer and Director Defendants and defendant Ryan R. Gilbertson have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against these Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial that this Action presented, and the defenses asserted by the Officer and Director Defendants.  The Class Representative and Class Counsel have taken into account the issues that would have been decided by a jury in the event of a trial of the Action, including whether these Defendants acted with the requisite intent to mislead investors, and whether all of the Class Members' losses were caused by the alleged omissions and the amount of damages; that the decline in the price of Dakota Plains common stock was caused by factors unrelated to the alleged material omissions; and, that even if liability were established, the amount of damages that could be attributed to the omissions would be hotly contested.  In addition, defendant Gilbertson has satisfied Class Counsel, through his sworn representations, and representations of his counsel, that he is impecunious and unable to fund a cash settlement.  Nonetheless, Class Representative and Class Counsel believe that Mr. Gilbertson's cooperation at trial is a valuable benefit to the Class in pursuing claims against non-settling defendant Michael L. Reger.

28.     In light of the risks referenced above, the amount of the Officer and Director Defendants' Settlement and the immediacy of recovery to the Class, the Class Representative and Class Counsel believe that the proposed Settlements are fair, reasonable and adequate, and in the best interests of the Class.  The Class Representative and Class Counsel believe that the Officer and Director Defendants' Settlement provides a substantial benefit to the Class, namely $13,950,000 in cash that the Officer and Director Defendants will cause to be paid (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after trial and appeals, possibly years in the future.  The settlement with defendant Ryan R. Gilbertson will benefit the Class at trial as Mr. Gilbertson has agreed to testify as to the true facts.

29.     The Officer and Director Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  The Officer and Director Defendants have agreed to their Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission by the Officer and Director Defendants of wrongdoing.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS? |
|---|

30.    If there were no Officer and Director Defendants' Settlement and Class Representative failed to establish any essential legal or factual element of their claims, neither Class Representative nor the other members of the Class would recover anything from the Officer and Director Defendants.  Also, if the Officer and Director Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.  If there were no settlement with defendant Ryan R. Gilbertson, given his lack of assets, any favorable trial verdict against him would likely be uncollectible.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

31.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Officer and Director Defendants' Settlement.

32.    Pursuant to the Settlement, the Officer and Director Defendants have agreed to cause to be paid $13,950,000 in cash (the "Settlement Amount").  The Settlement Amount will be deposited into an interest-bearing escrow account.  The Settlement Amount plus all interest earned thereon is referred to as the "Settlement Fund."  If the Officer and Director Defendants' Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Class Members as set forth in the proposed plan of allocation (the "Plan of Allocation") or such other plan as the Court may approve.

33.    The Net Settlement Fund will not be distributed until the Court has approved a Plan of Allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

34.    Neither the Officer and Director Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's Order or Final Judgment approving the Settlement becomes Final.  The Officer and Director Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

35.    Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

36.    Only Class Members (*i.e.*, persons and entities who purchased or otherwise acquired Dakota Plains Common Stock from March 23, 2012 through and including August 16, 2016), will be eligible to share in the distribution of the Net Settlement Fund.  Each person or entity wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation, postmarked on or before _____, 2022 to the address set forth in the Claim Form that accompanies this Notice.

37.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked on or before _____, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in§ all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Final Judgment entered and the releases given.  This means that each Class Member releases the Settled Claims (as defined in paragraph 61below) against the Released Parties (as defined in paragraph 62below) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Settled Claims against any of the Released Parties regardless of whether or not such Class Member submits a Claim Form.

38.     Information Required on the Claim Form:  Among other things, each Claim Form must state and provide sufficient documentation for the Claimant's opening and closing positions in Dakota Plains common stock on the dates specified in the Claim Form and all transactions in Dakota Plains common stock during the period specified in the Claim Form.

39.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

40.     Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

41.     Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

---

STATUS OF THE CASE AGAINST NON-SETTLING DEFENDANT MICHAEL L. REGER

---

42.     On June 14, 2022, a jury in the Action found defendant Michael L. Reger liable for violating Sections 10(b) and 20(a) of the Exchange Act based on omissions to disclose material information.  Reger was found not liable for violating Section 20A based on alleged insider trading.  The jury found that Mr. Reger's violations caused Dakota Plains' stock price to be inflated throughout the Class Period by 57%.  The jury verdict is subject to post-trial motions and appeal.  Depending on the result of these post-trial proceedings, Class Members could be entitled to receive an additional monetary payment as a result of the jury verdict or no additional monetary payment beyond what is offered through the Officer and Director Defendants Settlement discussed in this notice.  In order to claim any money from the Officer and Director Defendants Settlement and/or what may arise in the future from the verdict against Mr. Reger, you must submit a Claim Form.  All relevant information will be posted at www.dakotaplainssecuritieslitigation.com.

## PROPOSED PLAN OF ALLOCATION

43.     The objective of the Plan of Allocation is to equitably distribute the settlement proceeds to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  In developing the Plan of Allocation, the Class Representative's damages expert calculated the amount of estimated alleged artificial inflation in Dakota Plains common stock which purportedly was proximately caused by the alleged fraud.  In calculating the estimated alleged artificial inflation, the Class Representative's damages expert considered price changes of Dakota Plains common stock in reaction to certain public announcements regarding Dakota Plains

and the allegations in the Fourth Amended Complaint and the evidence developed in support thereof, as advised by Class Counsel.

44.     The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlements.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

45.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants.  The Plan of Allocation is not a formal damage analysis.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

46.     The calculation of Recognized Loss Amounts for Dakota Plains common stock is based on a constant valuation of Dakota Plains common stock of $0.03 throughout the Class Period.

47.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $20.00 or greater.  If both the settlement described herein is approved, the Net Settlement Fund will be the total Settlement Amount plus interest thereon, less any Taxes, Notice and Administration Costs, and less any attorneys' fees and Litigation Expenses awarded by the Court.

48.     Each Authorized Claimant's Recognized Claim shall be the total of his, her or its Recognized Loss Amounts.  Each Authorized Claimant shall recover his, her, or its Recognized Claim.  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, then each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

49.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

50.     If the prorated payment to any Authorized Claimant calculates to less than $20.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

51.     If a Class Member has more than one purchase/acquisition or sale of Dakota Plains common stock during the Class Period, all purchases/acquisitions and sales shall be matched with like securities on a First In, First Out ("FIFO") basis.

52.     Purchases or acquisitions and sales of Dakota Plains common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of Dakota Plains common stock

during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Dakota Plains common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of Dakota Plains common stock unless (i) the donor or decedent purchased or otherwise acquired such Dakota Plains common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Dakota Plains common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

53.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Dakota Plains common stock.  The date of a "short sale" is deemed to be the date of sale of the Dakota Plains common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.

54.     Dakota Plains common stock is the only securities eligible for recovery under the Plan of Allocation.  Option contracts are not securities eligible to participate in the Settlements. With respect to Dakota Plains common stock purchased or sold through the exercise of an option, the purchase/sale date of the Dakota Plains common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

55.     To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Dakota Plains common stock during the Class Period, the value of his, her or its Recognized Claim will be zero.  Such Claimants will in any event be bound by the Settlements.

56.     For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Dakota Plains common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[2] and (ii) the sum of the Sales Proceeds[3] and the Holding Value.[4]  This difference will be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Dakota Plains common stock during the Class Period.

57.     If any funds remain in the Net Settlement Fund because of uncashed distributions or other reasons, then, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be redistributed to Authorized Claimants who have cashed their initial distribution and who would receive at least $20.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the funds, including for such redistribution.  Additional redistributions to Authorized Claimants who have cashed their prior distribution checks and who would receive at least $20.00 on such additional redistributions, subject to the conditions previously noted, may

---

[2] The "Total Purchase Amount" is the total the amount the Claimant paid (excluding commissions and other charges) for all Dakota Plains common stock purchased or acquired during the Class Period.

[3] The "Sales Proceeds" is the total amount received for sales of Dakota Plains common stock sold during the Class Period.

[4] The Claims Administrator shall ascribe a value of $0.03 per share of Dakota Plains common stock, still held as of the close of business on August 16, 2016 (the "Holding Value").

occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional redistribution, after the deduction of any additional fees and expenses that would be incurred with respect to such redistributions, would be cost-effective.  At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to non-sectarian, not-for-profit 501(c)(3) organizations recommended by Class Counsel and approved by the Court.

58.    Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against the Class Representative, Class Counsel, the Officer and Director Defendants, the Officer and Director Defendants' Counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Class Representative, the Officer and Director Defendants, the Officer and Director Defendants' Counsel, and the other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

59.    The Plan of Allocation set forth herein is the plan that is being proposed by the Class Representative and Class Counsel to the Court for approval.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any orders regarding a modification of the Plan of Allocation will be posted to the settlement website, www.dakotaplainssecuritieslitigation.com.

## WHAT RIGHTS AM I GIVING UP BY THE SETTLEMENTS?

60.    You will be bound by any orders issued by the Court.  If the Settlements are approved, the Court will enter judgments (the "Final Judgments").  The Final Judgments will dismiss with prejudice the claims against the Officer and Director Defendants and defendant Ryan R. Gilbertson and will provide that, upon the Effective Date of the Settlements, the Class Representative and all other Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, investors and agents in their capacity as such shall be deemed by operation law to have fully, finally, and forever released, waived, discharged, and dismissed each and every Settled Claim (as defined in paragraph 61 below) against each and all of the Released Parties (as defined in paragraph 62 below), whether or not the Class Representative or Class Members execute and deliver a Claim Form to the Claims Administrator.

61.    "Settled Claims" means any and all claims, causes of action and rights of every nature and description, including Unknown Claims (as defined below), whether direct, derivative, individual, or representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, to the fullest extent that the law permits their release in this Action, that the Class Representative or any other member of the Class has against the Officer and Director Defendants and that have been (a) asserted in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this

Action, or (b) could have been asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Fourth Amended Complaint (including without limitation all claims arising out of or relating to any disclosures, public filings, registration statements, or other statements by Dakota Plains or any of the Officer and Director Defendants and defendant Ryan R. Gilbertson referred to or set forth in the Fourth Amended Complaint, or any other pleadings or briefs filed by the Class Representative in this Action), or any other pleadings or briefs filed by the Class Representative in this Action and that arise out of or are in any way related to the purchase of Dakota Plains common stock during the Class Period.  Notwithstanding the foregoing, "Settled Claims" expressly do not bar or waive (i) the rights of the Class Representative and the Class Members against non-settling defendant Michael L. Reger; (ii) claims relating to enforcement of the terms of the Settlements.

62.     "Released Parties" means each and all of the Officer and Director Defendants and their Related Parties and as to defendant Ryan R. Gilbertson himself and members of his Immediate Family.

63.     "Unknown Claims" means any Settled Claim which the Class Representative or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Claims Against Plaintiffs which any Officer and Director Defendant or defendant Ryan R. Gilbertson or any other Released Party does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlements.  With respect to any and all Settled Claims and Released Claims Against Plaintiffs, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Officer and Director Defendants or defendant Ryan R. Gilbertson shall expressly waive, and each other Class Member and each other Released Party shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived the provisions, rights and benefits conferred by California Civil Code § 1542 or any law of any state or territory of the United States, or principle of common law, or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Officer and Director Defendants and defendant Ryan R. Gilbertson, and each other Class Member and each other Released Party may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and Released Claims Against Plaintiffs, but Plaintiffs and the Officer and Director Defendants and defendant Ryan R. Gilbertson, and each other Class Member and each other Released Party, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims and Released Claims Against Plaintiffs, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Class Representative and the Officer and Director Defendants

and defendant Ryan R. Gilbertson acknowledge, and each other Class Member and each other Released Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Claims as used herein was separately bargained for and was a key element of the Settlements of which this release is a part.

64.     The Final Judgments also will provide that, upon the Effective Date of the Settlements, each of the Officer and Director Defendants and defendant Ryan R. Gilbertson and each of the other Released Parties, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed all claims, causes of action and rights of every nature and description, including Unknown Claims, whether direct, derivative, individual, representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation, to the fullest extent that the law permits their release in this Action, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Officer and Director Defendants or the allegations, transactions, facts, matters or occurrences underlying such claims, except for claims relating to the enforcement of the terms of the Stipulations or the Settlements against (i) all Plaintiffs and their respective attorneys, (ii) any other Class Member, and (iii) each of the foregoing individuals' and/or entities' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such. Nothing herein shall release or waive the rights of the Class Representative and Class Members against non-settling defendant Michael L. Reger.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

65.     Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlements, Class Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 33⅓% of the Settlement Fund.   At the same time, Class Counsel also intend to apply for the reimbursement of Litigation Expenses not to exceed $1,500,000, plus an application for reimbursement of the reasonable costs and expenses incurred by the Class Representative directly related to his representation of the Class.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.

| HOW DO I PARTICIPATE IN THE SETTLEMENTS?  WHAT DO I NEED TO DO? |
|---|

66.     To be eligible for a payment from the proceeds of the Officer and Director Defendants' Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation postmarked no later than _____, 2022. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.dakotaplainssecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-_____.  If you do not submit a timely

and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.  Please retain all records of your ownership of and transactions in Dakota Plains common stock, as they may be needed to document your Claim.

67.     As a Class Member, you are represented by Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlements?," below.

68.     If you are a Class Member and you wish to object to one or both of the Settlements, the proposed Plan of Allocation, or Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlements?," below.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENTS?**
> **DO I HAVE TO COME TO THE HEARING?**
> **MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENTS?**

69.     Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.  You can participate in the Settlements without attending the Settlement Hearing.

70.     The Settlement Hearing will be held on October 4, 2022 at 4 p.m. before the Honorable Jed S. Rakoff, in Courtroom 14B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.  The Court reserves the right to approve the Settlements and/or the Plan of Allocation at or after the Settlement Hearing without further notice to the members of the Class.

71.     Any Class Member may object to the proposed settlement with the Officer and Director Defendants, the separate proposed settlement with defendant Ryan R. Gilbertson, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____, 2022.  You must also serve the papers on Class Counsel and the Officer and Director Defendants' Counsel and/or defendant Ryan R. Gilbertson's Counsel at the addresses set forth below so that the papers are *received* on or before _____, 2022.

**Clerk's Office:**

United States District Court
For The Southern District Of New York
Clerk of the Court
Daniel Patrick Moynihan United States
Courthouse
500 Pearl Street
New York, New York, 10007

**Class Counsel:**

Cera LLP
Solomon B. Cera, Esq.
Pamela A. Markert, Esq.
595 Market Street, Suite 1350
San Francisco, CA 94105
Email: scera@cerallp.com
Email: pmarkert@cerallp.com

### Officer and Director Defendants' Counsel

Kutak Rock LLP
K. Jon Breyer, Esq
60 S. 6th Street, Suite 3400
Minneapolis, MN 55402-4018
Tel: (612) 334-5000
Email: Jon.Breyer@kutakrock.com

Fox Rothschild LLP
Ranelle A. Leier, Esq.
222 South Ninth Street, Suite 2000
Minneapolis, MN 55402-3338
Tel: (612) 607-7000
Email: rleier@foxrothschild.com

Morgan, Lewis & Bockius LLP
Kenneth M. Kliebard, Esq.
110 North Wacker Drive
Chicago, IL 60601
Tel: (312) 324-1000
Email: kkliebard@morganlewis.com

### Defendant Ryan R. Gilbertson's Counsel

Best & Flanagan LLP
Amy S. Conners
John A. Sullivan
60 South Sixth Street, Suite 2700
Minneapolis, MN 55402
Tel: (612) 339-7121
Email: aconners@bestlaw.com
Email: johnsullivan@bestlaw.com

72. Any objection to one or both of the Settlements (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove the number of shares of Dakota Plains common stock that the objecting Class Member purchased/acquired and sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale.

73. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless

you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.     If you wish to be heard orally at the hearing in opposition to the approval of one or both of the Settlements, the Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses, and if you file and serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and the Officer and Director Defendants' Counsel at the addresses set forth above so that it is *received* on or before _____, 2022.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

75.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel so that the notice is *received* on or before _____, 2022.

76.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlements, the proposed Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

| WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

77.     If you purchased or otherwise acquired Dakota Plains common stock during the period from March 23, 2012 through and including August 16, 2016, for the beneficial interest of a person or entity other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to *Gruber v. Gilbertson, et al.*, c/o Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from website maintained by the Claims Administrator, www.dakotaplainssecuritieslitigation.com or by calling the Claims Administrator toll-free at 1-_____.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

78.     This Notice contains only a summary of the terms of the proposed Settlements. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulations, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007.  Additionally, copies of the Stipulations and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.dakotaplainssecuritieslitigation.com.  All inquiries concerning this Notice or the Claim Form should be directed to:

*Gruber v. Gilbertson, et. al.*          **OR**          Solomon B. Cera, Esq.
c/o Angeion Group                                   Pamela A. Markert, Esq.
1650 Arch Street, Suite 2210                          Kenneth A. Frost, Esq.
Philadelphia, PA 19103                                     CERA LLP
1-_____                                595 Market Street, Suite 1350
www.dakotaplainssecuritieslitigation.com              San Francisco, CA 94105
1-800-778-1822
scera@cerallp.com
pmarkert@cerallp.com
kfrost@cerallp.com

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2022                    By Order of the Clerk of Court
United States District Court
for the Southern District of New York