UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

JON D. GRUBER, Individually And On      :    No. 16-cv-09727-JSR
Behalf Of All Others Similarly Situated,     :
                                      :

               Plaintiff,          :    Hon. Jed S. Rakoff
                                        :

       v.                         :
                                        :

RYAN R. GILBERTSON, et al.,           :
                                        :

             Defendants.       :
                                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST
DEFENDANT MICHAEL L. REGER**

**TABLE OF CONTENTS**

**Page(s)**

I.     PROCEDURAL BACKGROUND......................................................................................1

II.    ARGUMENT ................................................................................................................3

    A.    Legal Standard ...............................................................................................3

    B.    Calculation of Final Judgment Amount .......................................................3

    C.    Application of Post-Judgment Interest.........................................................6

III.   CONCLUSION............................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

Cases

*Ginett v. Computer Task Group, Inc.,*
    962F.2d 1085 (2d Cir. 1992) ............................................................................... 3

*In re Worldcom, Inc. Sec. Litig.,*
    2005 WL 335201 (S.D.N.Y. Feb. 14, 2005) ........................................................ 6

*Information Resources, Inc., v. Dun & Bradstreet Corp.,*
    294F.3d 447 (2d Cir. 2002) .................................................................................. 3

*Lewis v. Whelan,*
    99 F. 3d 542 (2d Cir. 1996) .................................................................................. 6

*Salamone v. Douglas Marine Corp.,*
    2021 WL 3723105 (N.D.N.Y. Aug. 23, 2021) ..................................................... 6

Statutes

15 U.S.C. §78u-4(f)(7)(B) ............................................................................................ 2

15 U.S.C. §78u-4(f)(7)(B)(i) ........................................................................................ 2

15 U.S.C. §78j(b) .......................................................................................................... 1

15 U.S.C. §78t(a) .......................................................................................................... 1

28 U.S.C. §1961(a) ....................................................................................................... 6

28 U.S.C. §1961(b) ....................................................................................................... 6

Securities Exchange Act of 1934

    Section 10(b) .......................................................................................................... 1

    Section 20(a) ....................................................................................................... 1, 4

Federal Rules of Civil Procedure

    Rule 54(b) ............................................................................................................. 1, 3

Plaintiff and Class Representative Jon D. Gruber, on behalf of himself and the certified Class ("Plaintiffs"), respectfully submits this memorandum of law in support of the motion for entry of final judgment against defendant Michael L. Reger ("defendant" or "Reger"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1]

## I.       PROCEDURAL BACKGROUND

On June 14, 2022, a jury returned a verdict finding Reger liable for knowingly violating Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b), 78t(a).  The jury determined that Reger's violations of the federal securities laws were intentional and caused the market price of Dakota Plains Holdings, Inc. ("Dakota Plains") stock to be inflated by 57% throughout the Class Period. ECF 483 at 1-2; ECF 478 at 15. Therefore, Reger moved for a judgment notwithstanding the verdict as a matter of law and, in the alternative, a new trial.  ECF 508.  On September 14, 2022, the Court denied the motion.  *See* ECF 525, 526.

Prior to trial, the eight Officer and Director defendants ("O&D Defendants")[2] and defendant Ryan R. Gilbertson ("Gilbertson") reached separate agreements to settle this litigation on a classwide basis.  The O&D Defendants settled for a payment of $13,950,000 together with an agreement to cooperate by providing witness testimony at trial.  ECF 521 at 3.  Gilbertson's was a cooperation only settlement given that he is impecunious having paid very substantial sums to the Government pursuant to criminal proceedings against him.  *Id.* At 3-4.  The Court finally

---

[1] All references hereafter to "Rule __" are to the Federal Rules of Civil Procedure.

[2] The O&D Defendants are Gabriel G. Claypool, Craig M. McKenzie, Timothy R. Brady, Terry H. Rust, Paul M. Cownie, David J. Fellon, Gary L. Alvord, and James L. Thornton.

approved these settlements (including modifications to the forms of final judgment) on December 21, 2022, after notice to the class and final settlement hearings. ECF 537 at 50, 54-55.

At the direction of the Court, the parties previously filed briefs regarding the appropriate calculation of damages on the Reger jury verdict.[3]  The Court's December 21, 2022 Opinion and Order resolved these matters.  ECF 537.  First, by stipulated agreement of the parties at trial, the Court undertook to apportion responsibility for the securities fraud at issue pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  *Id.* at 2.  The Court determined that under 15 U.S.C. §78u-4(f)(7)(B)(i), Gilbertson was responsible for 50% of "plaintiffs' loss." *Id.* at 28 n.9, 34, 54.  The Court further ruled that under 15 U.S.C. §78u-4(f)(7)(B) Reger is entitled to an offset in the amount of the O&D Defendants' settlement.  *Id.* at 26, 28 n.9.  The Court also ruled that in determining losses, the FIFO methodology would be applied with respect to matching an investor's multiple purchases with multiple sales.  *Id.* at 38.  Lastly, the Court denied prejudgment interest.  *Id.* at 45.

The Claims Administrator has now calculated the total compensable losses of the Class to be $51,818,909.82.  See Declaration of Charlie E. Ferrara In Support of Plaintiff's Motion for Distribution of the Officer and Director Defendants' Settlement Fund and Payment of Administrator's Fees and Expenses at ¶¶ 24-25, filed herewith.  Reger is expected to challenge the validity of certain claims.  Following resolution of any claims disputes, the Court should enter judgment against Reger.

---

[3] Plaintiffs' briefs were Plaintiffs' Memorandum of Law on Damages Pursuant to the Court's June 14, 2022 Order, filed October 14, 2022, and Plaintiffs' Reply Memorandum of Law on Damages Pursuant to the Court's June 14, 2022 Order, filed November 11, 2022.  ECF Nos. 531, 535.

## II.   <u>ARGUMENT</u>

### A.   **Legal Standard**

Final judgment as to less than all parties or claims is governed by Rule 54(b).  Rule 54(b) specifies, in part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Upon resolution of any claims challenges, the matter will be finally resolved as to Reger, allowing judgement to be entered.  As explained by the Second Circuit, "[a] court's disposition of a claim is final if it "'ends the litigation [of that claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim . . . ." *Information Resources, Inc., v. Dun & Bradstreet Corp.,* 294 F.3d 447, 451 (2d Cir. 2002) (*quoting Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1092 (2d Cir. 1992)*.* (other quotation and citation omitted).

Following resolution of any claims disputes, there will be "no just reason for delay" in the Court's entry of final judgment against Reger, and the Court should make an express finding to that effect as required by Rule 54(b).

### B.   **Calculation of Final Judgment Amount**

At trial, the jury determined that Reger was a knowing violator of the antifraud provisions of the Exchange Act and that his fraud caused 57% artificial inflation in the price of Dakota Plains stock purchased by Class members during the Class Period.  *See* ECF 478 at 15, 16, 19; ECF 483 at 1-2.

The Claims Administrator has calculated total Class member losses to be $51,818,909.82. For the reasons argued by Plaintiffs in their prior submissions on damages (see ECF 531, 535),

the Court should enter judgment against Reger applying only the $13.95 million offset for the O&D Defendants' settlement and zero dollars attributable to Gilbertson.  Thus, the Reger final judgment should be calculated as follows: ($51,818,909.82 - $13,950,000) x 0.57 = **$21,585,278.60.**  The Court previously rejected Plaintiffs' arguments regarding the allocation of responsibility to Gilbertson.  ECF 537 at 2-26.  To preserve their arguments for appeal, Plaintiffs maintain that no offset is appropriate for Gilbertson.[4]

Plaintiffs recognize that the Court has determined that the O&D Defendants' settlement requires an offset of $13.95 million and that Gilbertson's conduct supports an allocation of 50% responsibility for plaintiffs' losses.  *See* ECF 537 at 26, 28, 29, 34, 54.[5]  Applying these offsets, the judgment against Reger should be calculated as follows:

- First, start with the total loss as determined by the Claims Administrator, which is $51,818,909.82;

- Second, subtract the $13,950,000 O&D Defendants' settlement from the total loss;

- Third, apply Gilbertson's 50% share of responsibility to the above amount; and

---

[4] *See* ECF 531 at 9-12; ECF 535 at 2-10.  Plaintiffs also preserve for appeal their argument that an award of pre-judgment interest is appropriate in this case.  ECF 531 at 14-20; ECF 535 at 16-20.

[5] The jury determined that under Section 20(a) Reger was a control person of Dakota Plains. ECF 483 at 2.  Giving Reger the benefit of the full amount of the O&D Defendants' settlement improperly allows an offset to be applied to what is essentially Reger's own wrongful conduct. As the Court noted, ECF 525 at 36-37: "Dakota Plains, not just Reger, was obliged to disclose Reger's substantial ownership in the company, and, in light of the evidence before the jury that Reger intentionally sought to conceal that ownership, it was not unreasonable for the jury to infer that Reger used his influence to prevent Dakota Plains from disclosing it." ECF 525 at 36-37 (citations omitted).

4

- Fourth, apply the 57% jury determined inflation amount.

The result is Reger's judgment amount: **$10,792,639.30.**

In the alternative, if the Court concludes that the PSLRA requires that the 57% inflation figure be applied first and the settlement offsets applied second, the correct amounts for the Reger judgment would be (1) without any Gilbertson offset, ($51,818,909.82 x 0.57) - $13,950,000 = **$15,586,778.60**; or (2) with the Court's 50% Gilbertson offset, ($51,818,909.82 x 0.57) – ($13,950,000)) x 0.50 = **$7,793,389.30**.

Reger may argue that the Court should apply the 57% inflation figure and the 50% Gilbertson share of responsibility first, and the $13.95 million O&D Defendants' settlement last. But applying the reductions in that order would produce an absurd result. The amount of the Reger judgment would then be only ($51,818,909.82 x 0.57 x 0.50) - $13,950,000 = **$818,389.30**. In other words, based on the jury's inflation determination, 50% of the damages verdict would be allocated to Gilbertson, 47% to the O&D settlement ($51,818,909.82 x 0.57 = $29,536,778.60; $13,950,000/$29,536,778.60= 47.23%), and a mere **3%** to Reger ($51,818,909.72 x 0.57 = $29,536,778.60; $818,389.30/ $29,536,778.60 = 2.77%). That result would be an unjust windfall to Reger that could not possibly be consistent with this Court's intent in allocating responsibility. This Court concluded in its allocation opinion that Reger bore substantial responsibility for Plaintiffs' losses. ECF 537 at 33 (noting that "there was ample evidence both of Reger's personal involvement in Gilbertson's misconduct and of the role that Reger's concealment of his ownership played in investors' losses"). (citation omitted). A

judgment against Reger for less than 3% of plaintiffs' fraud-related losses as found by the jury would not be consistent with that finding.[6]

### C.     Application of Post-Judgment Interest

With respect to any delay in payment following the Court's entry of the final judgment amount against Reger, Plaintiffs are entitled to post-judgment interest on the full amount pursuant to 28 U.S.C. §1961(a).  *See also Lewis v. Whelan,* 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. §1961(a)).[7]

The 1-year constant maturity Treasury yield, as published by the Board of Governors, for May 2, 2023 is 4.74 %.  *See* https://www.federalreserve.gov/releases/h15/ (visited May 3, 2023). Under 28 U.S.C. §1961(b), "interest shall be compounded annually."  The Court's judgment should provide for post-judgment interest consistent with these requirements.

---

[6] This would be a wildly unreasonable result and one "destructive" of the intent of the PSLRA to hold knowing violators of the Exchange Act such as Reger responsible for 100% of losses.  *See In re Worldcom, Inc. Sec. Litig.*, 2005 WL 335201, at *15 (S.D.N.Y. Feb. 14, 2005).  Congress could not possibly have envisioned such an absurd result for a knowing violator of the federal securities laws which the jury found personally responsible for 57% price inflation on losses determined by the Claims Administrator to be more than $51,000,000.

[7] Plaintiffs are entitled to post-judgment interest on the full amount of the judgment in accordance with 28 U.S.C. §1961(a).  *Salamone v. Douglas Marine Corp.*, 2021 WL 3723105, at *8 (N.D.N.Y. Aug. 23, 2021)

## III.   <u>CONCLUSION</u>

Plaintiffs respectfully request that the Court enter final judgment against defendant

Michael L. Reger in the amount of $10,792,63.30, plus post-judgment interest.


Dated:  May 3, 2023                                        Respectfully submitted,

**CERA LLP**

By:  /s/ *Solomon B. Cera*
Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
201 California Street, Suite 1240
San Francisco, CA 94111
Telephone: (415) 777-2230
Email: scera@cerallp.com
Email: pmarkert@cerallp.com
Email: kfrost@cerallp.com

*Class Counsel*

**MOLOLAMKEN LLP**
Steven F. Molo
Robert K. Kry
430 Park Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 607-8170
Email: smolo@mololamken.com
Email: rkry@mololamken.com

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Email: jabraham@aftlaw.com
Email: llevit@aftlaw.com

*Attorneys for Plaintiff and on Behalf
of All Others Similarly Situated*