UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JON D. GRUBER, Individually And On          :   No. 16-cv-09727-JSR
Behalf Of All Others Similarly Situated,    :
                                            :
              Plaintiff,                    :   Hon. Jed S. Rakoff
                                            :
     v.                                     :
                                            :
RYAN R. GILBERTSON, et al.,                 :
                                            :
              Defendants.                   :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR AN ORDER AUTHORIZING DISTRIBUTION OF THE
OFFICER AND DIRECTOR DEFENDANTS' SETTLEMENT FUND
AND PAYMENT OF CLAIMS ADMINISTRATION FEES AND EXPENSES**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

    A. The Officer and Director Defendants' Settlement ............................................... 2

    B. Claims Administration .......................................................................................... 3

        1. The Claims Process ......................................................................................... 3

        2. Claims Administration Costs and Expenses .................................................. 5

    C. The Net Settlement Fund ...................................................................................... 5

III. ARGUMENT .................................................................................................................... 6

    A. The Court Should Approve the Administrative Determinations and Recommendations Concerning Acceptance or Rejection of Claims ................... 6

    B. Claims Disputes .................................................................................................... 7

        1. Shares Purchased On the December 2013 PIPE Offering That Have a Recognized Loss Should Participate in the Net Settlement Fund ................ 8

        2. Pre-Owned Shares Should Be Applied When Calculating a Claimant's Recognized Loss Pursuant to FIFO .............................................................. 10

        3. Pre-Owned Shares Should Not Be Eligible for Recognized Losses ........... 11

        4. Late Claims that are Otherwise Valid Should be Paid ............................... 11

    C. The Court Should Permit Angeion to Distribute the Net Settlement Fund After Authorizing Payment of Administrator's Fees and Costs ............................... 13

IV. CONCLUSION ............................................................................................................... 13

## **TABLE OF AUTHORITIES**

Cases

*Alexander v. Saul*,
  5 F.4th 139 (2d Cir. 2021) ................................................................................................ 12

*In re Cendant Corp. Prides Litig.*,
  189 F.R.D. 321 (D.N.J. 1999) ........................................................................................... 13

*In re Crazy Eddie Sec. Litig.*,
  906 F. Supp. 840 (E.D.N.Y. 1995) .................................................................................... 13

*Turka v. S. Carolina Public Serv. Auth.*,
  2020 WL 901965 (D.S.C. Feb. 25, 2020) .......................................................................... 9

*Valley Drug Co. v. Geneva Pharms., Inc.*,
  262 F. App'x 215 (11th Cir. 2008) .................................................................................... 13

*Zients v. LaMorte*,
  459 F.2d 628 (2d Cir. 1972) .............................................................................................. 12

Rules

Rule 23(e)(1) ............................................................................................................................. 3

## I. INTRODUCTION

On December 22, 2022, the Court entered an order finally approving the settlements in this litigation between Class Representative Jon D. Gruber, on behalf of himself and the Class ("Plaintiffs") and (1) defendants Gabriel G. Claypool, Timothy R. Brady, Craig M. McKenzie, Paul M. Cownie, David J. Fellon, Gary L. Alvord, Terry H. Rust, and James L. Thornton (the "O&D Defendants"), and (2) defendant Ryan R. Gilbertson ("Gilbertson") (hereafter, the "Final Approval Order," ECF 537).

In connection with the O&D Defendants' $13,950,000 Settlement[1], notice thereof was disseminated to the Class, claims have been submitted, and the claims review process has now been completed.[2]  As a result, Plaintiffs, by and through Class Counsel[3], request an order authorizing distribution of the Settlement Fund to Authorized Claimants.  The proposed form of distribution order submitted herewith provides for the following:

1. Acceptance of the administrative determinations by Angeion Group ("Angeion"), the claims administrator appointed by the Court in its June 6, 2022 Order Preliminarily Approving Proposed Settlements and Providing for Notice (the "Preliminary Approval Order," ECF 474 at ¶4) concerning the approval and/or rejection of claims submitted by Class Members in response to the Settlement Notice, as detailed in the Declaration of Charles E. Ferrara in Support of Plaintiffs' Motion an Order Authorizing Distribution of the Officer and Director

---

[1]   For purposes of this motion, all references to the "Settlement" and "Settlement Fund" refer to the O&D Defendants' $13,950,000.00 settlement payment.

[2]   All claims recommendations made by the Claims Administrator are intended to apply to the judgement to be entered against defendant Michael L. Reger, as well as to govern payment of the O&D Defendants' settlement proceeds to Class members.

[3]   Unless otherwise defined herein, capitalized terms shall have the same meanings as used in the Stipulation and Agreement of Settlement (Officer and Director Defendants).  ECF 461-1.

Defendants' Settlement Fund and Payment of Claims Administration Fees and Expenses (the "Ferrara Declaration" or "Ferrara Decl."), filed concurrently therewith.

2. Allowing the claims of those who purchased shares of Dakota Plains Holdings, Inc. ("Dakota Plains" or the "Company") on its December 11, 2013 PIPE offering at a per share price of $2.15 (the "December 2013 Offering") and who sustained a recognized loss;

3. Application of FIFO to pre-Class Period shares purchased by claimant Silver Mountain Partners LP (Claim No. DKTP000343-01) from the privately-held predecessor company to Dakota Plains -- Dakota Plains Transport, Inc. – which shares were subsequently reissued as Dakota Plains shares on the first day the Company was publicly traded and where the claimant also purchased Dakota Plains shares during the Class Period;

4. Denial of a claim from an investor, Thomas Pivec (Claim No. DKTP000428) that did not include any Class Period purchases of Dakota Plains shares but is based on the reissuance of stock in Dakota Plains Transport, Inc. as Dakota Plains common shares as of the first day of the Class Period ;

5. Approving five late-filed but otherwise valid claims, based on equitable considerations; and

6. Payment from the Settlement Fund of Angeion's unpaid fees and costs incurred through April 30, 2023, its estimated fees and costs to distribute the Net Settlement Fund, and authorization of a $25,000 reserve for taxes and other anticipated expenses.

## II.   BACKGROUND

A.   **The Officer and Director Defendants' Settlement**

On June 6, 2022, this Court preliminarily approved the proposed settlements with the O&D Defendants and defendant Gilbertson "as being fair, reasonable and adequate as to Class

2

Members, subject to further consideration at the Settlement Hearing." Preliminary Approval Order, ECF 474 ¶1. In addition to approving dissemination of a Settlement Notice to the Class, the Preliminary Approval Order also authorized Class Counsel, without further approval of the Court, to pay "all reasonable costs incurred in identifying and notifying Class Members as well as in administering the Settlements up to $100,000 as set forth in the stipulations." *Id*. at ¶16.[4]

Pursuant to and in compliance with the Preliminary Approval Order, Angeion disseminated the Settlement Notice to the Class in accordance with Rule 23(e)(1) of the Federal Rules of Civil Procedure. Ferrara Decl. ¶5. A final approval hearing was conducted on November 18, 2022. On December 21, 2022, the Court entered its order finally approving the settlements as well as the application by plaintiffs' counsel for fees and expenses incurred through May 31, 2022. ECF 537 at 50-54. In addition, $96,660.38 has been paid to Angeion from the Settlement Fund for its notice and administration costs and expenses incurred through October 31, 2022 consistent with the provisions in the Preliminary Approval Order and the Settlements. ECF 474 at ¶16.

B.   Claims Administration

1.   **The Claims Process**

The Claims Administrator received a total of 2,776 claims. Ferrara Decl. ¶¶10, 12, 13. Of these claims Angeion determined that there were discrepancies or deficiencies in 238 paper and 54 electronic claim forms submitted. Ferrara Decl. ¶¶12, 13, 19. These deficiencies or discrepancies found by Angeion fell into two broad categories: (a) claimants who only owned pre-Class Period shares of Dakota Plains Transport, Inc., that were converted to Dakota Plains

---

[4]   On June 17, 2022, the Preliminary Approval Order was modified to permit revisions to the Settlement Notice to describe the outcome of the jury trial against defendant Michael L. Reger. ECF 503.

3

shares or claimants who did not purchase or acquire any Dakota Plains shares during the Class Period; and (b) claimants who were missing pertinent documentation or information necessary to calculate the claimant's recognized loss.  *Id.* at ¶¶15-18.

With respect to both categories, claimants were advised in a letter generated and mailed by Angeion that Angeion would recommend denial of their claim, but gave the claimants an opportunity to contest the proposed denial of their claim by providing Angeion with documentation supporting their claimed purchases during the Class Period.  *Id.*  The deadlines by which those two categories of claimants were to have responded to Angeion's determination or denial of their claims have passed.  *Id.* at 34.  All such remaining claimant disputes are discussed herein.

Angeion has determined that 2,358 claims, listed in Exhibits 3 and 4 to the Ferrara Declaration and totaling $51,818,909.82 in Recognized Claim Losses, are eligible to be included in the *pro rata* calculation to allocate the Net Settlement Fund.  The Authorized Claimants whose recognized losses exceed the $20 minimum loss requirement set forth in the Settlement Notice are entitled to receive a payment as set forth therein.  Angeion recommends that the Court approve distribution of the Net Settlement Fund to those claimants in accordance with the Plan of Allocation previously approved.

Angeion has determined that 120 claims, listed on Exhibit 5 to the Ferrara Declaration, are ineligible for payment from the Net Settlement Fund for the following reasons:  (1) uncured deficiencies, (2) duplicate claim submission, (3) no purchases during the Class Period, (4) a late, incomplete claim received in March 2023, (5) there was no loss or an overall gain, or (6) the claimant was previously excluded from the Class because they are a defendant, immediate family member of a defendant, or any other of the enumerated exceptions set forth in Paragraph 1.g. of

the Settlement Agreement or Paragraph 6 of the Settlement Notice. Those claimants have been advised by Angeion that their Claims will be recommended to be denied, and Angeion recommends that the Court reject the 120 Claims listed on Exhibit 5 to the Ferrara Declaration. *Id.* at ¶30.

### 2. Claims Administration Costs and Expenses

Angeion has provided the services described in the Ferrara Declaration. The Settlement Agreement and Preliminary Approval Order previously authorized Class Counsel to pay Angeion up to $100,000 for notice and administration costs. ECF 461-1 at ¶5 and 474 at ¶16. Pursuant thereto, Angeion has previously been paid from the Settlement Fund $96,660.38, after review and approval of their bills. Ferrrara Decl. at ¶38. As set forth in Section II.A. above, Angeion's unpaid fees of $54,301.44, and the anticipated cost of completing the distribution is $39,86.55. Ferrara Decl. ¶¶39, 40. Class Counsel submit this request is reasonable and recommend that the Court approve the payment. Declaration of Pamela A. Markert in Support of Plaintiff's Motion for An Order Authorizing Distribution of the Officer and Director Defendants' Settlement Fund and Payment of Claims Administration Fees and Expenses ("Markert Decl.") at ¶2, filed herewith.

Plaintiffs also request the Court's authorization to reserve $25,000.00 for additional taxes, as well as unaccounted for escrow or banking fees that may be incurred after the actual distribution. Ferrara Decl. ¶42.

### C. The Net Settlement Fund

The O&D Defendants have paid $13,950,000 into the Settlement Fund. This sum, less previously approved attorneys' fees and costs, claims administration fees and costs, together with interest earned since deposit, which is $8,182,561.37, is available for distribution. Markert

5

Decl. ¶3.

Upon entry of an order approving the distribution as set forth herein or as modified by the Court, within 21 days thereof the Escrow Agent will transfer the Net Settlement Fund to Angeion, and Angeion will promptly issue payment of each qualified claimant's *pro rata* share by mailing payments to qualified claimants at the address indicated on their claim form or as updated in Angeion's database.  In addition, Angeion will file any tax returns and pay any taxes due from the Settlement Fund.  Angeion recommends (and Class Counsel concur) that the checks disbursed to qualified claimants bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED WITHIN 120 DAS OF ISSUE DATE". Ferrara Decl. ¶45.  Class Counsel propose to file a report with the Court 30 days after expiration of the 120 day period advising the Court of the status of the distribution and to propose a plan for handling any funds remaining in the Net Settlement Fund.

### III.   ARGUMENT

The proposed *pro rata* allocation of the Net Settlement Fund to Authorized Claimants was described in the Settlement Notice and claim form previously approved by the Court and sent to Class members.  The Settlement Notice clearly stated: "The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund." ECF 524-1 at ¶48.  Distribution of the Net Settlement Fund consistent with these provisions should now be ordered.

**A.   The Court Should Approve the Administrative Determinations and Recommendations Concerning Acceptance or Rejection of Claims**

Plaintiffs move for an order allowing for the distribution of the Net Settlement Fund and

submit that the claims determinations of Angeion, as explained in the Ferrara Declaration, are reasonable, appropriate, and in accordance with the Plan of Distribution approved by the Court. As explained above, Angeion has performed a diligent, thorough review of all claims. (See Section II,B.1. *supra*; Ferrara Decl. ¶10-22.)  Based on this process, Angeion has determined (and Class Counsel concurs) that there are 2,358 valid, non-deficient eligible claims to be paid according to the proposed Plan of Allocation.  Ferrara Decl. ¶29.  Thus, Class Counsel propose that the Court approve payment on these eligible claims.

**B.     Claims Disputes**

Angeion diligently reviewed and rejected 120 claims (including withdrawn claims). Ferrara Decl. ¶30.  The most common reasons for rejecting claims were: (i) claimants did not submit documentation of any kind or it was insufficient to support their claim and did not cure the deficiencies, (ii) claimants' supporting documentation indicated that the claimed purchases were purchased prior to the start of the Class Period and are therefore not eligible; (iii) the claimants did not sustain a recognized loss; or (iv) the claimant was excluded from participating based on the enumerated exceptions set forth in the Paragraph 1.g. of the Settlement Agreement or Paragraph 6 of the Notice.  Those claimants have been advised by Angeion that their Claims will be recommended to be denied, and Angeion recommends that the Court reject the 120 Claims listed on Exhibit 5 to the Ferrara Declaration.

In response to objections received from claimants to Angeion's proposed denial of their claims, there are three distinct outstanding claim issues that require a determination by the Court, in addition to a ruling whether five late-filed claims that have a recognized loss will be included in the distribution of the Net Settlement Fund.

7

1. **Shares Purchased On the December 2013 PIPE Offering That Have a Recognized Loss Should Participate in the Net Settlement Fund**

On December 11, 2013, Dakota Plains issued 7 million shares pursuant to a shelf offering that it previously filed with the SEC in September 2013. These shares were offered as a private investment in public equity ("PIPE") for a fixed price of $2.15 per share; however, they were announced to the public in a news release as a "direct offering of common stock" by the Company.[5] The price at which these shares were sold was below the public trading price on December 11, 2013.

Class Counsel originally advised Angeion to exclude the PIPE shares from compensation. Markert Decl. at ¶4. In March 2023, Angeion sent a letter to a total of 40 claimants whose claims are based on these shares informing them that (1) either their claim was denied entirely because it only included PIPE shares, or (2) one or more of a claimant's transactions included these PIPE shares. Ferrara Decl. ¶32. A total of 30 claimants that had purchased PIPE-only shares had recognized claim losses. Ferrara Decl. ¶32.

On March 13, 2023, Angeion received an objection from an electronic filer on behalf of two of its clients who purchased PIPE shares during the Class Period. Markert Decl. ¶5 and Ex. 1. Included with the objection was a copy of the December 16, 2023 PR Newswire release titled, "Dakota Plains Announces Closing Of Registered Direct Offering Of Common Stock" and a screenshot of what appears to be an image of a Bloomberg terminal reporting on December 11, 2013, which states in pertinent part, "Dakota Plains Holdings, Inc., which operates in the Pipelines industry, announced an Additional Offering" of $2.15 per share. *Id.* Over the past several weeks, this same electronic filer sent multiple communications to Angeion objecting to

---

[5] The terms "PIPE offering," "direct offering" and "December 2013 Offering" all refer to the 7 million shares sold on December 11, 2013 at a price of $2.15 per share.

8

PIPE shares being excluded. *Id*.

Class Counsel has reconsidered its legal position on this issue. The Class certified by the Court (per Judge Pauley) does not exclude PIPE shares, which fall within the definition of the Class. ECF 253. The Class is defined as all who "purchased or otherwise acquired Dakota Plains common stock during the period March 23, 2012 through August 16, 2016…" ECF 253 at 20. The security the PIPE purchasers received was common stock in Dakota Plains, subject to restrictions. Thus, the claims of PIPE share purchasers should be considered compensable claims, as long as they are otherwise valid. Dakota Plains shares purchased on the open market and in the December 2013 PIPE offering (which occurred during the Class Period) were subject to the same materially misleading omissions. This is supported by the jury's liability finding based on defendant Reger's omission to disclose his more than 5% ownership stake, which is applicable to both PIPE purchasers and open market purchasers. Indeed, Class Representative Gruber, who testified as trial, purchased both PIPE shares as well as common shares on the open market.

Based on the submission of the PIPE claimants and after further consideration of this matter, Class Counsel now recommend that all purchasers who had a recognized loss based on transactions during the Class Period, including PIPE purchasers, should be eligible to participate in the Settlement. S*ee, e.g., Turka v. S. Carolina Public Serv. Auth.*, 2020 WL 901965, at *5 (D.S.C. Feb. 25, 2020) (material omissions and misstatements plaintiff relied upon in 2014 statement were contained in subsequent statements and "raises the same set of concerns" to assert Section 10(b) and 20(a) claims on behalf of a class of investors who relied on those subsequent statements). The claims based on PIPE purchases should be allowed.[6]

---

[6]   There are 37 such claims with recognized losses of $5,520,429.90.

9

     **2.**      **Pre-Owned Shares Should Be Applied When Calculating
a Claimant's Recognized Loss Pursuant to FIFO**

On April 17, 2023, Angeion and Class Counsel received an objection to its calculation of the claim of Silver Mountain Partners, LP (Claim No. DKTP000343-01). Markert Decl. ¶7, Ex. 3. This claim was investigated and it was determined that in or about 2009, the claimant purchased shares of Dakota Plains Transport, Inc., a privately held entity.[7] Angeion concluded that Silver Mountain did not have a recognized loss, and Silver Mountain then disputed the determination by Angeion with respect to its claim. Ferrara Decl. ¶36. It was determined that the claim was originally classified as three separate claims based on three separate brokerage forms submitted by Silver Mountain. Angeion then considered the claim as a single one and aggregated the transactions from the three brokerage accounts. In addition to its purchases of Dakota Plains shares during the Class Period, Silver Mountain also owned shares in Dakota Plains Transport, the privately-held predecessor company to Dakota Plains and whose shares were converted on the day Dakota Plains began publicly trading. Prior to the end of the Class Period, Silver Mountain sold all the shares it owned. Ferrara Decl. ¶36; Markert Decl. ¶7 and Ex. 3. Silver Mountain explained that it did not disagree with excluding the shares sold during the Class Period that were purchased from the privately-held predecessor company, but nonetheless stated its position that the calculation was still in error because FIFO should have been applied to its previously held Dakota Transport shares first, with the Class Period purchases applied to its last sales, thereby generating a loss. *Id.* Angeion, in response to the objection, has agreed that the pre-owned Dakota Transport shares should be considered in performing the FIFO calculation, which results in a recognized loss for Silver Mountain's claim. Ferrara Decl. ¶36.

---

[7] The Class Period starts March 23, 2012 when Dakota Plains shares began to publicly trade. ECF 253 at 20.

### 3.  Pre-Owned Shares Should Not Be Eligible for Recognized Losses

On January 19, 2023, Angeion received an objection to its determination to deny the claim of Thomas Pivec. Mr. Pivec's claim was denied because he did not purchase any Dakota Plains shares during the Class Period. Ferrara Decl. ¶35, Ex. 9. This claim was further investigated and it was determined that in or about 2009, Mr. Pivec had purchased shares of Dakota Plains Transport, Inc. Markert Decl. ¶8, Ex. 4. Those shares were later reissued as Dakota Plains common shares on the first day of the Class Period, March 23, 2012. Ferrara Decl. ¶39 and Ex. 9 at p.4. The claimant retained all the shares through the Class Period and believes he should be permitted to participate in the settlement. Markert Decl. ¶8, Ex. 4. Mr. Pivec's counsel was informed that the claims at issue in the case arise from conduct that occurred during the Class Period of March 23, 2012 through August 16, 2016 and therefore his claim will be recommended to be denied. *Id*. Mr. Pivec's counsel will be served with this motion and supporting papers via email and has been informed that any response on behalf of Mr. Pivec should be submitted by May 17, 2023, when closing briefs on these matters are due. *Id*.

### 4.  Late Claims that are Otherwise Valid Should be Paid

A total of nine (9) claims were received after the October 25, 2022 claims filing deadline. Ferrara Decl. ¶25. Of those claims, five (5) have a recognized loss totaling $102,345.25. *Id*. All of these claims were received by November 9, 2022. *Id*.[8]

Two of the late claims were filed by individuals. Claimant Terrance Bartling (Claim No. DKTP000467) told Angeion that he had in fact put his claim form in the mail timely and believes it was not timely postmarked by the Post Office. *Id*. Claimant Kevin Turnbow (Claim

---

[8]  Angeion received a claim form that was postmarked March 8, 2023 with no supporting documentation or explanation as to why it was five months late. *Id*. at ¶ 31. This very untimely claim is recommended to be denied.

11

No. DKTP000465) signed his claim form on October 23, 2022, and his claim was mailed on his behalf by Ameriprise Financial with what appears to be a bulk postage mark of October 27, 2022.  Markert Decl., Ex. 5.  The envelope of another claimant who sent their claim form by around the same time as Mr. Bartling and Mr. Turnbow envelope shows two postmarks, one that is timely on October 25, 2022 and the other three days later on October 28, 2023 which is not.  Markert Decl., Ex. 6.  This suggests the post marks should not be relied upon.  The other three claims were filed prior to November 2023.

Since the October 25, 2022 claim filing deadline was set by the Court and was not a negotiated term in the Officer and Director Defendants' Settlement Agreement, the Court has discretion to allow or disallow claims submitted after the deadline.  *Zients v. LaMorte*, 459 F.2d 628, 630 (2d Cir. 1972) ("Until the fund created by the settlement is actually distributed, the court retains its traditional equity powers.  It is not novel law to announce that a court supervising the distribution of a trust fund has the inherent power and duty to protect unnamed, but interested persons."); *see also In re Painewebber Ltd. Partnerships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998) (determination whether a party's dilatory "conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances").  The minor delays in receiving these claims are the type of excusable neglect such that the Court's discretion should be exercised to allow these five late claims. *Alexander v. Saul*, 5 F.4th 139, 154 (2d Cir. 2021) ("mere inadvertence, without more, can in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(1)(B)") (internal quotations and citations omitted); *Valley Drug Co. v. Geneva Pharms., Inc.*, 262 F. App'x 215, 218 (11th Cir. 2008) ("[I]f the court sets a deadline in a class action settlement agreement, the court retains the discretion to alter that deadline") (*citing In re Crazy Eddie Sec. Litig.,* 906 F. Supp. 840, 844-45 (E.D.N.Y.

1995)); *In re Cendant Corp. Prides Litig.*, 189 F.R.D. 321, 324–25 (D.N.J. 1999), *aff'd,* 233 F.3d 188 (3d Cir. 2000) ("a slight enlargement of the time to file proofs of claim and responses to requests to cure will not unreasonably hamper proceedings before the Court").

Angeion recommends the five late claims that are otherwise valid be accepted, as they were submitted within days of the deadline and did not delay the claim review process. Ferrara Decl. at ¶25. Together, these claims have a combined recognized loss of $102,345.25, which is 0.198% of the total recognized losses. Payment of these late-filed claims will have a *de minimis* impact on the distribution to the Class and will not delay the distribution. Ferrara Decl. ¶29.

C. **The Court Should Permit Angeion to Distribute the Net Settlement Fund After Authorizing Payment of Administrator's Fees and Costs**

For the reasons discussed above, it is respectfully submitted that the Court adopt Angeion's determinations and recommendations as to the acceptance or rejection of claims, and authorize the distribution of the Net Settlement Fund on a *pro rata* basis, pursuant to the Plan of Allocation previously approved by the Court. Plaintiffs further respectfully request that the Court authorize the payment of outstanding expenses of $54,301.44 incurred by Angeion through April 30, 2023, estimated expenses in the amount of $38,866.55 Angeion expects to incur through distribution of the Net Settlement Fund and completion of administration, and a general reserve of $25,000.00 to account for taxes and anticipated expenses. Ferrara Decl. ¶¶39, 40, 42.

IV. **CONCLUSION**

For the reasons set forth herein, Plaintiffs request that the Court enter the proposed form of distribution order submitted herewith.

Dated: May 3, 2023                                    Respectfully submitted,

13

**CERA LLP**

By:*/s/*
Solomon B. Cera
Pamela A. Markert
Kenneth A. Frost
201California Street, Suite 1240
San Francisco, CA 94105
Telephone: (415) 777-2230
Email: scera@cerallp.com
Email: pmarkert@cerallp.com
Email: kfrost@cerallp.com

*Class Counsel*

**MOLOLAMKEN LLP**
Steven F. Molo
Robert K. Kry
430 Park Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 607-8170
Email: smolo@mololamken.com
Email: rkry@mololamken.com

**ABRAHAM, FRUCHTER & TWERSKY, LLP**
Jeffrey S. Abraham
Lawrence D. Levit
450 Seventh Avenue, 38th Floor
New York, NY 10123
Tel: (212) 279-5050
Email: jabraham@aftlaw.com
Email: llevit@aftlaw.com

*Attorneys for Plaintiff and on Behalf
of All Others Similarly Situated*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I caused a true and correct copy of the foregoing instrument to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Southern District of New York, on all parties registered for CM/ECF in the above captioned matter.

I also hereby certify that on May 3, 2022, I served a true and correct copy of the foregoing instrument via email to the following attorney:

Daniel R. Gregerson, Esq.
Gregerson, Rosow, Johnson & Nilan, LTD.
100 Washington Ave. S., Ste. 1550
Minneapolis, MN 55401
tel.: 612-338-0755
dir.: 612-436-7492
fax: 612-349-6718

*Counsel for Thomas Pivec*

                                                      */s/ Solomon B. Cera*
                                                      Solomon B. Cera