UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------ x
JON D. GRUBER, Individually And On :
Behalf Of All Others Similarly Situated, :
                         Plaintiff, : No. 16-cv-09727-JSR
               v. :
                              : Hon. Jed S. Rakoff
RYAN R. GILBERTSON, et al., :
               Defendants. :
------------------------------ x

# FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT

### (Ryan R. Gilbertson)

WHEREAS, Class Representative Jon D. Gruber on behalf of himself and the Class (defined below); and Defendant Ryan R. Gilbertson (hereafter "Gilbertson") and collectively with Class Representative (the "Parties") have entered into a Stipulation and Agreement of Settlement dated May 23, 2022 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against Gilbertson on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Orders dated June 6, 2022 and June 17, 2022 (collectively, the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Class Members; (c) provided Class Members

1

with the opportunity to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on November 18, 2022 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Gilbertson;

WHEREAS, this Court issued an Opinion and Order dated December 21, 2022 granting final approval of the Settlement subject to certain requirements; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** This Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 23, 2022 (as revised by the December 21, 2022 Order; and (b) the Notice and the Summary Notice, both of which were filed with the Court on May 23, 2022.

3. **Notice:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval

Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members, of the effect of the Settlement (including the releases provided for therein), of Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, and of their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation (as revised by the December 21, 2022 Order) in all respects (including, without limitation, the releases provided for therein, including the release of the Settled Claims (as defined in Paragraph 1(ff.) of the Stipulation) as against the Released Parties (as defined in Paragraph 1(dd.) of the Stipulation), and the dismissal with prejudice of the claims against Gilbertson only), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of the Class Representative and the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions of the Stipulation.

5. The Action as to all of the claims against Gilbertson only by the Class Representative and Class Members are hereby dismissed with prejudice, as of the Effective Date.

The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6.      **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Gilbertson, the Class Representative and all Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

7.      **Releases:** The releases as set forth in Paragraphs 4-6 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date:

(a)     The Class Representative and all other Class Members, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, investors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Parties, whether or not the Class Representative or Class Members execute and deliver a Proof of Claim Form to the Claims Administrator;

(b)     Gilbertson and each of the other Released Parties, and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such, will release and shall be deemed by operation of law to have fully, finally, and forever released, waived, discharged and dismissed each and every Released Claim Against the Class Representative as against (i) the Class Representative and his respective

attorneys, (ii) any other Class Member, and (iii) each of the foregoing individuals' and/or entities' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors, investors, investment advisors and agents in their capacity as such; and

(c) Gilbertson, and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors and agents in their capacity as such, will release as against any of the other Defendants and each of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, principals, directors and agents in their capacity as such all claims (including but not limited to claims for contribution and indemnity), and causes of action, whether known or unknown, whether direct, derivative, individual, representative, or in any other capacity, arising under federal, state, local or foreign statutory or common law or any other law, rule or regulation that arise out of or are in any way related to the allegations, transactions, facts, matters or occurrences underlying the claims set forth or referred to in the Fourth Amended Complaint, except for claims relating to the enforcement of the Settlement.

8. **Bar Order:** In accordance with the PSLRA, as codified at 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Settled Claims (a) by any person or entity against any of the Released Parties, and (b) by any of the Released Parties against any person or entity, other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (a) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Released Parties any such claim for contribution, and (b) the Released Parties are hereby permanently enjoined from commencing, prosecuting, or

asserting against any person or entity any such claim for contribution. In accordance with 15 U.S.C. §78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Class Member against any person or entity based upon or arising out of any Settled Claim shall be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of any such Released Party or (b) the amount paid to the Class by or on behalf of each such Released Party.

9. **Rule 11 Findings:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. **No Admissions:** Neither this Judgment, the Stipulation, any of their terms and provisions, any of the negotiations, proceedings or agreements connected therewith, nor any matters arising in connection with the settlement negotiations, proceedings, or agreement:

(a) shall be offered or received against Gilbertson as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Gilbertson with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted against Gilbertson in this Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Gilbertson;

(b) shall be offered or received against any Gilbertson as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Gilbertson, or against any of the Class Representative or any other Class Members as evidence of any infirmity in the claims of the Class Representative or the other Class Members;

(c) shall be offered or received against Gilbertson, or against any of the Class Representative or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against Gilbertson, or against any of the Class Representative or any other Class Members, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Gilbertson, Class Representative and any other Class Member may refer to the Stipulation to effectuate the protection from liability granted thereunder or otherwise to enforce the terms of the Settlement;

(d) shall be construed against Gilbertson, any Class Representative or any other Class Member as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; nor

(e) shall be construed as or received in evidence as an admission, concession or presumption against the Class Representative or any other Class Member that any of their claims are without merit or that damages recoverable under the Fourth Amended Complaint would not have exceeded the Settlement Amount.

11. **Retention of Jurisdiction**: Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Total Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Total Settlement

Fund; (d) any motion to approve the Plan of Allocation; and (e) the Class Members for all matters relating to the Action.

12. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13. **Modification of Settlement Agreement:** Without further approval from the Court, the Class Representative and Gilbertson are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, the Class Representative and Gilbertson may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination:** If the Effective Date does not occur or the Settlement is terminated as provided in the Stipulation, then this Final Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

15. **Entry of Final Judgment:** There is no just reason to delay entry of this judgment as a final judgment resolving the claims in the Action as against Gilbertson. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment.

SO ORDERED.

New York, NY
January 23, 2024

JED S. RAKOFF, U.S.D.J.